UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,
and DERRICK VAN ORDEN,

        Plaintiffs,

  v.

        Case No. 20-cv-1771-pp

WISCONSIN ELECTIONS COMMISSION, *et al.*,

        Defendants.

**ORDER REGARDING AMENDED MOTION FOR INJUNCTIVE RELIEF (DKT. NO. 6)**

On the morning of December 1, 2020, the plaintiffs filed a complaint (Dkt. No. 1) and a motion for declaratory, emergency and permanent injunctive relief (Dkt. No. 2). The complaint is not verified.

The motion indicated that the specific relief the plaintiffs were requesting was laid out in an attached order. Dkt. No. 2 at 1. This language was highlighted and in a larger font than the rest of the motion. There was no order attached. At the end of the motion, under the words "Certificate of Service," the following statement appeared (also highlighted): "This is to certify that I have on this day e-filed the foregoing Plaintiffs' Motion to File Affidavits Under Seal and For In Camera Review with the Clerk of Court using the CM/ECF system, and that I have delivered the filing to the Defendants by email and FedEx at the following addresses:". Id. at 2. No addresses were listed below this statement

1

and no documents were filed under seal. There was no request for *in camera* review.

Under Federal Rule of Civil Procedure 65(b), a court cannot issue a temporary restraining order without written or oral notice to the adverse party or that party's attorney unless the moving party (a) files an affidavit or "verified complaint" containing specific facts that clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party has a chance to be heard in opposition, and (b) the movant's attorney certifies in writing any efforts made to give notice and the reasons why notice should not be required. There was no indication that the plaintiffs gave notice to the adverse parties of the morning's motion, there was no affidavit filed with the motion, the complaint is not verified and there was no certification from counsel about the efforts made to give notice to the adverse parties or why notice should not be required.

At 3:15 that afternoon, the plaintiffs filed another document. It appears on the docket as a motion to amend or correct, but the document itself is captioned, "Plaintiffs' Corrected Motion for Declaratory, Emergency, and Permanent Injunctive Relief." Dkt. No. 6. This motion indicates that the earlier motion was an inadvertently filed draft and acknowledges that the referenced proposed order had not been attached. Id. at 1. At the end of the "corrected," or amended, motion, under the heading "Certificate of Electronic Service," the motion states,

> Pursuant to FRCP 65, this is to certify that upon filing of this Motion, Plaintiffs will provide electronic notice to Defendants of this Action and Motion as follows:
>
> Defendants Wisconsin Elections Commission and Wisconsin Elections Commissioners:
> elections@wi.gov
>
> Defendant Governor Tony Evers
> eversinfo@wisconsin.gov

Id. at 3.

There is a proposed order attached to the afternoon's amended motion. Dkt. No. 6-1. The proposed order asks various injunctions, declarations and orders. It does not ask for a hearing.

Because the afternoon motion indicates that the plaintiffs "will" provide electronic notice to the adverse parties, the court does not know whether the plaintiffs have yet provided notice to the adverse parties or when they will do so. Until the plaintiffs notify the court that they have provided notice to the adverse parties, the court will not take any action because the motion does not comply with the requirements of Rule 65(b).

If the plaintiffs *have* provided notice to the adverse parties, under Civil Local Rule 7(b) (E.D. Wis.) those parties have twenty-one days to respond to the motion and under Civil L.R. 7(c) the plaintiffs have fourteen days to reply. While the caption of the motion includes the word "emergency" and the attached proposed order seeks an "expedited" injunction, neither the motion nor the proposed order indicate whether the plaintiffs are asking the court to act more quickly or why. As indicated, the motion does not request a hearing. It does not propose a briefing schedule.

If the plaintiffs believe an expedited briefing schedule is necessary or warranted, they may contact chambers, with representatives of the adverse parties on the line, and request a telephone hearing. Otherwise, the court will await the defendants' opposition brief.

Dated in Milwaukee, Wisconsin this 2nd day of December, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**