It'IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM FEEHAN,

        Plaintiff,                    CASE NO. 2:20-cv-1771

  v.

WISCONSIN ELECTIONS COMMISSION,
  and its members ANN S. JACOBS,
  MARK L. THOMSEN, MARGE
  BOSTELMAN, JULIE M. GLANCEY,
  DEAN KNUDSON, ROBERT F.
  SPINDELL, JR., in their official
  capacities, GOVERNOR TONY EVERS,
  in his official capacity,

        Defendants.

---

## PLAINTIFF'S AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO BE CONSIDERED IN AN EXPEDITED MANNER

---

COMES NOW Plaintiff, William Feehan by and through his undersigned counsel, and moves for a Temporary Restraining Order (TRO), or in the alternative, a preliminary injunction, to be considered in an expedited manner. This Motion is submitted pursuant to FRCP 65 and Civil L. R. 7.

In support of this Motion, Plaintiff has this day filed his Amended Complaint and supporting Exhibits. Plaintiff further states and shows:

Standards for a TRO and preliminary injunction are the same. *Local Lodge No. 1266, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. Panoramic Corp.*, 668 F.2d 276, 291 (7th Cir. 1981). Plaintiff must make an initial showing that he (1) is likely to succeed on the merits, (2)

1

has no adequate remedy at law, and (3) will suffer irreparable harm if injunctive relief is not granted. *See, e.g., Hodgkins ex rel Hodgkins v. Peterson,* 355 F.3d 1048, 1054-55 (7th Cir.2004)**.** The Court then considers (4) whether the balance of harm to Plaintiff if the TRO not correctly granted outweighs the harm to the defendant if the TRO is wrongly granted, and (5) the public interest. *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir.1999)**.**

**Plaintiff Will Suffer Irreparable Harm If a TRO Is Not Granted**

1. Plaintiff brings this action and has filed his Motion for TRO to enjoin Defendants' certification of the November 3, 2020, Presidential election in Wisconsin in order to prevent irreparable harm to Plaintiff and lawful voters of Wisconsin and other states across the nation who would suffer disenfranchisement of their election rights by improper and unlawful certification of the Wisconsin election results in favor of Presidential candidate Joe Biden.

2. An unlawful certification in one state, like Wisconsin, will necessarily harm the State of Wisconsin and all other states and their lawful voters by altering the Presidential election outcome, undermining both confidence in and integrity of the election process.

3. Absent granting the TRO requested, Plaintiff and similarly situated lawful voters will suffer irreparable harm because the conduct of the election and recount contrary to law undermines election integrity, debases and dilutes their votes, and effectively disenfranchises them.

4. Further, any recalibration, reset, wiping, or other alteration or destruction of election data or materials from voting machines, tabulations machines, or other election-related mechanisms, servers, software, voting machines, tabulators, printers, portable media, logs, or processes, and any alteration or destruction of ballot applications, ballot return envelopes, ballot images, paper ballots, registration lists, poll lists, or any other "election materials" referenced in Wisconsin Statutes § 9.01(1)(b)11. related to the November 3, 2020 Wisconsin election, whether pursuant to § 7.23,

Wisconsin Statutes, or otherwise, will make it impossible to conduct a valid inspection by Plaintiff's experts or others.

5. Plaintiff will be irreparably harmed if all such acts affecting election data or materials are not immediately enjoined across the state of Wisconsin pursuant to 52 U.S.C. § 20701 (preservation of voting records) to prevent destruction or alteration of evidence essential to individual and/or forensic examination and audit of the election computer systems and materials.

### Plaintiff Is Likely to Prevail on the Merits

6. Plaintiff's Amended Complaint and Motion present material dispositive issues which are questions of law that may be resolved without factual investigation or determination.

7. Plaintiff is more likely to succeed on the merits of his claims than not due to substantial and multiple violations of Wisconsin election laws, including counting of unlawfully cast ballots, resulted in unfair advantage to some voters, discriminating against and denying equal protection to Plaintiff and other lawful Wisconsin voters, effectively disenfranchising them of their lawful rights of suffrage, all as provided in his Amended Complaint.

