UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,
And DERRICK VAN ORDEN,

        Plaintiff

Case No. 20-cv-1771

v.

Wisconsin Elections Commission, *et al.*,

        Defendants

## BRIEF IN SUPPORT OF MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, I move to intervene as a defendant in this lawsuit. The relief being sought by the plaintiffs includes, inter alia, "an order directing Governor Evers and the Wisconsin Elections Commission to de-certify the election results" and an "order requiring Governor Evers to transmit certified election results that state that President Donald Trump is the winner of the election". I was a voter in the 2020 General Election in the State of Wisconsin. If the court grants the relief sought by plaintiffs, it will disenfranchise my vote.

### BACKGROUND

This litigation centers around the 2020 General Election. As the court is likely aware, there are various theories and arguments being proffered that seek to have the election results in this State and other States rejected. This is one of those cases.

The plaintiffs allege that there is a massive election fraud to the scale that they believe requires this court to order the defendants to de-certify the election results and to order Governor Evers to transmit election results stating that President Donald Trump won the election.

I was a voter during the 2020 General Election in the State of Wisconsin. Specifically, I voted in Dane County, my county of residence, via absentee ballot. Dane County is specifically referenced in Paragraph 2 of the original complaint for having an "especially egregious range of conduct".[1]

## ARGUMENT

**I am entitled to intervene as a right.**

I qualify for intervention as a right under Fed. R. Civ. P. 24(a)(2). I meet the criteria established by case law for intervention that were established by *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 746 (7th Cir. 2020).

**The motion to intervene is timely**

This motion is being timely filed. This lawsuit originated on December 1st, 2020. This motion and brief are being drafted on December 2nd, 2020. This motion and brief will be sent to the Clerk via overnight delivery and should arrive December 3rd, 2020. A motion to intervene filed within 2 days of a lawsuit should be considered timely. Additionally, there is not any pending briefing or motion schedule set in the court as of the day and time of drafting this memorandum at 3:40pm on December 2nd, 2020.

**I have an interest in the outcome of this litigation**

This litigation directly concerns my vote that was cased in the 2020 General Election in Wisconsin. The right to not only vote, but to have that voted counted is fundamental. See *Harper v. Va. State Bd. of Elections*, 383 U.S. 663 (1966) and *Reynolds v. Sims*, 377 U.S. 533, 554 (1964). Further this interest is "individual and personal in nature". *Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018)

---

[1] See Dkt. No. 1 titled "Complaint for declaratory, emergency, and permanent injunctive relief" ¶ 2.

**This interest would be impaired by disposition of this case**

The plaintiff's proposed relief includes an order to the defendants requiring them to "decertify the election results" and "order requiring Governor Evers to transmit certified election results that state that President Donald Trump is the winner of the election". This would disregard the results of the 2020 General Election in Wisconsin in which my vote was cast. A court order directing the outcome of the election would disenfranchise me by not counting my vote, nor the votes of millions of people. This directly harms and impairs my right to vote as it would exclude my vote from being counted. See *Harper v. Va. State Bd. of Elections*, 383 U.S. 663 (1966) and *Reynolds v. Sims*, 377 U.S. 533, 554 (1964).

**My interests are not adequately represented by Defendants**

The right to intervene can be denied if my interests are adequately represented by the defendants. This is a liberal rule which is satisfied by showing that the representation may be inadequate and that the burden of this showing should be treated as minimal. *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742 (7th Cir. 2020).

My interest in this case is to defend my constitutional right to vote. Neither of the named defendants, Wisconsin Elections Commissions, its members, and Governor Tony Evers are tasked with protecting my right to vote. As a result, the existing Defendants do not and are not responsible for representing my interests.

The defendant's interest in this litigation is defined by their statutory duties and statutory roles. Additionally, the defendants are broadly responsible for representing the entire State of Wisconsin as a whole and not individual voters. See, e.g., *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1255-56 (10th Cir. 2001).

Additionally, protecting the interest of individual's voter right to vote should not be assumed to be role of either the Governor or the Wisconsin Elections Commission. The right to vote is an individual right. *Gill v. Whitford*, 138 S. Ct. 1916, 1930 (2018). There is no constitutional text nor statute making either the Governor or the Wisconsin Elections Commission responsible for protecting the right to vote. Additionally, at times the interest of those parties may be averse to the individual right to vote as occurs during lawsuits over felon disenfranchisement.

**I am also entitled to permissive intervention**

I also meet the requirements for permissive intervention under Rule 24(b). The Court has broad discretion to grant a motion for permissive intervention where: (1) the proposed intervenor's claim or defense and the main action have a question of law or fact in common, and (2) the intervention will not unduly delay or prejudice the adjudication of the original parties' rights. See Fed. R. Civ. P. 24(b)(1)(B) and (b)(3); Bond v. Ultreras, 585 F.3d 1061,1070–71 (7th Cir. 2009). Even in cases where courts have found that intervention is not available as a right, courts have allowed permissive intervention. See, e.g., *City of Chicago v. Fed. Emergency Mgmt. Agency*, 660 F.3d 980, 986 (7th Cir. 2011); see also *Solid Waste Agency*, 101 F.3d at 509.

Should my vote be not counted, I would have a cause of action to seek a court order requiring these defendants to honor my vote. Such an additional court action would hamper judicial economy. Additionally, any such action would rely on the same facts and issues of law as this litigation.

I would be prepared and willing to proceed in accordance with any schedule, including expediated schedule that this court may set.

## CONCLUSION

For the reasons states above, I am entitled to intervention as a right and in the alternative the court should grant me permissive intervention.

Respectfully submitted,

*[signature]*

James Gesbeck (SBN #1079800)
608 335-2569
James@Gesbeck.Com
9302 Harvest Moon Lane
Verona, WI 53593

N.B.: Not admitted to practice before the United States District Court for the Eastern District of Wisconsin