# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIAM FEEHAN,**

                Plaintiff,                CASE NO. 2:20-cv-1771

   v.

**WISCONSIN ELECTIONS COMMISSION,**
   **and its members ANN S. JACOBS,**
**MARK L. THOMSEN, MARGE**
**BOSTELMAN, JULIE M. GLANCEY,**
**DEAN KNUDSON, ROBERT F.**
**SPINDELL, JR., in their official**
**capacities, GOVERNOR TONY EVERS,**
**in his official capacity,**

                **Defendants.**

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT GOV. TONY EVERS' REQUEST TO REASSIGN

Defendant Gov. Tony Evers has filed a motion to reassign *Trump v. Wisconsin Elections Commission, et al.*, Case No. 20-CV-1785 to this action under Civil Local Rule 3(b). Plaintiff William Feehan opposes Defendant Evers' as follows.

1) **Defendant Evers' Seeks to Nullify Through Delay Over 1.6 Million Lawful Wisconsin Votes and Disenfranchise the Voters Who Cast Them.**

With the College of Electors scheduled to meet December 8, there could never be a clearer case of "justice delayed is justice denied."

Defendant proposes a trivial, wooden application of a simple local rule designed for efficiency to achieve exactly the opposite of its purpose, turning the rule on its head to deflect and fatally

1

delay consideration of the most monumental constitutional rights and issues that will ever come before this Court, disenfranchising Plaintiff and 1.6 Million lawful Wisconsin voters in the process.

Defendant's Motion to reassign is simply a transparent effort to clutter and bog down Plaintiff's action with multiple additional parties, procedural issues, and state law matters, the purpose of which is to consume time, slow-walk Plaintiff's action, and run out the clock.

The additional parties and issues are utterly unnecessary and distracting to consideration of Plaintiff's Amended Complaint and supporting Memorandum and determination of Plaintiff's TRO Motion.

Defendant Evers' Motion should be summarily denied and the Court should immediately order briefing and issue its decision no later than 5 p.m. Sunday evening, December 6 so that Plaintiff may have even a few hours to prepare for and seek whatever further relief may be then available in the one day left before the December 8 meeting of electors.

> **2) The Pleadings in Case No. 20-CV-1785 Do Not Relate in Any Way to the Gravamen of Plaintiff's Amended Complaint that Plaintiff and Over 1.6 Million Lawful Wisconsin Voters Were Disenfranchised by Massive Fraud, Hacking, Ballot-Stuffing, and Ballot-Changing by Dominion and Other Foreign and Domestic Actors Vehemently Antagonistic to the President.**

The issues raised in the President's action in Case No. 20-CV-1785 reflect federal aspects of the state law issues raised in his Petition for Original Action just dismissed by the Wisconsin Supreme Court, *Trump v. Evers*, 2020 AP 001971-OA.

While the President's federal and state claims are obviously related to some of state law issues and actions of state officials that are included in Plaintiff's amended complaint, neither pleading in those cases addresses the central issue of Plaintiff's action here – foreign and domestic actors programming, manipulating, hacking, and tampering with election equipment and software to change votes and "elect" a candidate for which a majority of lawful Wisconsin voters did not cast their ballots.

The detailed technical pleadings and proof alleged by Plaintiff[1] are utterly absent in the President's pleadings, which do not relate whatsoever to the gravamen of Plaintiff's Amended Complaint that over 1.6 Million lawful Wisconsin votes were diluted and debased and that that Plaintiff and the other voters who cost them were effectively disenfranchised by massive electronic fraud, ballot-stuffing, and ballot-changing by Dominion and other foreign and domestic actors vehemently antagonistic to the President.

**3) Defendants' Counsel Did Not Agree to or Propose a Briefing Schedule, so the Court Should Immediately Schedule Briefing and Rule on Plaintiff's TRO Motion no later than 5 p.m. Sunday evening, December 6.**

As ordered by the Court December 2, the Parties' counsel met and conferred today regarding a briefing schedule. However, Defendants refused to agree to the schedule proposed by Plaintiffs, and in fact, refused to offer a proposed schedule of their own, stating that they were seeking reassignment of Case No. 20-CV-1785, which they have now done.

In fact, when Plaintiff's raised the issue of a stipulated TRO to preserve electronic and physical data, materials, and equipment (voting machines in particular) for inspection by Plaintiff's experts, Defendants asserted that they have no control or influence whatsoever over preservation of evidence by local jurisdictions and elections clerks, apparently implying that Plaintiff must implead all 1,912 individual municipalities that conduct voting operations in order to obtain relief.[2]

---

[1] See Amended Complaint ¶¶ 6-17 (Dominion), 46-58 (statistical analysis by national experts), 60-99 (factual allegations regarding Dominion), 100-110 (statistical analysis), 131-137 (ballot fraud Dominion System); and all federal Exhibits 1 - 19.

[2] Cities, town and villages are individual municipalities charged with administering elections. Secs. 5.02(11), 5.25(2), Stats. According to the Wisconsin League of Municipalities and Wisconsin Dept. of Health Services, there are approximately 1,912 individual such municipalities.
https://www.lwm-info.org/590/Facts-About-Wisconsin-Municipalities;
https://www.lwm-info.org/590/Facts-About-Wisconsin-Municipalities

# CONCLUSION

Again, the additional parties, procedural issues and delay proposed by Defendants are utterly unnecessary to consideration of Plaintiff's Amended Complaint and supporting Memorandum and determination of Plaintiff's TRO Motion, and are designed solely to deny through delay Plaintiff's access to the courts and remedies to which he and other lawful Wisconsin voters are entitled.

Plaintiff therefore requests the Court to summarily deny Defendant Evers' Motion, immediately order briefing on Plaintiff's TRO motion, and issue its decision no later than 5 p.m. Sunday evening, December 6 so that Plaintiff may have a few hours to prepare for and seek whatever further relief may be then available in the time left.

Respectfully submitted, this 3st day of December 2020.

LEAD COUNSEL FOR PLAINTIFF

/s Sidney Powell**
Sidney Powell
Texas Bar No. 16209700
Sidney Powell PC
2911 Turtle Creek Blvd.
Suite 300
Dallas, Texas 75219
(517) 763-7499
sidney@federalappeals.com

Howard Kleinhendler
New York Bar No. 2657120
Howard Kleinhendler Esquire
369 Lexington Avenue, 12th Floor
New York, New York 10017
(917) 793-1188
howard@kleinhendler.com

**Application for admission forthcoming

Local Counsel for Plaintiffs

Michael D. Dean
Wis. Bar No.01019171
P.O. Box 2545
Brookfield, WI 53008
(262) 798-8044
miked@michaelddeanllc.com

Daniel J. Eastman
Wis. Bar No.1011433
P.O. Box 158
Mequon, Wisconsin 53092
(414) 881-9383
daneastman@me.com