UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WILLIAM FEEHAN,
and DERRICK VAN ORDEN,

        Plaintiffs,

                                   Case No. 20-cv-1771-pp

  v.

WISCONSIN ELECTIONS COMMISSION, *et al.*,

        Defendants.
_____

**ORDER DENYING MOTION TO REASSIGN CASE PURSUANT TO
CIVIL L.R. 3(b) (DKT. NO. 16)**
_____

On December 1, 2020, plaintiffs William Feehan and Derrick Van Orden filed the complaint in this case, naming as defendants the Wisconsin Elections Commission, Ann S. Jacobs, Mark L. Thomsen, Marge Bostelman, Julie M. Glancey, Dean Knudson, Robert F. Spindell, Jr. and Governor Tony Evers. Id. at 1, 9. Two days later, before the defendants had answered, an amended complaint was filed naming only Feehan as plaintiff; the amended complaint names the same defendants. Dkt. No. 9.

On December 2, 2020, plaintiff Donald J. Trump filed a complaint in the Eastern District of Wisconsin, naming as defendants the Wisconsin Elections Commission, Ann S. Jacobs, Mark L. Thomsen, Marge Bostelman, Dean Knudson, Robert F. Spindell, Jr., Scott McDonell, George L. Christenson, Julietta Henry, Claire Woodall-Vogg, Tom Barrett, Jim Owczarski, Satya Rhodes-Conway, Maribeth Witzel-Behl, Cory Mason, Tara Coolidge, John

1

Antaramian, Matt Krauter, Eric Genrich, Kris Teske, Douglas J. La Follette and Tony Evers. Trump v. Wisconsin Elections Commission, *et al.*, Case No. 20-cv-1785 (E.D. Wis.). Section VIII of the Form JS 44 Civil Cover Sheet for Case No. 20-cv-1785 is blank; the plaintiff did not identify any related cases. Id. at Dkt. 1-1. Trump v. Wisconsin Elections Commission, *et al.*, Case No. 20-cv-1785 has been assigned to U.S. District Judge Brett H. Ludwig.

On December 3, 2020, Tony Evers—named as a defendant in both this case and Case No. 20-cv-1785—filed in this case a motion to reassign Case No. 20-cv-1785 to this court, citing Civil Local Rule 3(b) (E.D. Wis.). Dkt. No. 16. The defendant states that judicial efficiency and a desire to avoid conflicting opinions motivate the motion, because the "federal safe-harbor date [is] approaching on December 8 and the meeting of the Electoral College [is scheduled] for December 14." Id. at 1. The defendant refers the court to Civil Local Rule 3(b) for the factors to be considered in determining whether actions are related, noting that the rule provides that "the judge to whom the action with the lower-case number is assigned will resolve any dispute as to whether the actions are related." Id.

The defendant asserts that promptly upon learning late in the day on December 2, 2020 of the filing of Case No. 20-cv-1785, defense counsel in this case prepared and filed a notice of related case. Id. He asserts that the notice (attached to the motion) explains that Case No. 20-cv-1785 and this case arise from substantially the same transaction or events—"the administration of the November 3, 2020 Presidential election"—and involve substantially the same

parties.[1] Id. at 1-2. He asserts that both cases seek to overturn the results of the recent election "and in so doing deny more than three million Wisconsinites of their fundamental right to vote." Id. at 2. The defendant concludes by asserting that the two cases are related "within the meaning of Civil Local Rule 3(b)" and asks that the court reassign Case No. 20-cv-1785 to this court. Id.

The court will deny the motion. Civil L.R. 3 is titled "Commencing an Action." Rule 3(a) requires a party filing an action—the plaintiff—to file a Civil Cover Sheet (the Form JS 44). Rule 3(b) says that "[w]here the Civil Cover Sheet discloses a pending related civil action, the new civil action will be assigned to the same judge." The rule provides guidance to help the party who files the civil cover sheet—the plaintiff—determine whether cases are related; it instructs the plaintiff to consider whether the actions arise from substantially the same transaction or events or whether they involve substantially the same parties or property; it allows the plaintiff to identify on the Civil Cover Sheet any cases the plaintiff believes are related. Once the plaintiff has identified related cases, it provides that the clerk's office "will" assign the related cases to the same judge. It anticipates that some party other than the plaintiff might disagree that the cases are related, and provides that if any such disputes arise, the judge to whom the related cases are assigned will settle them. The rule does *not* provide a mechanism for any party other than the plaintiff to file a motion

---

[1] The two cases have different plaintiffs; among the twenty-two defendants in Case No. 20-cv-1785 are seven of the eight defendants named in this case.

asking for reassignment of cases based on the party's view that cases are related.

Contrast Criminal Local Rule 13 (E.D. Wis.), titled "Reassignment of Related Criminal Cases," which does provide a mechanism for reassignment. Rule 13(b) states that "[a] motion for reassignment based on relatedness may be filed by any party to a case." It requires the moving party to file the motion with the judge to whom the lowest numbered case of the claimed related set is assigned and requires that judge to decide the motion. Rule 13(a) lays out the conditions precedent to reassignment. While Criminal L.R. 13 expressly authorizes any party to file a motion seeking reassignment of cases that party believes to be related, there is no equivalent civil local rule.

Civil L.R. 3(b) does not authorize the relief the defendant requests.

The court **DENIES** the defendant's motion to reassign case pursuant to Civil L.R. 3(b). Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**