# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,

        Plaintiff,

        v.                             Case No. 2:20-CV-1771

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS,
MARK L. THOMSEN, MARGE
BOSTELMANN, JULIE M. GLANCEY,
DEAN KNUDSON, ROBERT F.
SPINDELL, JR., in their official capacities,
GOVERNOR TONY EVERS, in his official capacity,

        Defendants,

        &

DEMOCRATIC NATIONAL COMMITTEE,

        Proposed Intervenor-Defendants.

**PROPOSED INTERVENOR-DEFENDANT DEMOCRATIC NATIONAL COMMITTEE'S
PROPOSED ANSWER TO AMENDED COMPLAINT FOR DECLARATORY,
EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF**

        Proposed Intervenor-Defendant Democratic Services Corporation/Democratic National Committee (the "DNC"), by and through its attorneys, answers Plaintiff's amended complaint for declaratory, emergency, and permanent injunctive relief ("complaint") as set forth below. Unless expressly admitted, each allegation in the complaint is denied, and DNC demands strict proof thereof.

## Introduction

1. Paragraph 1 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 1.

2. Paragraph 2 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 2.

3. Paragraph 3 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 3.

4. Paragraph 4 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 4.

5. Paragraph 5 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 5.

6. Paragraph 6 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 6.

7. Paragraph 7 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 7.

8. Paragraph 8 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required,

1

DNC denies the allegations of Paragraph 8.

9. Paragraph 9 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 9.

10. Paragraph 10 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 10.

11. Paragraph 11 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 11.

12. Paragraph 12 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 12.

13. Paragraph 13 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 13.

14. Paragraph 14 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 14.

15. Paragraph 15 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 15.

16. Paragraph 16 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a

response is required, DNC denies the allegations of Paragraph 16.

17. Denied.

## Jurisdiction and Venue

18. In response to Paragraph 18 of Plaintiff's complaint, DNC denies that this Court has subject-matter jurisdiction.

19. In response to Paragraph 19 of Plaintiff's complaint, DNC denies that this Court has subject-matter jurisdiction.

20. DNC denies Paragraph 20 of Plaintiff's complaint because the Court lacks subject-matter jurisdiction.

21. DNC denies Paragraph 21 of Plaintiff's complaint because the Court lacks subject-matter jurisdiction.

22. DNC denies that venue is proper in the Eastern District of Wisconsin.

23. Paragraph 23 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 22.

## Parties

24. In response to paragraph 24 of Plaintiff's complaint, Intervenor DNC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

25. DNC admits that Paragraph 24 quotes from *Carson v. Simon*, 978 F.3d 1051, 1057 (8th Cir. 2020). The remainder of Paragraph 24 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the remaining allegations of

3

Paragraph 25.

26. Denied.

27. DNC admits that the results of the November 2020 Wisconsin election on November 30 indicated a plurality for President-Elect Biden. The remainder of Paragraph 27 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the remainder of allegations of Paragraph 27.

28. DNC admits the allegations of Paragraph 28.

29. DNC admits the allegations of Paragraph 29.

30. DNC admits that the Wisconsin Elections Commission was created in 2015. The remainder of Paragraph 30 contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the remainder of allegations of Paragraph 30.

31. In response to Paragraph 31, DNC admits that Wis Stat. § 7.20 governs the establishment of municipal and county boards of election commissioners in cities over 500,000 population and counties over 750,000 population, respectively. The remainder of Paragraph 31 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the remainder of allegations of Paragraph 31.

**Statement of Facts**

32. DNC admits that Plaintiff purports to bring this action under 42 U.S.C. §§ 1983 and 1988. The remainder of Paragraph 32 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 32.

4

33. DNC admits that Paragraph 33 of the complaint accurately quotes the United States constitution. The remainder of Paragraph 33 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 33.

