UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,

        Plaintiff,

  v.

        Case No. 20-cv-1771-pp

WISCONSIN ELECTIONS COMMISSION, *et al.,*

        Defendants.

**ORDER GRANTING IN PART AND DEFERRING RULING IN PART ON AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO BE HEARD IN AN EXPEDITED MANNER (DKT. NO. 10)**

At 10:30 a.m. on December 3, 2020, the plaintiff filed an "Amended Motion For Temporary Restraining Order And Preliminary Injunction To Be Considered In An Expedited Manner." Dkt. No. 10. The amended motion seeks a temporary restraining order or, in the alternative, a preliminary injunction, "to be considered in an expedited manner." Id. at 1. It states that the motion is being submitted pursuant to Fed. R. Civ. P. 65 "and Civil L.R. 7." Id.

The motion asserts that the plaintiff will suffer irreparable harm if the court does not grant a temporary restraining order. Id. at 2. The plaintiff states that he will suffer irreparable harm if various actions he describes "are not immediately enjoined across the state of Wisconsin pursuant to 52 U.S.C. § 20701 (preservation of voting records)" to prevent destruction or alteration of evidence. Id. at ¶5. He asserts that the amended complaint (Dkt. No. 9, filed

1

the same day as this motion) and the motion present "material dispositive issues which are questions of law that may be resolved without factual investigation or determination." Id. at ¶6.

The plaintiff attached to the motion a proposed briefing schedule. Dkt. No. 10-1. The schedule indicates that the plaintiff's counsel had conferred with defense counsel (and planned to speak with them again later that day) and anticipated proposing that the defendants file their response to the motion for injunctive relief by 8:00 p.m. on Friday, December 4, 2020, that the plaintiff file his reply by 8:00 p.m. on Saturday, December 5, 2020 and that the schedule conclude with a "[h]earing as directed by the Court. Plaintiff proposes to submit the matter on briefs without argument." Id. at 1. Neither the amended motion nor the briefing schedule indicated whether the plaintiff needed a decision from the court by a date certain.

At 5:13 p.m. on December 3, the plaintiff filed a brief in opposition to defendant Tony Evers's motion to reassign Trump v. Wisconsin Elections Commission, et al., Case No. 20-cv-1785, from U.S. District Court Judge Brett H. Ludwig to this court. Dkt. No. 18. The brief stated that "[w]ith the College of Electors scheduled to meet December 8, there could never be a clearer case of 'justice delayed is justice denied.'" Id. at 1. The plaintiff stated that the court should deny the motion to reassign and "immediately order briefing and issue its decision no later than 5 p.m. Sunday evening, December 6 so that Plaintiff may have even a few hours to prepare for and seek whatever further relief may

2

be then available in the one day left before the December 8 meeting of electors." Id. at 2.

The plaintiff reported that the parties had met and conferred regarding a briefing schedule for the motion for injunctive relief, but that the defendants had "refused to agree to the schedule proposed by Plaintiffs, and in fact, refused to offer a proposed schedule of their own," indicating that they would be seeking reassignment of Case No. 20-cv-1785. Id. at 3. The plaintiff said the defendants also indicated that they could not stipulate to a TRO "to preserve electronic and physical data, materials, and equipment (voting machines in particular) for inspection by Plaintiff's experts" because the defendants said they had "no control or influence whatsoever over preservation of evidence by local jurisdictions and elections clerks." Id. The plaintiff concluded the brief by reiterating his request that the court immediately order briefing and that the court issue its decision no later than 5:00 p.m. Sunday evening, December 6.

First thing on December 4, 2020, defendant Tony Evers responded to the request for an expedited briefing schedule. Dkt. No. 25. The defendant noted that although the plaintiff had asserted that the court needed to decide the motion before the electors meet, that meeting was not scheduled until December 14. Id. at 2 n.2. The defendant proposed an alternative schedule by which the defendants would file their briefs in opposition to the motion for injunctive relief by 5:00 p.m. on Monday, December 7; the plaintiff would file his reply brief by 5:00 p.m. on Tuesday, December 8; and the court could

3

exercise its discretion regarding whether to hold an evidentiary hearing or hear argument. Id. at 1-2.

