UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,

        Plaintiff,

  v.

                              Case No. 20-cv-1771-pp

WISCONSIN ELECTIONS COMMISSION, *et al.*,

        Defendants.

**ORDER ALLOWING JAMES GESBECK TO FILE AN *AMICUS* BRIEF**

The plaintiff's amended complaint alleges that the 2020 election process "is so riddled with fraud, illegality, and statistical impossibility that this Court, and Wisconsin's voters, courts, and legislators, cannot rely on, or certify, any numbers resulting from this election." Dkt. No. 9 at ¶5. It states that the court "must set aside the results of the 2020 General Election and grant the declaratory and injunctive relief requested herein." Id.

The amended complaint first asserts that the election software and hardware used by defendant the Wisconsin Elections Commission were subject to hacking and manipulation and that "Wisconsin officials" disregarded widely reported concerns to this effect in utilizing the hardware and software. Id. at ¶¶6-13, 52-99. Next, it asserts that the Wisconsin Elections Commission issued improper guidance to clerks and election officials in violation of Wisconsin law. Id. at ¶¶14, 37-45. Third, it alleges that mail-in ballots either were lots or were fraudulently recorded for voters who did not request them. Id.

1

at ¶¶46-50. Fourth, it asserts that voters who were ineligible to vote because they were registered in other states nonetheless voted in Wisconsin. Id. at ¶51.

The plaintiff requests the following relief:

1. An order directing Governor Evers and the Wisconsin Elections Commission to de-certify the election results;

2. An order enjoining Governor Evers from transmitting the currently certified election results [to] the Electoral College;

3. An order requiring Governor Evers to transmit certified election results that state that President Donald Trump is the winner of the election;

4. An immediate temporary restraining order to seize and impound all servers, software, voting machines, tabulators, printers, portable media, logs, ballot applications, ballot return envelopes, ballot images, paper ballots, and all "election materials" referenced in Wisconsin Statutes § 9.01(1)(b)11. related to the November 3, 2020 Wisconsin election for forensic audit and inspection by the Plaintiff;

5. An order that no votes received or tabulated by machines that were not certified as required by federal and state law be counted;

6. A declaratory judgment declaring that Wisconsin's failed system of signature verification violates the Electors and Elections Clause by working a de facto abolition of the signature verification requirement;

7. A declaratory judgment declaring that currently certified election results violate the Due Process Clause, U.S. CONST. Amend. XIV;

8. A declaratory judgment declaring that mail-in and absentee ballot fraud must be remedied with a Full Manual Recount or statistically valid sampling that properly verifies the signatures on absentee ballot envelopes and that invalidates the certified results if the recount or sampling analysis shows a sufficient number of ineligible absentee ballots were counted;

9. A declaratory judgment declaring absentee ballot fraud occurred in violation of Constitutional rights, Election laws and under state law;

> 10. A permanent injunction prohibiting the Governor and Secretary of State from transmitting the currently certified results to the Electoral College based on the overwhelming evidence of election tampering;
>
> 11. Immediate production of 48 hours of security camera recordings of all voting central count facilities and processes in Milwaukee and Dane Counties for November 3, 2020 and November 4, 2020.

Id. at ¶142.

Two days after the complaint was filed, the court received a motion to intervene as a defendant from James Gesbeck. Dkt. No. 14. Mr. Gesbeck stated that he is a Wisconsin citizen who voted in the 2020 general election in Wisconsin. Dkt. No. 15 at 1. He indicated that he voted in Dane County via absentee ballot. Id. at 2. He asserted that if the court were to grant the plaintiff's request to decertify the election results and order defendant Evers to transmit certified election results stating that President Donald Trump is the winner of the election, it would "disregard the results of the 2020 General Election in Wisconsin in which [his] vote was cast." Id. at 3. He stated that a "court order directing the outcome of the election would disenfranchise [him] by not counting [his] vote, nor the votes of millions of people." Id. Mr. Gesbeck also said that his interest was in defending his right to vote, and that none of the defendants are tasked with defending that right and thus cannot defend his interests. Id. Mr. Gesbeck argued that he is entitled to intervention as of right but asserts in the alternative that he meets the standard for permissive intervention. Id. at 4.

