IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,

    Plaintiff,

  v.                                Case No. 20-CV-1771

WISCONSIN ELECTIONS
COMMISSION, and its members
ANN S. JACOBS, MARK L. THOMSEN,
MARGE BOSTELMAN, JULIE M.
GLANCEY, DEAN KNUDSON, ROBERT
F. SPINDELL, JR., in their official
capacities, GOVERNOR TONY EVERS,
in his official capacity,

    Defendants.

**DEFENDANTS WISCONSIN ELECTIONS COMMISSION
AND ITS MEMBERS' RESPONSE TO
TO PLAINTIFF'S MOTION FOR HEARING**

This case should proceed on the schedule that has already been ordered. Plaintiff's delayed reversal of position and request for an evidentiary hearing this week with unidentified witnesses is prejudicial, impractical, and would not advance resolution of this case. For reasons detailed in the Commission's filings later today, the injunction and this entire case can and should be resolved on briefs. In any event, the Commission has already relied on the Plaintiff's request to not have a hearing when scheduling other cases, and a

hearing this week is impractical. Plaintiff's delayed scheduling request should be denied for four reasons.

First, this request represents quintessential sandbagging. Plaintiff initially filed his motion for a temporary restraining order and preliminary injunction on December 1 without asking for a hearing. (*See* Dkt. 2.) He then amended that motion later that day, again, without requesting a hearing (*see* Dkt. 6), which the Court acknowledged in its December 2 order (Dkt. 7). The next day, December 3, Plaintiff submitted a third amended motion and proposed a briefing schedule "to submit the matter on briefs without argument." (Dkt. 10-1:1.) Plaintiff's third amended motion expressly states that it "present material dispositive issues which are questions of law that may be resolved without factual investigation or determination." (Dkt. 10 ¶ 6.) The court granted that request and scheduled briefing. (Dkt. 29:6) ("But because that is what the plaintiff—the movant—has asked, the court will rule on the pleadings.") Now, at 9:00 p.m. on the Sunday evening before Defendants' briefs are due, Plaintiff decides to change his direction and requests an evidentiary hearing to present three mystery witnesses. This type of sandbagging is inexcusable.

Second, the Commission would be prejudiced by Plaintiff's sandbagging. It has relied on Plaintiff's prior request to *not* have a hearing when scheduling other hearings, and its witnesses cannot now reasonably prepare and may not

be available given other proceedings. This week, there is a pretrial hearing on Wednesday and a hearing on Thursday in another election case in federal court brought by Donald J. Trump. *Donald J. Trump v. The Wisconsin Elections Comm'n*, No. 20-cv-1785-bhl (E.D. Wis.) (*See* Dkt. 45 noting that a final pretrial conference is scheduled for Wednesday, December 9, 2020, at 3:00 p.m., and a final evidentiary hearing is scheduled on Thursday, December 10, 2020 at 9:00 a.m.) There is a hearing on Friday in a state-court case where Donald J. Trump brings election claims through the state procedures under Wis. Stat. § 9.01. *Donald J. Trump vs. Joseph R. Biden*, No. 20CV7092 (Wis. Cir. Ct. Milwaukee Cty.) (scheduling a hearing for Friday, December 11, 2020 at 9:00 a.m.). And Wisconsin Assembly Speaker Robin Vos and Majority Leader Rep. Jim Steineke have announced the Assembly Committee on Campaigns and Elections will host a public hearing on the 2020 presidential election scheduled for December 11, 2020, at 10:00 a.m. in the Wisconsin State Capitol.

An evidentiary hearing here will require the same Commission witness or witnesses who need to prepare for hearings on Thursday and Friday. Adding a hearing on Wednesday, or any other day this week, is unacceptably burdensome and prejudicial.

Further, the Commission relied on the Plaintiff's request to not have a hearing and has not requested expedited discovery or deposed any of Plaintiff's purported experts or other witnesses—some of which are not even identified in

3

their declarations. Astoundingly, Plaintiff fails to even identify which three witnesses he intends to present at a hearing he proposes to occur in days. Plaintiff's tactics are inexcusable and should not be entertained by the court. *See*, *Stern v. Marshall*, 564 U.S. 462, 482 (2011) (admonishing plaintiff's "sandbagging" and noting that the consequences "can be particularly severe.")

Third, no evidentiary hearing is necessary. As will be explained in detail in the Commission's response brief to be filed later today, Plaintiff's case has multiple threshold defects that require dismissal on the pleadings. Plaintiff lacks standing, his inexplicably late claim is barred by laches, and the relief he requests is barred by the Eleventh Amendment and Substantive Due Process Clause. Plaintiff's individual causes of action fair no better and he has not stated any constitutional claims as a matter of law.

Finally, what Plaintiff likely intends to present at any evidentiary hearing is inadmissible under *Daubert* and the Federal Rules of Evidence. The glaring unreliability, and inadmissibility of the evidence that Plaintiff filed in support of his injunction request will be further explained in the Commission's response brief to be filed later today. The documents filed with his Complaint and brief do not even meet basic evidentiary standards and cannot possibly support overturning the results of the election.

Plaintiff's late reversal of position does not warrant prejudicing the Commission with an evidentiary hearing the day after tomorrow. The

4

Commission requests that this case proceed on the schedule that is already established.

Dated this 7th day of December 2020.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/ S. Michael Murphy
S. MICHAEL MURPHY
Assistant Attorney General
State Bar #1078149

JODY J. SCHMELZER
Assistant Attorney General
State Bar #1027796

COLIN T. ROTH
Assistant Attorney General
State Bar #1103985

Attorneys for Defendants, Wisconsin Elections Commission and its Members

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-5457 (Murphy)
(608) 266-3094 (Schmelzer)
(608) 264-6219 (Roth)
(608) 294-2907 (Fax)
murphysm@doj.state.wi.us
schmelzerjj@doj.state.wi.us
rothct@doj.state.wi.us