UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,

        Plaintiff,

                                  Case No. 2:20-cv-1771

v.

WISCONSIN ELECTIONS COMMISSION, *et al.*

        Defendants.

---

**JAMES GESBECK'S AMICUS BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (DKT. NO. 10)**

---

        James Gesbeck files this *amicus*[1] brief in opposition to plaintiff's motion for injunctive relief. Dkt. No. 10. Plaintiff seeks a temporary restraining order or preliminary injunction "set[ting] aside the results of the 2020 General Election" and granting other relief. Id at ¶ 5. Among the relief requested by plaintiff are various orders directed at Governor Evers and the Wisconsin Elections Commission. One of the requested orders is "An order requiring Governor Evers to transmit certified election results that state that President Donald Trump is the winner of the election". Dkt. No. 9 at ¶ 142. This would be an unprecedented order in the history of the United States of America. Even in the seminal Bush v Gore case, the court did not order Florida to transmit certified election results stating that Bush was the winner of the election. 531 U.S. 98, 111 (2000).

        Plaintiff's motion for injunctive relief fails before even reaching the merits. Plaintiff has brought this case in Federal Court asserting a variety of Constitutional violations; however,

---

[1] Pursuant to Judge Pepper's Order. Dkt. No. 37.

1

plaintiff has not established this court has jurisdiction. Dkt. No. 9. Plaintiff was a nominee of the Republican Party to be a Presidential Elector for Wisconsin. Id. at ¶ 24. Plaintiff is not the correct party to be challenging the 2020 General Election results and this Federal Court is not the proper jurisdiction in which the challenge should be heard. The Constitution provides that the power to appoint Electors is vested in the Legislature of each State. U.S. CONST. art. II, § 1 ("Electors Clause"). The Wisconsin Legislature has directed that challenges to an election are to be brought in Wisconsin Circuit Courts by an aggrieved party. Wis. Stat. § 9.01(6). In the Presidential Election the aggrieved party is Donald Trump. Wis. Stat. § 9.01(1)(a)(5)(b). To the extent that the results of this election need to be challenged, Donald Trump is the correct plaintiff, and the Wisconsin Circuit Court is the correct venue. In fact, Donald Trump is the plaintiff in Milwaukee County Circuit Case 2020CV7092 which is an appeal of a recount brought under Wis. Stat. § 9.01.

The plaintiff further fails to meet any of the standards for a temporary restraining order or preliminary injunction.

Plaintiff fails to make an initial showing that plaintiff is likely to succeed on the merits. Plaintiff relies on numerous affidavits, including anonymous affidavits, as evidence of a "massive election fraud" Dkt. No. 9 at ¶ 1. But plaintiff's affidavits contain irrelevant information about elections occurring in other States and other Countries and contain no specific allegations of election misconduct occurring in Wisconsin during the 2020 General Election.

Plaintiff claims to have no adequate remedy at law, however plaintiff does not further argue how that is the case. Plaintiff's remedy for these alleged violations is to have the aggrieved party under Wis. Stat. § 9.01(1)(a)(5)(b) challenge the recount under Wis. Stat. § 9.01(6) which is exactly what is occurring in Milwaukee County Circuit Case 2020CV7092.

Plaintiff further will not suffer any harm, let alone, irreparable harm if the court denies plaintiff's motion. If the plaintiff's factual allegations and claim of a "massive election fraud" are true, then Trump will prevail in Milwaukee County Circuit Case 2020CV7092. If Trump prevails in that, then regardless of what occurs in this case, plaintiff will have suffered no harm. In fact, plaintiff would be one of the Wisconsin Electors voting for Donald Trump in the Electoral College.

Plaintiff argues that the balance of equities would favor plaintiff's proposed remedy. However, nothing could be further from the truth. Plaintiff's proposed remedy is unprecedented. It would result in this court ordering Governor Evers to certify that Donald Trump won the State of Wisconsin in contradiction to the outcome obtained by operation of Wisconsin's election law enacted by the legislature pursuant to Article II of the Constitution. This would disenfranchise every single individual who voted in the 2020 General Election. Plaintiff does not seek the exclusion of certain fraudulent ballots or the removal of certain fraudulent additions to the tallies, rather plaintiff seeks wholesale disenfranchisement of every single Wisconsin voter. The equitable outcome in this case is for this court to deny the plaintiff's motion for an injunction and allow the election challenge occurring pursuant to the process outlined by the Wisconsin legislature under the authority granted to it by Article 2 of the Constitution.

