UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM FEEHAN,

    Plaintiff,

v.

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS, MARK
L. THOMSEN, MARGE BOSTELMANN,
JULIE M. GLANCEY, DEAN HUDSON,
ROBERT F. SPINDELL, JR., in their official
capacities, GOVERNOR TONY EVERS,
in his official capacity,

    Defendants.

Case No.: 20CV1771

## DEFENDANT GOVERNOR TONY EVERS'S
## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

The reasons for dismissing Plaintiff's complaint, with prejudice, are numerous. Glaringly, not only does Plaintiff lack standing to bring his claims, but his claims are also not justiciable before this Court. Therefore, the Court lacks subject matter jurisdiction and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). Moreover, Plaintiff's claims are barred by the Eleventh Amendment of the U.S. Constitution. And, given Plaintiff's delay in filing his complaint, even if Plaintiff had standing and his claims were both justiciable and not constitutionally foreclosed, they are now foreclosed under the doctrine of laches. Finally, even if Plaintiff surmounts these jurisdictional, justiciability, and equitable objections, Plaintiff's claims should also be dismissed pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) for failure to allege fraud with particularity and failure to state a claim upon which relief may be granted.

For all of these reasons, Defendant Governor Tony Evers moves this Court to dismiss Plaintiff's claims entirely and with prejudice without ever adjudicating Plaintiff's motion for injunctive relief.

This motion to dismiss must be heard before any motion for relief in this matter. Although styled as temporary or preliminary relief, Plaintiff's requested relief, namely overturning the results of Wisconsin's November 2020 presidential election, is effectively permanent. Moreover, Plaintiff's recent request for an evidentiary hearing makes clear that what he seeks—without any discovery or basic adversarial development of evidence—is a trial and final adjudication on the merits. Accordingly, Fed. R. Civ. P. 12(i) requires the Court to hear and decide this motion before reaching Plaintiff's request for injunctive relief.

The grounds for this motion are fully set forth in the accompanying brief.

Dated: December 7, 2020

Respectfully submitted,

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

Justin A. Nelson
Stephen E. Morrissey
Stephen Shackelford Jr.
Davida Brook
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002

2

(713) 651-9366
jnelson@susmangodfrey.com
smorrissey@susmangodfrey.com
sshackelford@susmangodfrey.com
dbrook@susmangodfrey.com

Paul Smith
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
(202) 736-2200
psmith@campaignlegalcenter.org

*Attorneys for Defendant, Governor Tony Evers*