# EXHIBIT 7

2011 WL 1831608
Only the Westlaw citation is currently available.
United States District Court,
W.D. Wisconsin.

CONSOLIDATED WATER
POWER COMPANY, Plaintiff,
v.
0.40 ACRES OF LAND, More or
Less, in Portage County, Wisconsin
and Robert D. Moodie, Defendants.

No. 10–CV–397–bbc.
|
May 12, 2011.

**Attorneys and Law Firms**

Allen Arntsen, Foley & Lardner LLP, Madison, WI, for Plaintiff.

Robert D. Moodie, Plover, WI, pro se.

ORDER

BARBARA B. CRABB, District Judge.

**\*1** The parties have filed supplemental materials in response to this court's April 28, 2011 order. Because the parties' filings raise new issues of fact and law that cannot be resolved without further development, I am striking the trial date and directing the parties to start over.

This case started out as a claim brought by plaintiff Consolidated Water Power Company under the Federal Power Act, 16 U.S.C. § 814, to condemn a piece of land in Stevens Point, Wisconsin that defendant Robert D. Moodie claimed he purchased in 1998. (Plaintiff asked for condemnation of a second parcel as well, but I dismissed the complaint as to that parcel in the April 28 order.) Plaintiff's contention was that the Act authorizes condemnation of the land because plaintiff is a licensee under the Act, the land is a necessary part of the project and it has been unable to obtain the property through contract.

The case got off track because plaintiff raised two incompatible arguments in its motion for summary judgment. Although it continued to assert its claim for condemnation, it argued that it did not need to compensate defendant because it already owned the parcel at issue through adverse possession. Because one cannot condemn what one already owns, I gave plaintiff a choice: (1) seek leave to amend the complaint to include a claim for declaratory relief under state law regarding the ownership of the land and ask for condemnation in the alternative; or (2) concede for the purpose of this case that defendant owns the land and abandon its argument that defendant is entitled to no compensation because he does not own the land. Dkt. # 28. Plaintiff chose the first option. Defendant's only objection was that a state law claim should be decided by a state court, but I concluded that it was appropriate to exercise supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367 because it arose out of the same facts as plaintiff's federal claim.

Because the parties already had submitted evidence and argument on the adverse possession claim, I conducted a preliminary review of the merits of that claim in the April 28 order. The evidence in the record supported a conclusion that plaintiff had obtained the parcel at issue through adverse possession no later than 1971, but I noted that neither side had discussed Wis. Stat. § 706.09, which, in some circumstances, gives bona fide purchasers of land rights that take priority over others with adverse claims. I gave both sides an opportunity to address the statute.

The parties' responses show that it would be premature to decide plaintiff's adverse possession claim now. Plaintiff submits new evidence to support its view that defendant had notice of plaintiff's adverse claim when he purchased the property in the 1998 and that plaintiff meets the statutory definition of "public service corporation," two questions that are important to the application of § 706.09. However, it would be unfair to consider this new evidence without giving defendant an opportunity to respond.

**\*2** For his part, defendant in his response seems to be raising two new affirmative defenses to plaintiff's claim for adverse possession: estoppel and laches. This brings up an issue I overlooked in the April 28 order, which is that defendant has not yet had an opportunity to file an answer to plaintiff's amended complaint. Although I do not know whether defendant can prevail on these defenses, it seems that both can apply in the context of a property dispute, e.g., *Buza v. Wojtalewicz,* 48 Wis.2d 557, 180 N.W.2d 556

(1970)(estoppel); *Lemieux v. Agate Land Co.,* 193 Wis. 462, 214 N.W. 454, 458 (1927) (laches), so he should be allowed to develop them.

