# EXHIBIT 11

2020 WL 5887393
Supreme Court of the United States.

Marci ANDINO, et al.
v.
Kylon MIDDLETON, et al.

No. 20A55
|
October 5, 2020

**Opinion**

*1 The application for stay presented to THE CHIEF JUSTICE and by him referred to the Court is granted in part, and the district court's September 18, 2020 order granting a preliminary injunction is stayed pending disposition of the appeal in the United States Court of Appeals for the Fourth Circuit and disposition of the petition for a writ of certiorari, if such writ is timely sought. Should the petition for a writ of certiorari be denied, this stay shall terminate automatically. In the event the petition for a writ of certiorari is granted, the stay shall terminate upon the sending down of the judgment of this Court.

The order is stayed except to the extent that any ballots cast before this stay issues and received within two days of this order may not be rejected for failing to comply with the witness requirement.

Justice THOMAS, Justice ALITO, and Justice GORSUCH would grant the application in full.

Justice KAVANAUGH, concurring in grant of application for stay.
The District Court enjoined South Carolina's witness requirement for absentee ballots because the court disagreed with the State's decision to retain that requirement during the COVID–19 pandemic. For two alternative and independent reasons, I agree with this Court's order staying in part the District Court's injunction.

First, the Constitution "principally entrusts the safety and the health of the people to the politically accountable officials of the States." *South Bay United Pentecostal Church* v. *Newsom*, 590 U. S. ——, ——, 140 S.Ct. 1613, 1613-1614, 207 L.Ed.2d 154 (2020) (ROBERTS, C. J., concurring in denial of application for injunctive relief) (internal quotation marks and alteration omitted). "When those officials 'undertake[ ] to act in areas fraught with medical and scientific uncertainties,' their latitude 'must be especially broad.' " *Ibid.* (quoting *Marshall v. United States*, 414 U.S. 417, 427, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974); alteration in original). It follows that a State legislature's decision either to keep or to make changes to election rules to address COVID–19 ordinarily "should not be subject to second-guessing by an 'unelected federal judiciary,' which lacks the background, competence, and expertise to assess public health and is not accountable to the people." *South Bay*, 590 U. S., at ——, 140 S.Ct., at 1613-1614 (citing *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 545, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985)). The District Court's injunction contravened that principle.

Second, for many years, this Court has repeatedly emphasized that federal courts ordinarily should not alter state election rules in the period close to an election. See *Purcell v. Gonzalez*, 549 U.S. 1, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006) (*per curiam*). By enjoining South Carolina's witness requirement shortly before the election, the District Court defied that principle and this Court's precedents. See —— F. 3d ——, —— – ——, 2020 WL 5752607 (CA4 2020) (Wilkinson and Agee, JJ., dissenting from denial of stay).

For those two alternative and independent reasons, I agree with this Court's order staying in part the District Court's injunction.

**All Citations**

--- S.Ct. ----, 2020 WL 5887393 (Mem), 2020 Daily Journal D.A.R. 10,854

---

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.