## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

WILLIAM FEEHAN,

        Plaintiff,

     v.

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS, MARK
L. THOMSEN, MARGE BOSTELMANN,
JULIE M. GLANCEY, DEAN HUDSON,
ROBERT F. SPINDELL, JR., in their official
capacities, GOVERNOR TONY EVERS,
in his official capacity,

        Defendants.

Case No.: 20CV1771

---

**DEFENDANT TONY EVERS'S OPPOSITION TO PLAINTIFF'S MOTION FOR A
CONSOLIDATED EVIDENTIARY HEARING AND TRIAL ON THE MERITS**

---

Plaintiff's motion for a consolidated hearing/trial on the merits (Dkt. 44) should be denied. A host of reasons require holding off on scheduling such a hearing. The only reason Plaintiff now claims to have time for an earlier hearing date is that the District Court of Arizona this past Saturday *sua sponte* converted Plaintiff's attorneys' originally scheduled evidentiary hearing in their virtually identical Arizona lawsuit to oral argument on a motion to dismiss, postponing any potential evidentiary hearing to later in the week. Further, just today the Eastern District of Michigan denied a preliminary injunction in an almost identical lawsuit filed by Plaintiff's counsel; that court acted for reasons relevant here and raised in Governor Evers's briefs filed today (Dkt. 55, 59), including that:

- The relief requested would violate the Eleventh Amendment;
- Michigan had already certified its election results, making the lawsuit moot;
- The doctrine of laches barred relief;

- Abstention was warranted in light of ongoing state-court litigation;
- Plaintiffs lacked standing; and
- Plaintiffs had no likelihood of success on the merits.

*King v. Whitmer*, No. 2:20-cv-13134, ECF No. 62 (E.D. Mich. Dec. 7, 2020) (filed as Dkt. 55-5). The court based its decision on the parties' paper submissions. And in Georgia, a ruling today resulted in dismissal of another near-identical lawsuit on similar grounds. *Pearson v. Kemp*, No. 1:20-cv-04809, oral decision issued from the bench (N.D. Ga. Dec. 7, 2020).

The same result is exceedingly likely in the case before this Court, as the Michigan and Georgia lawsuits are almost identical to this case. The cases all rely on speculation and wild conjecture, and all lack any evidence in support of their fantastical conspiracy claims. Governor Evers has filed a Motion to Dismiss and a brief in support of that Motion. Like the District of Arizona court, this Court should first decide threshold issues in the Motion to Dismiss before holding any type of evidentiary hearing. Doing so is an efficient use of the Court's and parties' resources because if the Court holds, for example, the Plaintiff lacks standing (which he does) or his claims are non-justiciable (which they are), then there will be no need for an evidentiary hearing.

Additionally, there are several anonymous declarants and proffered experts who Defendants may need to depose prior to any evidentiary hearing. Without knowing the identities of some of the witnesses, it is impossible to prepare for even a deposition. That necessitates scheduling any evidentiary hearing no earlier than December 11 so that witnesses can be identified and deposed. Plaintiff has no basis to demand that this Court forgo even a rushed, rudimentary discovery process when he unnecessarily delayed by waiting until a month after the election to bring his claim.

In truth, the request that the Court hold an evidentiary hearing before deciding the Motion to Dismiss represents a last-gasp effort to hijack a federal court for the same type of circus-atmosphere proceeding, as the nation witnessed a few days ago in a Michigan legislative hearing. For all the reasons Governor Evers explains in both his Motion to Dismiss and his brief in opposition to Plaintiff's motion for injunctive relief, none of these witnesses has a shred of credibility, expertise, or personal knowledge of any facts that would actually be relevant to the recent election in Wisconsin. Just as other federal courts have done, this Court should decline to let Plaintiff coopt a federal courthouse for such a circus, when Plaintiff's complaint should be dismissed on the papers for any of numerous, independently sufficient reasons.

For the above reasons, Governor Evers opposes Plaintiff's Motion for Consolidated Evidentiary Hearing and Trial on the Merits, and requests that the Court either deny the motion or schedule any evidentiary hearing on a date after the Court decides Governor Evers's Motion to Dismiss. Counsel for Governor Evers will be prepared to discuss this issue further at the status conference the Court has set for tomorrow at 11:00 am.

Respectfully submitted this 7th day of December 2020.

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

3

Paul Smith
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, DC 20005
Telephone: (202) 736-2200
psmith@campaignlegalcenter.org

Justin A. Nelson
Stephen E. Morrissey
Stephen Shackelford Jr.
Davida Brook
SUSMAN GODFREY L.L.P.
1000 Louisiana St., Suite 5100
Houston, TX 77002
Telephone: 713-651-9366
jnelson@susmangodfrey.com
smorrissey@susmangodfrey.com
sshackelford@susmangodfrey.com
dbrook@susmangodfrey.com

*Attorneys for Defendant,*
*Governor Tony Evers*

4