8. In further support is the WEC's illegal certification of the Statement of Canvas by Chair, Ann S. Jacobs, who directly violated the statutory guarantee of a 5 business day waiting period pursuant to Wis. Stat. § 9.01(6), by failing to wait the required time period and rushed to certify the canvas on the day it was completed November 30, 2020.

9. Governor Evers also illegally certified the *Statement of Canvas* that same day, thus foreclosing any opportunity for a candidate to challenge the recount. Wis. Stat. § 7.70(5)(a), explains "When a valid petition for recount is filed . . . the governor or commission may not issue a certificate of election until the recount has been completed **and the time allowed for filing an appeal has passed . . . .**"

## The Balance of Equities Favors Plaintiff

10. The political advantage to either Presidential candidate created by unlawful certification is substantially less significant than the certification of an erroneous Presidential election result and loss of confidence and distrust that will be generated within the public at large if certification is not temporarily enjoined to consider the merits of Plaintiff's allegations of statistical anomalies, unlawful conduct of the election and recount, fraudulent manipulation of software and voting machines employed to tabulate votes, and other unlawful conduct alleged in his Amended Complaint.

11. Granting a TRO to halt the certification to permit consideration and determination of the grave issues presented by Plaintiff will thus prevent an erroneous certification of the Presidential election result and even further erosion of public confidence in the election's integrity and outcome.

## Granting the TRO Is in the Public Interest

12. Wisconsin has a substantial obligation to its citizens and the rest of the nation to ensure that its electors are properly elected and legitimately certified. The process by which Wisconsin represents and pledges it electors must comply with state and federal constitutional and statutory requirements and cannot be a rushed, perfunctory, same-day certification.

13. Nothing is more sacred to a representative republic than the integrity of its elections. A TRO is essential to ensure the integrity of this and future elections for Wisconsin and the nation.

Respectfully submitted, this 3ˢᵗ day of December 2020.

              LEAD COUNSEL FOR PLAINTIFF

              /s Sidney Powell**
              Sidney Powell
              Texas Bar No. 16209700
              Sidney Powell PC
              2911 Turtle Creek Blvd.
              Suite 300
              Dallas, Texas 75219
              (517) 763-7499
              sidney@federalappeals.com

              Howard Kleinhendler
              New York Bar No. 2657120
              Howard Kleinhendler Esquire
              369 Lexington Avenue, 12th Floor
              New York, New York 10017
              (917) 793-1188
              howard@kleinhendler.com

**Application for admission forthcoming

              Local Counsel for Plaintiffs

              Michael D. Dean
              Wis. Bar No.01019171
              P.O. Box 2545
              Brookfield, WI 53008
              (262) 798-8044
              miked@michaelddeanllc.com

              Daniel J. Eastman
              Wis. Bar No.1011433
              P.O. Box 158
              Mequon, Wisconsin 53092
              (414) 881-9383
              daneastman@me.com

## NOTICE TO DEFENDANTS' COUNSEL

Plaintiff certifies that upon filing of this Motion that he provided notice of this action by email communication with Counsel for Defendants on December 4, 2020:

Wisconsin Elections Commission and Wisconsin Election Commissioners

>Michael Murphy, Esq.
>Assistant Attorney General
>Special Litigation and Appeals Unit
>Wisconsin Department of Justice
>P.O. Box 7857
>Madison, WI 53707-7857
>(608) 266-5457
>murphysm@doj.state.wi.us

Governor Tony Evers

>Jeffrey A. Mandell, Esq.
>Stafford Rosenbaum LLP
>222 West Washington Avenue
>Suite 900
>P.O. Box 1784
>Madison, Wisconsin 53701-1784
>(608) 210-6303
>jmandell@staffordlaw.com

# CERTIFICATE OF ELECTRONIC SERVICE

Pursuant to FRCP 65, this is to certify that upon filing of this Motion for Temporary Restraining Order and Preliminary Injunction To Be Considered in an Expedited Manner with the Court through the ECF PACER System, Plaintiff will provide simultaneous electronic service to Defendants counsel as follows:

Wisconsin Elections Commission and Wisconsin Election Commissioners

>Michael Murphy, Esq.
>Assistant Attorney General
>murphysm@doj.state.wi.us

Governor Tony Evers

>Jeffrey A. Mandell, Esq.
>Stafford Rosenbaum LLP
>jmandell@staffordlaw.com