34. Paragraph 34 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 34.

35. DNC denies the allegations of Paragraph 35. The margin of victory for President-Elect Biden was 20,682 votes.

36. Denied.

## I. "VIOLATIONS OF WISCONSIN ELECTION CODE"

37. Paragraph 37 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 37.

38. Paragraph 38 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 38.

39. Paragraph 39 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 39.

40. Paragraph 40 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 40.

41. Paragraph 41 of Plaintiff's complaint contains mere characterizations, legal

contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 41.

42.     Paragraph 42 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 42. DNC specifically denies that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin's election laws.

43.     Paragraph 43 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 43.

44.     In response to paragraph 44 of Plaintiff's complaint, Intervenor DNC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 44 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

45.     In response to paragraph 45 of Plaintiff's complaint, Intervenor DNC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 45 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

## II. "EXPERT WITNESS TESTIMONY"

46.     In response to paragraph 46 of Plaintiff's complaint, Intervenor DNC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 46 of Plaintiff's complaint contains mere

characterizations, legal contentions, conclusions, and opinions to which no response is required.

47.     Paragraph 47 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 47.

48.     Paragraph 48 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 48.

49.     Paragraph 49 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 49.

50.     Paragraph 50 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 50.

51.     In response to Paragraph 51 of Plaintiff's complaint, Intervenor DNC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 51 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

52.     In response to Paragraph 52 of Plaintiff's complaint, Intervenor DNC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 52 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

53.     In response to Paragraph 53 of Plaintiff's complaint, Intervenor DNC lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 53 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

54.     Paragraph 54 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 54.

55.     Paragraph 55 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 55.

56.     Paragraph 56 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 56.

57.     Paragraph 57 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 57.

58.     Paragraph 58 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 58.

59.     Paragraph 59 of Plaintiff's complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 46.

### III. "FACTUAL ALLEGATIONS REGARDING DOMINION VOTING SYSTEMS"

60.     DNC lacks sufficient information to confirm or deny the contents of Paragraph 60, and they are therefore denied. Paragraph 60 of Plaintiff's complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 60.

61.     Paragraph 61 of Plaintiff's complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 61.

62.     Paragraph 62 of Plaintiff's complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 62.

63.     Paragraph 63 of Plaintiff's complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 63.

64.     DNC lacks sufficient information to confirm or deny the contents of Paragraph 64, and they are therefore denied. Paragraph 64 of Plaintiff's complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 64.

65.     Paragraph 65 of Plaintiff's complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required. Judge Amy Totenberg's October 11, 2020 Order in the USDC N.D. Ga. case of *Curling, et al. v. Kemp, et. al*, Case No. 1:17-cv-02989 Doc. No. 964, speaks for itself. To the extent a response is required, DNC denies the allegations of Paragraph 65.

66.     Paragraph 66 of Plaintiff's complaint attempts to quote, paraphrase, and/or

9

interpret a judicial order. To the extent Plaintiff's interpretation differs from the text of the order, DNC denies the allegations. Paragraph 66 of Plaintiff's complaint otherwise contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 66.

67. Paragraph 67 of Plaintiff's complaint attempts to quote, paraphrase, and/or interpret a judicial opinion. To the extent Plaintiff's interpretation differs from the text of the opinion, DNC denies the allegations. Paragraph 67 of Plaintiff's complaint otherwise contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 67.

68. Paragraph 68 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 68.

69. Paragraph 69 of Plaintiff's complaint attempts to quote, paraphrase, and/or interpret a "security advisory." To the extent Plaintiff's interpretation differs from the text of the "advisory," DNC denies the allegations. Paragraph 69 of Plaintiff's complaint otherwise contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 67.

70. Paragraph 70 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 70. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70, and they are therefore denied.

71. Paragraph 71 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is

required, DNC denies the allegations of Paragraph 71. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71, and they are therefore denied.

72.     Paragraph 72 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 72. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72, and they are therefore denied.

73.     Paragraph 73 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 73. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73, and they are therefore denied.

74.     Paragraph 74 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 74. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 74, and they are therefore denied.

75.     Paragraph 75 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 75. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 75, and they are therefore denied.

76.     Paragraph 76 of Plaintiff's complaint contains mere legal contentions,

characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 76. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76, and they are therefore denied.