Minutes later, defendants the Wisconsin Elections Commission and its members filed their brief in opposition to the request for an expedited briefing schedule. Dkt. No. 26. They, too, stated that the meeting of electors will not take place until December 14, 2020. Id. at 26. They propose a schedule whereby the defendants will file their opposition briefs to the motion for injunctive relief by 11:59 p.m. on Tuesday, December 8, 2020 and the plaintiff will file his reply brief by 11:59 p.m. on Wednesday, December 9, 2020. Id. at 2,

In seeking an expedited briefing schedule, the plaintiff's December 3, 2020 amended motion for injunctive relief cites Civil Local Rule 7 (E.D. Wis.), but identifies no subsection of that rule. Rule 7(b) gives a non-moving party twenty-one days to respond to a motion and Rule 7(c) gives the moving party fourteen days to reply. Given the plaintiff's repeated use of the word "expedited" and the briefing schedule he proposes, the court concludes that he is asking the court for shorter turnaround time than that provided in Rules 7(b) and (c).

There *is* a provision of Civil L.R. 7 that allows a party to seek expedited briefing. Civil L.R. 7(h), which allows a party to seek non-dispositive relief by expedited motion if the party designates the motion as a "Civil L.R. 7(h) Expedited Non-Dispositive Motion." When the court receives a motion with that designation, it may schedule the motion for a hearing or decide the motion on the papers and may order an expedited motion schedule. Civil L.R. 7(h)(1). The

4

rule limits such motions to three pages in length, requires the respondent to file its three-page opposition memorandum within seven days unless the court orders otherwise and allows the respondent to attach an affidavit or declaration of no more than two pages. Civil L.R. 7(h)(2).

Although the plaintiff did not designate it as such, the court construes the plaintiff's request for the motion for injunctive relief to be heard in an "expedited manner"—Dkt. No. 10—as a Civil L.R. 7(h) Expedited Non-Dispositive Motion for an Expedited Briefing Schedule. The court will grant that motion (although it will not order the briefing schedule the plaintiff suggests).

The other part of the plaintiff's motion seeks immediate temporary injunctive relief—a temporary restraining order or a preliminary injunction. The motion states that the amended complaint and the motion "present material dispositive issues which are questions of law that may be resolved without factual investigation or determination." Dkt. No. 10 at 3. The plaintiff never has requested a hearing, either in writing or by contacting chambers by phone with the adverse parties on the line. The anticipated briefing schedule the plaintiff attached to the amended motion for injunctive relief, while mentioning a hearing "as directed by the Court," states that the plaintiff proposes to "submit the matter on briefs without argument." Dkt. No. 10-1 at 1. In his brief in opposition to a motion to reassign another case, the plaintiff proposes briefing through the weekend and a ruling from this court on Sunday evening; because court generally is not in session on weekends, the court deduces that the plaintiff does not anticipate a hearing on the motion.

5

The United States Supreme Court has held that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Counsel, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). Because it is an extraordinary remedy, injunctive relief never is awarded as of right. Id. (citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008)). Courts considering requests for such extraordinary relief must, in every case, "balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Id. (quoting Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987)).

In this court's experience it is unusual for a party seeking the extraordinary remedy of preliminary injunctive relief to ask the court to issue a decision on the pleadings, without presentation of evidence or argument. But because that is what the plaintiff—the movant—has asked, the court will rule on the pleadings.

As for the expedited briefing schedule, the schedule the plaintiff has proposed severely limits the time available to the defendants to respond to his pleadings and to the court to rule. The plaintiff created this limitation by waiting two days to confer with defense counsel and by waiting until late yesterday afternoon to mention a date by which it appears he seeks a ruling from the court. The court disagrees that the plaintiff will be denied his right to redress if the court does not rule by Sunday evening, December 6.

The plaintiff stated in his opposition brief to the motion to reassign that time was of the essence because the College of Electors was scheduled to meet December 8. Dkt. No. 18 at 1. That is not correct. According to an October 22, 2020 white paper from the Congressional Research Service titled "The Electoral College: A 2020 Presidential Election Timeline," the electors will meet and vote on December 14, 2020. https://crsreports.congress.gov/product/pdf/IF/IF11641.