Earlier on December 3, the court had received from the plaintiff an amended motion for injunctive relief and request for an expedited briefing schedule. Dkt. No. 10. It appears Mr. Gesbeck—who, while he is an attorney, is not admitted to practice before this court and is not an electronic filer (dkt. no. 10 at 1 and n.3)—was not aware of that motion at the time he filed his motion to intervene. When he became aware of that motion, and realized that the court might take briefing and reach the merits of the plaintiff's amended motion for injunctive relief before it ruled on his motion to intervene, Mr. Gesbeck filed a Civil Local Rule 7(h) (E.D. Wis.) expedited, non-dispositive motion to intervene. Dkt. No. 33. He asked the court to rule on his motion by 5:00 p.m. on Friday, December 4 so that he could file a brief in opposition to the plaintiff's amended motion for injunctive relief. Id. at 3.

The court received Mr. Gesbeck's Civil L.R. 7(h) motion at 4:12 p.m. on Friday, December 4. The court could not rule on his motion by 5:00 p.m. on December 4. The plaintiff has not responded (and Civil L.R. 7(h) does anticipate a non-moving party having an opportunity to respond). While Mr. Gesbeck asserts that he is entitled to intervene under Fed. R. Civ. P. 24(a) (or, in the alternative, that he qualifies for permissive intervention under Rule 24(b)), the court must consider issues such as whether the current defendants adequately represent his interests and whether he has standing. See, *e.g.*, Flying J., Inc. v. Van Hollen, 578 F.3d 569, 571 (7th Cir. 2009) ("[T]he interest required by Article III is not enough by itself to allow a person to intervene in a federal suit and thus become a party to it."); Planned Parenthood of Wis., Inc. v. Kaul, 942

4

F.3d 793, 803 n.5 (7th Cir. 2019) (noting that the Seventh Circuit has not yet addressed whether permissive intervention requires standing if the existing parties have a live case or controversy).

While the Federal Rules of Civil Procedure do not provide for the filing of *amicus curiae* briefs in the district court (as opposed to Fed. R. App. P. 29, which governs such filings in federal appellate courts), some district courts have held that they have inherent authority to appoint an amicus curiae—a "friend of the court." See, *e.g.*, Recht v. Justice, No. 5:20-CV-90, 2020 WL 6109426, at *1 (N.D. W. Va. June 9, 2020); Bounty Minerals, LLC v. Chesapeake Exploration, LLC, No. 5:17cv1695, 2019 WL 7048981, at *10 (N.D. Ohio Dec. 23, 2019); Jin v. Ministry of State Security, 557 F. Supp. 2d 131, 136 (D. D. C. 2008); NGV Gaming, Ltd. v. Upstream Point Molate, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 20005).

"The term 'amicus curiae' means friend of the court, not friend of a party." Ryan v. Commodity Futures Trading Com'n, 125 F.3d 1062, 1063 (7th Cir. 1997) (citing United States v. Michigan, 940 F.2d 143, 164-65 (6th Cir. 1991)). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that maybe affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Id. (Citations omitted.)

5

Because the court cannot rule on Mr. Gesbeck's motion to intervene prior to the deadline for the defendants to oppose the plaintiff's amended motion for injunctive relief and because Mr. Gesbeck indicates that his interest is not represented in the litigation, the court will allow him to file an *amicus curiae* brief by 5:00 p.m. on Monday, December 7, 2020. The brief may not exceed thirty pages.

The court **ORDERS** that Mr. James Gesbeck may file an *amicus curiae* brief by 5:00 p.m. on Monday, December 7, 2020.

Dated in Milwaukee, Wisconsin this 4th day of December, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**