Plaintiff proposed order would be extraordinarily harmful to the citizens and voters of the State of Wisconsin and thus the public. If plaintiff's motion is granted, then this court, acting alone, would be dictating the results of this election. This court would be disenfranchising every single voter and discarding every single vote in the State of Wisconsin by ordering the Governor to certify an election result dictated by this court. There are no examples of a court deciding an election itself. Rather, courts have ruled on the application of election law to specific ballots or

sets of ballots. The election process then proceeds pursuant to election law and a winner is determined. Judges do not and should not declare electoral winners as opposed to changing the tallies.

## BACKGROUND

**FACTUAL BACKGROUND**

It is undisputed that the 2020 General Election took place in Wisconsin on November 3rd, 2020. As part of that election, voters participated in selecting the winner of Wisconsin's 10 Electoral votes. Wis. Stat. Chapters 5-12. Joseph Biden and Donald Trump were the two highest vote getters in the election for the office of the President of the United States. The Wisconsin Elections Commission pre-recount canvass reported 1,630,673 for Joseph Biden and 1,610,065 for Donald Trump[2]. Based on that outcome, Wisconsin election law would dictate that the Wisconsin Elections Commission and Governor Evers certify the Electors for Joseph Biden. Id.

The 2020 General Election in Wisconsin was unique as far as General Elections in Wisconsin are concerned. The court can take judicial notice that there is a global health pandemic taking place caused by the COVID-19 virus. This resulted in "astronomically more ballots case by mail than in any previous fall election in Wisconsin"[3]. Further complicating the election were public safety precautions necessitated by COVID-19[4]. The Center for Disease Control recommends social distancing which includes keeping 6 feet away from other people[5]. This complicated the ballot counting process and voting process as elections staff worked to keep

---

[2] https://elections.wi.gov/sites/elections.wi.gov/files/Statewide%20Results%20All%20Offices%20%28pre-Presidential%20recount%29.pdf (last accessed December 5th).
[3] https://www.jsonline.com/story/news/politics/elections/2020/10/19/wisconsin-voter-turnout-more-than-half-2016-in-some-areas-due-absentee-ballots/3709355001/ (last accessed December 5th).
[4] See, e.g. https://bipartisanpolicy.org/report/counting-the-vote-during-the-2020-election/ (last accessed December 5th).
[5] https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html (last accessed December 5th).

4

people 6 feet apart. Additionally, absentee ballots in Wisconsin cannot be counted until the day of the election. Wis. Stat. § 6.88.

The difference in votes between Trump and Biden was 20,608 votes. This is within the 1% margin of votes cast required for a recount. Wis. Stat. § 9.01(1)(a)(5)(b). On November 18th, President Trump filed a timely petition for a recount pursuant to Wis. Stat. § 9.01(1)(a)(1). Pursuant to Wis. Stat. § 9.01(1)(a)(3), Trump only requested a recount take place in Dane County and Milwaukee County[6]. That recount was conducted in both Dane County and Milwaukee County. Milwaukee County performed their recount by hand[7]. The partial recount led to a final canvass of Biden having 1,630,866 votes and Trump having 1,610,184 votes[8].

Following the recount, Trump filed a petition for Original Action in the Wisconsin Supreme Court as appeal number 2020AP1971-OA. The Wisconsin Supreme Court entered a December 3rd Order denying the petition for leave to commence an original action[9]. The Wisconsin Supreme Court specifically noted that Wis. Stat. § 9.01(6) required such an action be commenced in circuit court. Trump then filed two cases, one each in Dane County and Milwaukee County. These were ultimately consolidated into Milwaukee County Circuit Case 2020CV7092 before Judge Simanek. Further case filings are expected December 7th and 9th in advance of a December 10th or December 11th hearing.