Because of the new issues raised in the parties' filings, I conclude that it is time to hit the reset button on this case. First, I will give defendant an opportunity to file an answer to plaintiff's amended complaint. An answer is simply a document that responds to each of the allegations in the complaint, agreeing or disagreeing with each allegation, as appropriate. In addition, the answer is the document in which the defendant identifies any affirmative defenses or counterclaims he wishes to assert. The top of the answer should be a caption similar to the amended complaint that includes the name of the court, the parties and the case number. Below that, defendant should include numbered paragraphs that correspond to each of the paragraphs in the amended complaint. Next to each paragraph number, he should say whether he admits each allegation in the complaint, denies it or does not have enough information to know whether the allegation is true or false. If he wishes to raise any affirmative defenses or counterclaims, he should include those in his answer as well. The requirements for preparing an answer are described further in Federal Rules of Civil Procedure 8(b) and 10.

Second, I will give the parties a new deadline for filing dispositive motions. Although both sides have had multiple opportunities to present their side of the story, I believe a do over is necessary in light of the new issues both sides have raised.

In anticipation of the new motions for summary judgment, I will give defendant a few words of advice in preparing his summary judgment submissions. First, as I explained to defendant in the April 28 order, his own statements and those of his witnesses are not admissible unless they are sworn. *Collins v. Seeman,* 462 F.3d 757, 760 n. 1 (7th Cir.2006). Defendant says that he "was under the impression that anything stated to the court with my signature attached was already sworn to be the truth." Dft.'s Br., dkt. # 54, at 1. This is wrong. In federal court, a statement may be sworn in one of two ways: (1) with the signature and seal of a notary public that is provided upon the signing of the document; or (2) with a declaration at the completion of his affidavit that includes the following statement followed by a signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746. A court cannot consider as evidence statements that are made in a brief. Further, defendant cannot correct the problem simply by asking the court to "consider all statements to be the truth in all deliberations." Dft.'s Br., dkt. # 54, at 1. If defendant relies on a document that does not comply with the procedure identified above, the court will not consider it.

**\*3** Second, if defendant wants the court to use documents as evidence, they must be authenticated as Fed.R.Evid. 901(a) requires. To authenticate a document, a party must submit "evidence sufficient to support a finding that the matter in question is what its proponent claims." Ordinarily, documents are authenticated by attaching them to an affidavit of an individual who swears that the documents are true and correct copies of the originals. However, the individual who authenticates the documents must have personal knowledge of their authenticity. Fed.R.Evid. 901(b)(1).

More generally, defendant should study carefully the summary judgment procedures he received from the court after the preliminary pretrial conference in the case. In particular, defendant should read the *Memorandum to Pro Se Litigants Regarding Summary Judgment Motions*. This memorandum is designed to help pro se parties avoid common mistakes, such as those defendant made in responding to plaintiff's first summary judgment motion. (I am attaching the memorandum and the procedures to this opinion in the event that defendant no longer has them.) If defendant does not believe he can comply with the procedures, he should seek assistance from a lawyer.

ORDER

IT IS ORDERED that

1. The trial date in this case is STRICKEN.

2. Defendant Robert Moodie may have until May 27, 2011, to file an answer to plaintiff Consolidated Water Power Company's amended complaint.

3. The parties may have until June 17, 2011, to file renewed dispositive motions, such as a motion to dismiss or a motion for summary judgment.

4. If the case is not resolved on dispositive motions, I will set a new trial date at that time.

MEMORANDUM TO PRO SE LITIGANTS REGARDING SUMMARY JUDGMENT MOTIONS

This court expects all litigants, including persons representing themselves, to follow this court's Procedures to be Followed on Motions for Summary Judgment. If a party does not follow the procedures, there will be no second chance to do so. Therefore, PAY ATTENTION to the following list of mistakes pro se plaintiffs tend to make when they oppose a defendant's motion for summary judgment:

- *Problem:* The plaintiff does not answer the defendant's proposed facts correctly.

  *Solution:* To answer correctly, a plaintiff must file a document titled "Response to Defendant's Proposed Findings of Fact." In this document, the plaintiff must answer each numbered fact that the defendant proposes, using separate paragraphs that have the same numbers as defendant's paragraphs. See Procedure II.D. If plaintiff does not object to a fact that the defendant proposes, he should answer, "No dispute."

- *Problem:* The plaintiff submits his own set of proposed facts without answering the defendant's facts.

- *Solution:* Procedure II.B. allows a plaintiff to file his own set of proposed facts in response to a defendant's motion ONLY if he thinks he needs additional facts to prove his claim.