77.     Paragraph 77 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 77.

78.     DNC denies the allegations of Paragraph 78.

79.     Paragraph 79 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 79. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79, and they are therefore denied.

80.     Paragraph 80 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 80. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80, and they are therefore denied.

81.     Paragraph 81 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 81. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81, and they are therefore denied.

82.     Paragraph 82 of Plaintiff's complaint contains mere legal contentions,

characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 82. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82, and they are therefore denied.

83.     Paragraph 83 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 83. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83, and they are therefore denied.

84.     Paragraph 84 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 84. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 84, and they are therefore denied.

85.     Paragraph 85 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 85. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85, and they are therefore denied.

86.     Paragraph 86 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 86. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 86, and they are therefore denied.

87.     Paragraph 87 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 87. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87, and they are therefore denied.

88.     Paragraph 88 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 88. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 88, and they are therefore denied.

89.     Paragraph 89 of Plaintiff's complaint attempts to quote, paraphrase, and/or interpret H.R. 2722. To the extent Plaintiff's quotation differs from the text of the bill DNC denies the allegation in that respect. Paragraph 69 of Plaintiff's complaint otherwise contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 67.

90.     Paragraph 90 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 90. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 90, and they are therefore denied.

91.     Paragraph 91 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 91. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91, and

14

they are therefore denied.

92. Paragraph 92 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 92. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92, and they are therefore denied.

93. DNC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and they are therefore denied.

94. Paragraph 94 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 94. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 94, and they are therefore denied.

95. Paragraph 95 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 95. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 95, and they are therefore denied.

96. Paragraph 96 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 96. DNC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 96, and they are therefore denied.

97. Paragraph 97 of Plaintiff's complaint contains mere legal contentions,

characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 97. DNC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, and they are therefore denied.

98.     Paragraph 98 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 98.

99.     DNC denies the allegations of Paragraph 99.

## COUNT I

100.     DNC reincorporates all preceding paragraphs as if fully set forth herein.

101.     Paragraph 101 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

102.     Paragraph 102 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

103.     Paragraph 103 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

104.     DNC denies the allegations of Paragraph 104.

105.     Paragraph 105 of Plaintiff's complaint contains mere legal conclusions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 105. DNC specifically denies that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin's election laws.

106.     Paragraph 106 of Plaintiff's complaint contains mere legal conclusions to which no response is required. To the extent a response is required, DNC denies the allegations of

16

Paragraph 106. DNC specifically denies that any Wisconsin voter in the 2020 Presidential Election claimed they were indefinitely confined in any way inconsistent with the Wisconsin's election laws.

107.     DNC lacks sufficient information to confirm or deny the allegations of Paragraph 107 and therefore denies.

108.     Paragraph 108 of Plaintiff's complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, DNC denies the allegations of Paragraph 108. DNC otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108, and they are therefore denied.

109.     DNC denies the allegations in Paragraph 109.

110.     DNC denies the allegations in Paragraph 110.

## COUNT II

111.     DNC reincorporates all preceding paragraphs as if fully set forth herein.

112.     Paragraph 112 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

113.     Paragraph 113 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

114.     Paragraph 114 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

115.     Paragraph 115 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

116.     Paragraph 116 of Plaintiff's complaint contains mere legal conclusions to which no response is required. DNC denies the remaining allegations of Paragraph 116.

17

117.     Paragraph 117 of Plaintiff's complaint contains mere legal conclusions to which no response is required. DNC denies the remaining allegations of Paragraph 117.

118.     Paragraph 118 of Plaintiff's complaint contains mere legal conclusions to which no response is required. DNC denies that Plaintiff is entitled to any relief.

119.     Paragraph 119 of Plaintiff's complaint contains mere legal conclusions to which no response is required. DNC denies the remaining allegations of Paragraph 119.

120.     DNC denies that Plaintiff is entitled to any relief.

121.     Paragraph 121 of Plaintiff's complaint contains mere legal conclusions to which no response is required. DNC denies the remaining allegations of Paragraph 121. DNC denies that Plaintiff is entitled to any relief.