December 8, 2020—six days prior to the date the College of Electors is scheduled to meet—is the "safe harbor" deadline under 3 U.S.C. §5. That statute provides that if a state has provided, "by laws enacted prior to the day fixed for the appointment of the electors, for its final determination of any controversy or contest concerning the appointment of all or any of the electors of such State," and that final determination has been made "at least six days before the time fixed for the meeting of the electors," that determination—if it is made under the state's law at least six days prior to the day the electors meet—"shall be conclusive, and shall govern in the counting of the electoral votes as provided in the Constitution . . . ." Wisconsin has enacted such a law. It is Wis. Stat. §9.01. That statute provides for an aggrieved candidate to petition for a recount. It provides specific procedures for the recount, as well as appeal to the circuit court and the court of appeals. Wis. Stat. §9.01(11) states that it is "the exclusive judicial remedy for testing the right to hold an elective office as the result of an alleged irregularity, defect or mistake committed during the voting or canvassing process."

It appears, therefore, that December 8 is a critical date for resolution of any *state court* litigation involving an aggrieved candidate who is contesting the outcome of an election. The state courts[1] either will or will not resolve allegations of violations of Wis. Stat. §9.01 by the December 8, 2020 "safe harbor" deadline. The plaintiff has not explained why it is necessary for this federal court to grant or deny the injunctive relief he seeks—orders requiring the defendants to de-certify the election results; enjoining defendant Evers from transmitting certified election results to the Electoral College; requiring defendant Evers to transmit certified election results stating that President Donald Trump is the winner of the election; seizing and impounding voting machines, ballots and other election materials; requiring production of security camera recordings for voting facilities—before the safe harbor deadline for *state* courts to resolve alleged violations of Wis. Stat. §9.01.

Because the electors do not meet and vote until December 14, 2020, the court will impose a less truncated briefing schedule than the one the plaintiff proposes, to give the defendants slightly more time to respond. The court will require the defendants to file their opposition brief to the Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction to be Considered in an Expedited Manner (Dkt. No. 10) by 5:00 p.m. on **Monday, December 7, 2020.** The court will require the plaintiff to file his reply brief in support of the Plaintiff's Amended Motion for Temporary Restraining Order and

---

[1] The plaintiff has alleged in this federal suit that the defendants violated the "Wisconsin Election Code." Dkt. No. 9 at 11. This court has made no determination regarding whether it has jurisdiction to resolve that claim.

Preliminary Injunction to be Considered in an Expedited Manner (Dkt. No. 10) by 5:00 p.m. on **Tuesday, December 8, 2020.**

The court directs the parties' attention to Civil L.R. 7(f), which provides that memoranda in opposition to motions are limited to **thirty pages** and reply briefs in support of motions are limited to **fifteen pages**.

Finally, an administrative note: On December 2, 2020 a document was docketed as a notice of appearance for lead counsel Sidney Powell. Dkt. No. 8. The document is blank (except for the designation of the court); the court does not have a completed notice of appearance on file for Attorney Powell.

The court **GRANTS** the plaintiff's amended motion to the extent that it is a Civil L.R. 7(h) Expedited Non-Dispositive Motion for an Expedited Briefing Schedule. Dkt. No. 10.

The court **ORDERS** that the defendants' opposition brief to the Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction to be Considered in an Expedited Manner (Dkt. No. 10) by must be filed by 5:00 p.m. on **Monday, December 7, 2020**.

The court **ORDERS** that the plaintiff's reply brief in support of the Plaintiff's Amended Motion for Temporary Restraining Order and Preliminary Injunction to be Considered in an Expedited Manner (Dkt. No. 10) must be filed by 5:00 p.m. on **Tuesday, December 8, 2020**.

The court **DEFERS RULING** on the amended motion to the extent that it

asks the court to issue a temporary restraining order or a preliminary injunction.

Dated in Milwaukee, Wisconsin this 4th day of December, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**