**PLAINTIFF'S ALLEGED FACTS**

The plaintiff has alleged a massive election fraud that "occurred during the 2020 General Election in the City of Milwaukee, southeastern Wisconsin counties, and throughout the State of

---

[6] https://elections.wi.gov/elections-voting/recount (last accessed December 5th).
[7] See https://www.wbay.com/2020/11/24/milwaukee-county-could-finish-recount-as-soon-as-wednesday/ (last accessed December 5th).
[8] https://elections.wi.gov/elections-voting/recount (last accessed December 5th).
[9] https://www.wicourts.gov/sc/opinion/DisplayDocument.pdf?content=pdf&seqNo=311669

5

Wisconsin". Dkt. No. 9 at ¶ 1. Plaintiff's amended complaint contains numerous factual allegations and includes numerous exhibits. Dkt. No. 9-1 through 9-19. Those exhibits include various affidavits, although several affidavits have the name of the affiant redacted. E.g., Dkt. No. 9-1. While this could be cause for concern, most of the affidavits are wholly irrelevant to the matter before this court. For this court to find that massive election fraud during the 2020 General Election in Wisconsin, there must be a factual basis demonstrating that such fraud occurred. That evidence is simply missing from the plaintiff's pleadings. In fact, plaintiff fails to meet any of the requirements for a preliminary injunction even assuming the testimony of the affiants is true.

Dkt. No. 9-1 is an affidavit regarding elections occurring in Venezuela. However, the only connection between that affidavit and the 2020 General Election in the State of Wisconsin is that the same vendor may have supplied voting equipment in both Venezuela and in the State of Wisconsin. Id. Importantly, while the affidavit outlines electoral fraud that occurred in Venezuela, it does not allege any fraud in Wisconsin and is thus irrelevant. Dkt. No. 9-8 also contains more allegations regarding Venezuela that again are irrelevant to the Wisconsin election. The question of whether election fraud occurred in Venezuela is not relevant to the question presented before this court of whether there was election fraud in the Wisconsin 2020 General election.

Plaintiff's 2nd and 3rd exhibits reference various statistical analyses performed based on a poll of Wisconsin residents. Dkt. No. 9-1 and 9-2. The problem with this is that it relies on a poll conducted by the affiant's staff. Polls are simply not accurate as by definition they are limited to a sample size and further limited based on the individuals who respond to them. Individuals who respond are notably not under oath. Plaintiff's 9th exhibit similarly looks at voting trends and

concludes only there were "strikingly high Democratic vote totals". Dkt. No. 9-9. There is nothing inherently illegal or fraudulent in "strikingly high Democratic vote totals" and there is no allegation in that affidavit that these vote totals were the product of fraud.

As an example of inherent unreliability of polls, polls were inaccurate both in the 2016 General Election in Wisconsin and in this election. In 2016 the polls predicted a Clinton victory in Wisconsin which turned out to be inaccurate[10]. One 2020 poll had Biden winning Wisconsin by 17 points[11]. These limitations are the reason why we rely on holding actual elections and not selecting winners based on polling. This court should not and cannot order Governor Evers to declare a certain individual the winner of an election solely based on statistical analysis.

Plaintiff's 4th exhibit attempts to show "something unusual" occurring with Dominion Voting Systems machines based on a statistical analysis. Dkt. No. 9-4. However, missing from this is any evidence showing what this "something unusual" or even a suggestion of what "something unusual" might be. Given the other affidavits showing electoral fraud occurring in other countries using Dominion Voting System machines perhaps plaintiff wants the court to view the evidence in that manner. However, there are no facts to suggest, let alone prove, that something fraudulent occurred in Wisconsin.