  **\*4** • *Problem:* The plaintiff does not tell the court and the defendant where there is evidence in the record to support his version of a fact.

- *Solution:* Plaintiff must pay attention to Procedure II.D .2., which tells him how to dispute a fact proposed by the defendant. Also, he should pay attention to Procedure I.B.2., which explains how a new proposed fact should be written.

- *Problem:* The plaintiff supports a fact with an exhibit that the court cannot accept as evidence because it is not authenticated.

  *Solution:* Procedure I.C. explains what may be submitted as evidence. A copy of a document will not be accepted as evidence unless it is authenticated. That means that the plaintiff or someone else who has personal knowledge what the document is must declare under penalty of perjury in a separate affidavit that the document is a true and correct copy of what it appears to be. For example, if plaintiff wants to support a proposed fact with evidence that he received a conduct report, he must submit a copy of the conduct report, together with an affidavit in which he declares under penalty of perjury that the copy is a true and unaltered copy of the conduct report he received on such and such a date.

*NOTE WELL:* If a party fails to respond to a fact proposed by the opposing party, the court will accept the opposing party's proposed fact as undisputed. If a party's response to any proposed fact does not comply with the court's procedures or cites evidence that is not admissible, the court will take the opposing party's factual statement as true and undisputed. Additional tips for making sure that your submissions comply with the court's procedures are attached to the front of the Procedures.

HELPFUL TIPS FOR FILING A SUMMARY JUDGMENT MOTION

Please read the attached directions carefully—doing so will save your time and the court's.

**REMEMBER:**

1. *All* facts necessary to sustain a party's position on a motion for summary judgment must be explicitly proposed as findings of fact. This includes facts establishing jurisdiction. (Think of your proposed findings of fact as telling a story to someone who knows nothing of the controversy.)

2. The court will not search the record for factual evidence. Even if there is evidence in the record to support your position on summary judgment, if you do not propose a finding of fact with the proper citation, the court will not consider that evidence when deciding the motion.

3. A fact properly proposed by one side will be accepted by the court as undisputed unless the other side properly responds to the proposed fact and establishes that it is in dispute.

4. Your brief is the place to make your legal argument, not to restate the facts. When you finish it, check it over with a fine tooth comb to be sure you haven't relied upon or assumed any facts in making your legal argument that you failed to include

in the separate document setting out your proposed findings of fact.

 ***5** 5. A chart listing the documents to be filed by the deadlines set by the court for briefing motions for summary judgment or cross-motions for summary judgment is printed on the last page of the procedures.

*PROCEDURE TO BE FOLLOWED ON MOTIONS FOR SUMMARY JUDGMENT*

I. *MOTION FOR SUMMARY JUDGMENT*

A. Contents:

1. A motion, together with such materials permitted by Rule 56(e) as the moving party may wish to serve and file; *and*

    2. In a separate document, a statement of proposed findings of fact or a stipulation of fact between or among the parties to the action, or both; *and*

    3. Evidentiary materials (see I.C.); *and*

    4. A supporting brief.

B. Rules Regarding Proposed Findings of Fact:

1. Each fact must be proposed in a separate, numbered paragraph, limited as nearly as possible to a single factual proposition.

    2. Each factual proposition must be followed by a reference to evidence supporting the proposed fact. For example,

    "1. Plaintiff Smith bought six Holstein calves on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p. 1, ¶ 3."

    3. The statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor. For example, the proposed findings shall include factual statements relating to jurisdiction, the identity of the parties, the dispute, and the context of the dispute.