## COUNT III

122.     DNC reincorporates all preceding paragraphs as if fully set forth herein.

123.     Paragraph 123 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

124.     Paragraph 124 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

125.     Paragraph 125 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

126.     Paragraph 126 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

127.     Paragraph 127 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

128.     Paragraph 128 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

129.     DNC denies the allegations of Paragraph 129.

130.     DNC denies the allegations of Paragraph 130.

## COUNT III

131.     DNC reincorporates all preceding paragraphs as if fully set forth herein.

132.     DNC denies the allegations of Paragraph 132.

133.     DNC denies the allegations of Paragraph 133.

134.     DNC denies the allegations of Paragraph 134.

135.     DNC denies the allegations of Paragraph 135.

136.     Paragraph 136 of Plaintiff's complaint contains mere legal conclusions to which no response is required.

137.      DNC denies the allegations of Paragraph 137.

### Prayer for Relief

138-142.  To the extent Plaintiff makes any factual allegations in paragraphs 138 to 142, DNC denies such allegations.  DNC denies that Plaintiff are entitled to any relief.

### AFFIRMATIVE DEFENSES

DNC asserts the following affirmative defenses without accepting any burdens regarding them and reserves the right to assert any further defenses that may become evident during the pendency of this matter:

### First Affirmative Defense

Plaintiff lacks standing to assert their claims.

### Second Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiff's claims are barred by laches.

19

### Fourth Affirmative Defense

The Complaint is barred in whole or in part by the doctrine of abstention.

### Fifth Affirmative Defense

The Plaintiff is estopped and/or equitably estopped from bringing some or all of the claims asserted in the action.

### Sixth Affirmative Defense

Plaintiff's complaint fails to state a claim for relief that is plausible on its face.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of illegality.

### Eighth Affirmative Defense

Plaintiff's have waived the right to bring some or all of their claims.

### Ninth Affirmative Defense

Plaintiff's unclean hands preclude relief.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of res judicata.

## PROPOSED INTERVENOR'S REQUEST FOR RELIEF

Having answered Plaintiff's complaint, DNC requests that the Court:

1. Deny Plaintiff is entitled to any relief;

2. Dismiss Plaintiff's complaint in its entirety with prejudice;

3. Award DNC its costs and attorneys' fees incurred in defending against Plaintiff's claims in accordance with 42 U.S.C. § 1988; and

4. Grant such other and further relief as this Court deems just and proper.

20

DATED: December 4, 2020

Respectfully Submitted,

*s/ Michelle M. Umberger*

Charles G. Curtis, Jr.
 SBN 1013075
Michelle M. Umberger
 SBN 1023801
Sopen B. Shah
 SBN 1105013
Will M. Conley
 SBN 1104680
PERKINS COIE LLP
33 East Main St., Suite 201
Madison, WI 53703
(608) 663-7460
ccurtis@perkinscoie.com
mumberger@perkinscoie.com
sshah@perkinscoie.com
wconley@perkinscoie.com

Marc E. Elias*
John Devaney*
Zachary J. Newkirk*
PERKINS COIE LLP
 700 Thirteenth St., N.W.,
 Suite 800
Washington, D.C. 20005
(202) 654-6200
melias@perkinscoie.com
jdevaney@perkinscoie.com
znewkirk@perkinscoie.com

Seth P. Waxman*
WILMER CUTLER PICKERING HALE AND
 DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com

David S. Lesser*
Jamie Dycus*
WILMER CUTLER PICKERING HALE AND
 DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
david.lesser@wilmerhale.com
jamie.dycus@wilmerhale.com

Matthew W. O'Neill
 SBN 1019269
FOX, O'NEILL &
 SHANNON, S.C.
622 North Water Street,
 Suite 500
Milwaukee, WI 53202
(414) 273-3939
mwoneill@foslaw.com

*Application for admission pending*

*Counsel for Proposed Intervenor-Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, December 4, 2020, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Michelle M. Umberger*
Counsel for Proposed Intervenor