Plaintiff's 5th exhibit simply outlines the hardware in use at each Wisconsin Municipality. Dkt. No. 9-5. Plaintiff's 6th exhibit concerns an individual named Eric Coomer who supposedly works at Dominion Voting System and is apparently biased against Trump. Dkt. No 9-6. In the light most favorable to the plaintiff, Eric Coomer made a statement that he made sure Trump was not going to win the election. Id. However, there is nothing in the affidavit to indicate that Eric

---

[10] https://www.nytimes.com/newsgraphics/2016/10/18/presidential-forecast-updates/newsletter.html
[11] https://abcnews.go.com/Politics/covid-surge-hurts-trump-wisconsin-biden-leads-closer/story?id=73834112

7

Coomer did anything, let alone something that would interfere specifically in the 2020 Wisconsin General election which is what plaintiff must prove.

Plaintiff's 7th, 8th, 10th, 11th, 12th, 13th, 14th, 15th, 16th, and 18th exhibit describes vulnerabilities found in voting systems in various places, but notably none of them reference Wisconsin. Dkt. No. 9-7, 9-8, 9-10, 9-11, 9-12, 9-13, 9-14, 9-15, 9-16, and 9-18. Whether other Dominion Voting Systems are vulnerable is simply not relevant to what occurred in Wisconsin. Additionally, the mere presence of a security vulnerability in Wisconsin does not mean that it was exploited, and electoral fraud occurred. Plaintiff does not have any evidence in the affidavits that any election machines in Wisconsin were exploited and votes changed.

Plaintiff's 17th exhibit contains several factual statements which ends in a conclusion that fraud occurred. Dkt. No. 9-17. One of the supposed indicators of fraud are higher than normal voter turnout. Additionally, there was a spike of votes that did not come from a random population of votes. While these facts are interesting, and possibly grounds for further investigation, there is no factual allegation of fraud beyond pure conjecture that it occurred. This court cannot grant plaintiff's motion based on conjecture in the absence of facts demonstrating that election fraud actually occurred in Wisconsin during the 2020 General Election.

Plaintiff's 19th exhibit performs a statistical analysis of voting trends, and it purports the outcome of this analysis to be show "fraud". Dkt. 9-19. The problem is there are no further factual allegations to indicate that it was in fact fraud, what the fraud was, who carried out the fraud and other factually important questions. There may be other explanations, and this does appear to warrant further investigation. However, it is insufficient evidence for this court issue a preliminary injunction.

## PLAINTIFF'S MISSING FACTS

It is important to examine the factual claims that are remarkably absent from plaintiff's affidavits. This court is being asked to apply the law to the facts that are present. However, it is the facts that are absent that truly demonstrate plaintiff's inability to succeed on the merits.

There is no allegation of fraudulent misconduct on the part of the named defendants or any person associated with conducting the Wisconsin election. For the plaintiff to succeed with a claim of "massive election fraud" there would need to be one or more persons who committed fraud. However, the plaintiff does not allege any specific individual committed fraud and does not allege with particularity the circumstances constitution fraud as required under Fed. R. Civ. P. 9(b).

There is further no evidence presented that votes were not counted, ballots were added, or that voters were denied the right to vote. At best the plaintiff's evidence demonstrates that fraud could be explanation for statistically significant events that occurred. So, at best, plaintiff shows there is a possibility of fraud. However, the mere possibility of harm (in this case fraud) is not even enough for Article 3 standing in Federal courts. See Clapper v. Amnesty Int'l USA, 568 U.S. 398 (2013). As a matter of law, it is certainly not enough to prove that massive election fraud occurred.

Further missing from the plaintiff's factual claims are an accounting of what the vote total should be. Plaintiff solely cites various statistical analysis for the proposition that Trump should have won the election in the State of Wisconsin. However, the plaintiff offers no method for calculating what accurate vote totals would even be. Instead, plaintiff requests that this court disenfranchise every single voter and declare by fiat who won the election for the office of the President of the United States.

## LEGAL STANDARD

Plaintiff correctly cites the standard for a temporary restraining order or preliminary injunction[12]. "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." Cooper v. Salazar, 196 F.3d 809 (1999). "[Plaintiffs must show 1) a likelihood of success on the merits, 2) irreparable harm if the preliminary injunction is denied, and 3) the inadequacy of any remedy at law. Once this threshold showing is made, the court balances 4) the harm to plaintiffs if the preliminary injunction were wrongfully denied against the harm to the defendant if the injunction were wrongfully granted, and 5) the impact on persons not directly concerned in the dispute (the "public interest")" Id.