    4. The court will not consider facts contained only in a brief.

C. Evidence

1. As noted in I.B. above, each proposed finding must be supported by admissible evidence. The court will not search the record for evidence. To support a proposed fact, you may use:

    a. Depositions. Give the name of the witness, the date of the deposition, and page of the transcript of cited deposition testimony;

    b. Answers to Interrogatories. State the number of the interrogatory and the party answering it;

    c. Admissions made pursuant to Fed.R.Civ.P. 36. (state the number of the requested admission and the identity of the parties to whom it was directed); or

    d. Other Admissions. The identity of the document, the number of the page, and paragraph of the document in which that admission is made.

    e. Affidavits. The page and paragraph number, the name of the affiant, and the date of the affidavit. (Affidavits must be made by persons who have first hand knowledge and must show that the person making the affidavit is in a position to testify about those facts.)

    f. Documentary evidence that is shown to be true and correct, either by an affidavit or by stipulation of the parties. (State exhibit number, page and paragraph.)

II. *RESPONSE TO MOTION FOR SUMMARY JUDGMENT*

A. Contents:

1. A response to the moving party's proposed finding of fact; *and*

    2. A brief in opposition to the motion for summary judgment; *and*

    3. Evidentiary materials (See I.C.)

B. In addition to responding to the moving party's proposed facts, a responding party may propose its own findings of fact following the procedure in section I.B. and C. above.

**\*6** 1. A responding party should file additional proposed findings of fact if it needs them to defeat the motion for summary judgment.

    2. The purpose of additional proposed findings of fact is to SUPPLEMENT the moving party's proposed findings of fact, not to dispute any facts proposed by the moving party. They do not take the place of responses. Even if the responding party files additional proposed findings of fact, it MUST file a separate response to the moving party's proposed findings of fact.

C. Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed.

D. Rules Regarding Responses to the Moving Party's Proposed Factual Statements:

1. Answer each numbered fact proposed by the moving party in separate paragraphs, *using the same number*.

    2. If you dispute a proposed fact, state your version of the fact and refer to evidence that supports that version. For example,

Moving party proposes as a fact:

"1. Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p. 1, ¶ 3."

Responding party responds:

"1. Dispute. The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull John Dell Affidavit, Feb. 1, 2007, Exh. A."

3. The court prefers but does not require that the responding party repeat verbatim the moving party's proposed fact and then respond to it. Using this format for the example above would lead to this response by the responding party:

"1. *Plaintiff Smith purchased six Holstein calves from Dell's Dairy Farm on July 11, 2006. Harold Smith Affidavit, Jan. 6, 2007, p. 1, ¶ 3.*

"**Dispute.** The purchase Smith made from Dell's Dairy Farm on July 11, 2006 was for one Black Angus bull." John Dell Affidavit, Feb. 1, 2007, Exh. A."

4. When a responding party disputes a proposed finding of fact, the response must be limited to those facts necessary to raise a dispute. The court will disregard any new facts that are not directly responsive to the proposed fact. If a responding party believes that more facts are necessary to tell its story, it should include them in its own proposed facts, as discussed in II.B.

E. Evidence

1. Each fact proposed in disputing a moving party's proposed factual statement and all additional facts proposed by the responding party must be supported by admissible evidence. The court will not search the record for evidence. To support a proposed fact, you may use evidence as described in Procedure I.C.1. a. through f.

    2. The court will not consider any factual propositions made in response to the moving party's proposed facts that are not supported properly and sufficiently by admissible evidence.

III. *REPLY BY MOVING PARTY*

A. Contents:

1. An answer to each numbered factual statement made by the responding party in response to the moving party's proposed findings of fact, together with references to evidentiary materials; *and*

    **\*7** 2. An answer to each additional numbered factual statement proposed by the responding party under Procedure II.B., if any, together with references to evidentiary materials; *and*

3. A reply brief; *and*

4. Evidentiary materials (see I.C.)

B. If the responding party has filed additional proposed findings of fact, the moving party should file its response to those proposed facts at the same time as its reply, following the procedure in section II.

C. When the moving party answers the responding party's responses to the moving party's original proposed findings of fact, and answers the responding party's additional proposed findings of

fact, the court prefers but does not require that the moving party repeat verbatim the entire sequence associated with each proposed finding of fact so that reply is a self-contained history of all proposed facts, responses and replies by all parties.

IV. *SUR–REPLY BY RESPONDING PARTY*

A responding party shall not file a sur-reply without first obtaining permission from the court. The court only permits sur-replies in rare, unusual situations.

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 1831608

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.