In addition to the legal standard for a preliminary injunction, it is important to consider the legal standard applicable to the Wisconsin Election Code. Wis. Stat. Chapters 5-12. The authority of Wisconsin to regulate its election is vested in its legislature by the United States Constitution. U.S. CONST. art. II, § 1 ("Electors Clause"). Therefore, in considering this challenge to a Wisconsin election this court must consider and analyze Wisconsin law.

Any analysis of Wisconsin election law must begin with Wis. Stat. § 5.01(1). "Construction of chs. 5 to 12. Except as otherwise provided, chs. 5 to 12 *shall be construed to give effect to the will of the electors*, if that can be ascertained from the proceedings, *notwithstanding informality or failure to fully comply with some of their provisions*". Id (emphasis added). The legislature has expressed its clear intent that its statutory regulation of election give effect to the will of the electors. Further, even the failure to fully comply with some of the provisions of chs. 5 to 12 should not prevent effect being given to the will of electors. Id.

---

[12] To the extent there may be a difference between a temporary restraining order or preliminary injunction, such differences are irrelevant in this case. Plaintiff seeks a nondispositive court order requiring defendants to take certain actions and abstain from taking other actions.

The legislature has specified an exception to certain absentee voting requirements as set out in 6.84(2) which instructs that those provisions should be treated as mandatory provisions as opposed to directory provisions. Wis Stat. § 6.84(2). This is relevant as the Wisconsin Supreme Court has held that directory provisions only require substantial compliance as opposed to strict compliance. See e.g., Sommerfeld v. Board of Canvassers, 269 Wis. 299, 69 N. W. (2d) 235 (1955) and Kaufmann v. La Crosse City Board of Canvassers, 8 Wis. 2d 182 (1959)

## PLAINTIFF IS NOT ENTITLED TO A PRELIMINARY INJUNCTION

**Plaintiff has not established the subject matter jurisdiction of this court**

For plaintiff to succeed on the merits, plaintiff must show that this court properly has subject matter jurisdiction. Plaintiff claims this court has subject matter jurisdiction granted by 28 U.S.C. § 1343. Plaintiff further cites Bush v. Gore for the proposition that "A significant departure from the legislative scheme for appointing Presidential electors presents a federal constitutional question." 531 U.S. 98, 113 (2000) (Rehnquist, C.J., concurring). This quote is taken from a concurring opinion, not the majority opinion. Additionally, the majority opinion said the decision was limited to the facts of the case before the Supreme Court. Id. at 109.

Notably, plaintiff does not allege a significant departure from the legislative scheme for appointing Presidential electors in Wisconsin. Plaintiff alleges perhaps a minor departure of the legislative scheme in two manners. First, that WEC guidance that indefinitely confined absentee requests should not be changed based on what a clerk "believes" departs from the legislative scheme that requires a clerk have "reliable information". Dkt. No. 9 at ¶ 40-41. As a legal matter, a subjective belief that someone does not meet the requirements for indefinitely confined status is not the same as having reliable information that someone does not meet the requirements for

the indefinitely confined status. Thus, there is no conflict between the guidance issued by the WEC and the legislative scheme for conducting elections.

Second, plaintiff alleges that addresses were added by clerks to the witness certification of absentee ballots. Id. at ¶ 43. Plaintiff alleges this departs because there is no explicit grant in the statutes for clerks to add this information and Wis. Stat. § 6.87(6d) requires the witness address be present. However, nothing in the statutory scheme requires that the witness be the individual to fill out the address. Rather the only requirement is that the certification be executed by the witness. Wis. Stat. § 6.88(3)(a). Plaintiff has not alleged and has not offered any evidence showing that any of the ballots did not contain the witness' address. Since there is no requirement that the witness write the address, there has been no violation of the election code.

Since there is no substantial departure from the legislative scheme as required by *Bush v. Gore* to assert standing under 28 U.S.C. § 1343, this court lacks subject matter jurisdiction over these claims. The court should therefore deny the plaintiff's request for a preliminary injunction as Federal Courts should not issue preliminary injunctions when they lack jurisdiction to even hear the case. Since the plaintiff cannot establish subject matter jurisdiction, plaintiff has no chance of succeeding on the merits as is required for a temporary injunction.

**In the alternative, the court should defer to the Wisconsin courts pursuant to Article II of the Constitution**

Even if the court has subject matter jurisdiction to hear this case, it should defer to the Wisconsin Courts to resolve these claims instead of using supplemental jurisdiction to hear claims of violations of Wisconsin Statutes. 28 U.S.C. § 1367. The authority to regulate elections is left to the legislature in each of the States by the Constitution. U.S. CONST. art. II, § 1 ("Electors Clause"). The Wisconsin legislature decided upon a method for resolving disputes in

Wis. Stat. § 9.01. In cases where a violation of the Wisconsin Election Code is claimed, the matter should be resolved in the Wisconsin Circuit Court. Id. This is already taking place in the form of Milwaukee County Case 2020CV7092.

The plaintiff has not advanced any argument as to why the statutory scheme adopted by the Wisconsin legislature pursuant to Article 2 is inadequate. In Bush v. Gore the case only reached the Federal Court System and the United States Supreme Court after it had been ruled on by the Florida Supreme Court. 531 U.S. 98 (2000). There is no reason offered by the plaintiff as to why such a process should not occur here.

Should Wisconsin courts fail to protect adequately the interests of the public and this plaintiff in having free and fair elections, then, and only then, should the Federal Courts invoke their authority under 28 U.S.C. § 1343. The prospect of a Federal Court usurping the role of a State to decide the identity of its Presidential Electors and order the Governor to appoint a certain slate of Electors would be unprecedented and lacking in Constitutional authorization. Even in Bush v. Gore, the US Supreme Court remanded the case back to the Florida Courts to have them enter further orders, as necessary. Article II of the Constitution does not provide authority for a Federal Court to order a State to appoint certain electors. There is an enormous difference between finding a State Court failed to follow its legislative scheme and requiring that State Court to follow its legislative scheme and what is being requested here which is that this court order a Governor to appoint certain electors.

The doctrine of abstention allows this District Court should decline to exercise its jurisdiction. Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). The allegations against absentee ballots are the same in both this case and the pending case in Milwaukee County Circuit Court. Given that Article II of the Constitution grants authority for

creating the legislative scheme for selecting Electors to the individual State, this court should allow the State court to resolve the dispute. Plaintiff seeks to establish jurisdiction based on the Wisconsin Elections Commission alleged substantial departing from the legislative scheme for choosing Electors. That legislative scheme is based in State law and therefore should be heard in State court.

**Plaintiff fails to establish he is likely to or even could prevail on the merits**

Plaintiff alleges three separate violations of the Wisconsin Election Code. However, plaintiff fails to demonstrate how they would succeed on the merits with any of these claims.

First plaintiff claims clerks were given an unlawful directive that they should not "deactivate an absentee request if [they] believe the voter is not indefinitely confined". See WEC May 13, 2020 Guidance Memorandum. Plaintiff suggests this violates Wis. Stat. § 6.86(2)(b) which requires that an absentee voter be removed "upon the receipt of reliable information that an elector no longer qualifies". However, plaintiff makes no argument as to how the guidance violates the statute. There is a different between believing something and having reliable information. It is possible to believe in Santa Claus even in the absence of reliable information that he exists. A clerk could view an individual and form a belief that they are not indefinitely confined, however, viewing a person, by itself, is not sufficient to be reliable information. As the WEC guidance noted, "not all medical illnesses or disabilities are visible".

Second, plaintiff claims clerks do not have the authority to write the witness address onto the absentee ballot certificate. WEC October 18, 2016 Guidance Memorandum. Despite this guidance being in place for four years and multiple elections, the legislature did not adjust the statutory language. The statutory language neither permits, requires, nor prohibits the address information being added by the clerk. Wis. Stat. § 6.87(6d). There is nothing in the election code

14

requiring that the witness be the individual who completes the address. All that is required is the address be present. Wis. Stat. § 6.87(6d). Plaintiff does not allege any of the addresses were incorrect or missing. Plaintiff further does not allege that the clerk adding the witness address is fraudulent or in any manner changed the outcome of the election. Therefore, there is no violation of Wis. Stat. § 6.87(6d).

Third, plaintiff claims the Wisconsin Elections Commission and Governor Evers illegally certified the election results by not waiting for the time for an appeal under Wis. Stat. § 7.70(5)(a). However, plaintiff cites the wrong provision as this is an election for the Office of President. The correct statute is Wis. Stat. § 7.70(5)(b) which is specific to elections for presidential electors. There is no such time requirement present in Wis. Stat. § 7.70(5)(b).

**Plaintiff fails to establish there is no remedy at law**

Plaintiff fails to mention in his briefing that the Wisconsin Statutes have a mechanism for resolving election disputes, especially as it relates to claims of fraud or noncompliance with the election code. This is codified in Wis. Stat. 9.01. In fact, Trump, the proper party under 9.01(1)(a)(5)(b) is pursuing such a challenge. The plaintiff's remedy for not being named as an Elector as he believes should have occurred is to wait for his candidate's challenge brought under the Wisconsin Election Code to be heard. The Wisconsin Circuit Court is fully capable of remedying any election issues that have occurred pursuant to its statutory authority granted by the legislature. The Wisconsin Circuit Court has the authority to set aside or modify the determination of a board of canvassers based on an erroneous interpretation of law and can make factual determinations if necessary. Wis. Stat. § 9.01(8)(d). Further, the Circuit Court is aware of the time challenges involved due to the scheduled electoral vote on Wednesday December 14th

15

and should be trusted to rule on Trump's challenge pursuant to Wis. Stat. § 9.01(7)(b) which requires the matter "shall be summarily heard and determined".

**Plaintiff fails to establish any harm, let alone irreparable harm**

As mentioned above, for allegations of a massive election fraud, Wisconsin has a procedure for handling those allegations. Wis. Stat. § 9.01. The legislature duly enacted that process under its authority granted by the U.S. Constitution. The plaintiff's alleged harm of an invalid vote tally is being addressed through that process which is ongoing in Milwaukee County Circuit Court Case 2020CV7092. That Court has scheduled deadlines for briefing and scheduled an evidentiary hearing on December 10th with a backup date of December 11th in case the parties are in Federal Court on December 10th. The Milwaukee County Court has the authority to summarily hear and decide the matter. Wis. Stat. § 9.01(7)(b)

Regardless of the court's decision in this case, the challenge to the election in Milwaukee County Circuit Court Case 2020CV7092 will continue. That case can remedy any alleged wrongs committed during the 2020 General Election in Wisconsin. Should that occur, it would repair any harm suffered by plaintiff without needing any intervention from this court.

Plaintiff and Trump do have significant logistical and timing challenges in pursuing relief whether in this court or before the Milwaukee County Circuit Court. However, as it relates to the claims about the WEC guidance, that guidance has been in place since October 18th, 2016 and May 13, 2020, respectively. Plaintiff had ample opportunity to bring challenges with respect to that guidance prior to the election. Additionally, courts are and will continue to do everything they can to hear these cases in an expedited manner given the electoral voters are scheduled in vote in Wisconsin on December 14th, which is exactly 7 days from today.

**Plaintiff fails to establish the balance of equities favors the plaintiff and goes against the public interest**

The court must balance the equities when determining whether to grant a preliminary injunction. Everyone in Wisconsin, plaintiff, defendants, and amicus, desire a free and fair election. Based on that, the equities should be balanced in favor of a free and fair election.

With regards to this election, the statutorily mandated procedure for disputing an election should continue to proceed. The Wisconsin Legislature was aware that disputes could arise and in fact disputes have arisen in Wisconsin over the years. This is not the first case to challenge absentee ballots specifically for alleged noncompliance with the statutory provisions. See e.g., Sommerfeld v. Board of Canvassers, 269 Wis. 299, 69 N. W. (2d) 235. The public is served by allowing the statutory process to continue without interference from the Federal Courts.

Issuing the injunction requested by plaintiff would further moot the Wis. Stat. § 9.01 challenge occurring. If this court orders Governor Evers to certify that Trump won the State of Wisconsin, it would moot any outcome in the Wis. Stat. § 9.01 challenge occurring in Wisconsin by a State court. U.S. CONST. art. VI, § 2 ("Supremacy Clause"). In doing so, this court would be putting the insurmountable weight of the Federal Government on the election result in Wisconsin and would be unbalancing the scale created by system of checks and balances that have been maintained since the Constitution was adopted.

## CONCLUSION

The plaintiff has failed to establish that this court should grant the requested injunction. Plaintiff has not sufficiently shown that this court has subject matter jurisdiction as there has not been a *substantial* departure from the legislative scheme for choosing electors. Additionally, even if this court has subject matter jurisdiction it should decline to issue the injunction in favor

of allowing the challenge filed pursuant to the legislative scheme to progress in Milwaukee County Circuit Court Case 2020CV7092 as required by Article II of the Constitution to continue. Wis. Stat. § 9.01(7)(b) allows that matter be "summarily heard and determined". To the extent an appeal is filed by either party, appellate courts can be expected to do everything in their power to rule in expedited manner given the upcoming electoral vote on December 14th.

The plaintiff meets none of the requirements for a preliminary injunction. The plaintiff has not shown evidence of fraud occurring in the 2020 Wisconsin General Election. At best plaintiff has shown statistical areas for concern and computer security concerns with some election software. However, absent from plaintiff's claims are any allegations that fraud occurred. Fed. R. Civ. P. 9(b) requires plaintiff's allegations "state with particularity the circumstances constituting fraud." There are no witnesses offered by plaintiff to any fraud or misconduct in Wisconsin. Plaintiff will not suffer any harm, let alone irreparable harm, from the court declining to issue this injunction. In absence of this court issuing an injunction, the allegations of fraud and election code violations will continue in Wisconsin Circuit Court; where such challenges belong pursuant to the legislative scheme enacted pursuant to Article II of the U.S. Constitution. The balancing of equities and public interest weigh against Federal intervention in a State election dispute. The Wisconsin Circuit Court should be given its opportunity to fulfill its obligation under Wis. Stat. § 9.01. The Wisconsin Circuit Court, not this court, should enter any necessary order to the board of canvassers to correct fraudulent or incorrect vote tallies.

For the reasons outlined in this brief, this court should deny plaintiff's motion for a temporary restraining order or preliminary injunction.

Respectfully submitted,

James Gesbeck (SBN #1079800)
608 335-2569
James@Gesbeck.Com
9302 Harvest Moon Lane
Verona, WI 53593

N.B.: Not admitted to practice before the United States District Court for the Eastern District of Wisconsin

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,

    Plaintiff

v.

Case No. 2:20-cv-1771

Wisconsin Elections Commission, *et al.*,

    Defendants

## CERTIFICATE OF SERVICE

I, James Gesbeck, certify that I have sent a copy of Amicus Brief in Opposition to Plaintiff's Motion for Injunctive relief as follows. Further the attorneys for all parties are ECF filers and will receive a copy of the brief via the e-filing system once received by the court:

Attorneys for Plaintiff William Feehan:
miked@michaelddeanllc.com, sidney@federalappeals.com

Attorney for Defendant Wisconsin Election Commission and members:
murphysm@doj.state.wi.us, rothct@doj.state.wi.us

Attorneys for Governor Tony Evers
rnsyder@staffordlaw.com, jmandell@staffordlaw.com, jnelson@susmangodfrey.com

    Respectfully submitted,

*[signature]*

James Gesbeck (SBN #1079800)
608 335-2569
James@Gesbeck.Com
9302 Harvest Moon Lane
Verona, WI 53593

N.B.: Not admitted to practice before the United States District Court for the Eastern District of Wisconsin

1