2020 WL 736303
Only the Westlaw citation is currently available.
United States District Court, D. Arizona.

AGUILA MANAGEMENT LLC, Plaintiff,
v.
INTERNATIONAL FRUIT GENETICS LLC, Defendant.

No. CV-19-00173-PHX-DJH
|
Signed 02/13/2020

**Attorneys and Law Firms**

David J. Marr, Pro Hac Vice, Timothy M. McCarthy, Pro Hac Vice, Clark Hill PLC, Chicago, IL, Ryan James Lorenz, Sean Michael Carroll, Clark Hill PLC, Scottsdale, AZ, for Plaintiff.

Carol Anne Been, Pro Hac Vice, Leah R. Bruno, Pro Hac Vice, Dentons US LLP, Chicago, IL, Cynthia Ann Ricketts, Andrew Carl Stanley, Sacks Ricketts & Case LLP, Phoenix, AZ, Kate E. Hart, Pro Hac Vice, Dentons US LLP, Kansas City, MO, for Defendant.

**ORDER**

Honorable Diane J. Humetewa, United States District Judge

*1 Pending before the Court is a Motion to Dismiss ("the Motion") filed by Defendant International Fruit Genetics, LLC ("IFG") (Doc. 20). The Motion seeks to dismiss the Complaint filed by Plaintiff Aguila Management LLC ("Aguila"). (Doc. 20 at 1). Plaintiff filed a Response (Doc. 28), and Defendant filed a Reply (Doc. 31).[1]

[1] Both parties requested oral argument on this matter. The Court denies the request because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed.R.Civ.P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

**I. Background**

Plaintiff initiated this action on January 10, 2019 (Doc. 1). The Complaint alleges Federal Trademark Infringement in violation of 15 U.S.C. § 1114(1), Federal Unfair Competition and False Designation of Origin in violation of 15 U.S.C. § 1125(a), and Dilution in violation of 15 U.S.C. § 1125(c), as well as Common Law Unfair Competition and Common Law Trademark Infringement. (Doc. 1 at 8-12).

Plaintiff Aguila is the managing entity of a fruit and vegetables business which conducts transactions in the retail and wholesale marketplaces. (Doc. 1 at 3). Defendant IFG is a fruit-breeding business focused on creating new fruit varietals. (Doc. 20 at 4). Plaintiff's fruit and vegetables business utilizes trademarks "CANDY" for "Fresh Fruit-Namely, Apples, Peaches, Pears, Fresh Prunes and Plums;" "CANDY" for "Fresh Fruit;" and "KANDY" for "Fresh Fruit and Fresh Vegetables." (Doc. 1 at 4-5). Subsequent to Plaintiff, Defendant registered "COTTON CANDY" for "Fruits, Namely, Fresh Grapes," among other phrases. (Doc. 20 at Ex. 6). In the Complaint, Plaintiff alleges that Defendant knowingly and willingly infringed upon its trademarks by adopting and using "Cotton Candy" as well as other "Candy" related terms. (Doc. 1 at 5-6). Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant moves to dismiss on all counts for failure to state a claim upon which relief can be granted, arguing that the affirmative defense of laches bars Plaintiff's claims. (Doc. 20 at 1-2).

**II. Discussion**

**A. Legal Standard for Rule 12(b)(6) Motion**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). Complaints must contain a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it must simply plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* at 678 (citation omitted).

**\*2** The Court must interpret facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id.* at 557.

### B. Laches

Laches is an affirmative defense distinct from a statute of limitations defense. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (citation omitted). It is "an equitable time limitation on a party's right to bring suit." *Id.* (quoting *Boone v. Mech Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979)). In a trademark infringement claim under the Lanham Act, it is well established that laches may be presented as an equitable defense. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1209 (9th Cir. 2000). If a suit is filed beyond the "analogous state limitations period" for a claim arising from the Lanham Act, the Court presumes laches applies. *Jarrow*, 304 F.3d at 836 (citations omitted). Arizona's analogous statute of limitations for trademark infringement and unfair competition bars claims after three years. *See Ranch Realty v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 989-90 (D. Ariz. 2007).

To evaluate the application of laches, the Court first applies a two-prong test. *Danjaq LLC v. Sony corp.*, 263 F.3d 942, 951 (9th Cir. 2001). The first prong asks whether plaintiff unreasonably delayed filing suit, and the second prong asks whether defendant suffered prejudice as a result of the delay. *Id.*

The first prong begins with the length of delay, which is measured from the time the plaintiff knew or should have known about its potential cause of action. *Jarrow*, 304 F.3d at 838 (citing *Kling v. Hallmark Cards Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000); *Portland Audubon Soc'y v. Lujan*, 884 F.2d 1233, 1241 (9th Cir. 1989)). Next, the Court decides whether the plaintiff's delay was reasonable. *Id.* (citing *Danjaq*, 263 F.3d at 954-55; *Couveau v. American Airlines*, 218 F.3d 1078, 1083 (9th Cir. 2000)). The reasonableness of the plaintiff's delay is considered in light of the time allotted by the analogous limitations period. *Id.* (citing *Sandvik v. Alaska Packers Ass'n*, 609 F.2d 969, 971 (9th Cir. 1979)). The Court also considers whether the plaintiff has proffered a legitimate excuse for its delay. *Id.* (citing *Danjaq*, 263 F.3d at 954-55).

In the second prong, a defendant must prove either evidentiary prejudice or expectations-based prejudice. *Danjaq*, 263 F.3d at 955. Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died. *Id.* (citations omitted). A defendant may demonstrate expectations-based prejudice by showing that it took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly. *Id.* (citation omitted). However, when laches is presented as a defense to a trademark infringement claim, a finding of expectations-based prejudice requires more. *Internet Specialties West, Inc. v. Milon-Digiorgio Enters., Inc.*, 559 F.3d 985, 991 (9th Cir. 2009). The court must determine whether the claim of prejudice is based on mere expenditures in promoting the infringed name or whether it is based on an investment in the mark as the identity of the business in the minds of the public. *Id.* at 991-93 (citations omitted) (quotation omitted).

**\*3** Finally, in addition to the *Jarrow* two-prong test, courts analyze six factors to determine whether laches precludes a trademark infringement claim: "1) the strength and value of trademark rights asserted; 2) plaintiff's diligence in enforcing mark; 3) harm to senior user if relief denied; 4) good faith ignorance by junior users; 5) competition between senior and junior users; and 6) extent of harm suffered by junior user because of senior user's delay." *E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604, 607 (9th Cir. 1983).

### C. Analysis

In the Motion, Defendant argues Plaintiff's claims are barred by the equitable doctrine of laches. (Doc. 20 at 7). Courts in this district have previously applied laches in a motion to dismiss, noting that "where the elements of laches are apparent on the face of a complaint, it may be asserted on a motion to dismiss." *Arizona Minority Coalition for Fair Redistricting v. Arizona Independent Redistricting Com'n*, 366 F. Supp. 2d 887, 912 n.19 (D. Ariz. 2005) (citation omitted). Defendant first argues the facts require the presumption that laches applies. (Doc. 20 at 8). Second, Defendant argues Plaintiff unreasonably delayed suit. *Id.* at 9. Third, Defendant argues it is prejudiced by Plaintiff's alleged unreasonable delay in bringing suit. *Id.* at 10. Finally, Defendant argues the six-factor *E-Systems* test weighs in favor of dismissing Plaintiff's claims. *Id.* at 11-14. For the following reasons, the Court will deny the Motion.

*1. The Presumption of Laches*

Plaintiff does not dispute that in 2011 it had knowledge of Defendant's "COTTON CANDY" Intent-To-Use Trademark Application at the U.S. Patent Trademark Office ("USPTO"). (Doc. 28 at 9-10). Plaintiff argues an intent-to-use application does not trigger laches because the Lanham Act requires infringement by "use in commerce" for laches to be triggered. *Id.* at 9 (citing *United Am. Indus., Inc. v. Cumberland Packing Corp.*, No. CV-06-1833PHX-FJM, 2007 WL 38279 at *3 (D. Ariz. Jan 5, 2007)). In this instance, however, the Court need not reach whether an intent-to-use application triggers laches under the Lanham Act because Defendant's "COTTON CANDY" mark was later registered with the USPTO on March 6, 2012. (Doc. 20 at Ex. 6). The registration also indicated use in commerce as early as August 26, 2011. *Id.*

As a matter of public record not subject to reasonable dispute, the Court takes judicial notice of Defendant's 2012 "COTTON CANDY" mark registration. *See Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 f.3d 1048, 1052 (9th Cir. 2007); Fed. R. Evid. 201(b); *Tallyho Enterprises, LLC. V. PremierGarage Sys., LLC*, No. CV-07-01791-PHX-SRB, 2008 WL 11338891, at *7 n.1 (D. Ariz. Apr. 29, 2008). Plaintiff thus had constructive notice of the March 6, 2012 registration of "COTTON CANDY" mark by Defendant. *See Kling*, 225 F.3d at 1036 (when laches is raised, the law charges Plaintiff with "such knowledge as he might have obtained upon inquiry, provided the facts already known by him were such as to put upon a man of ordinary intelligence the duty of inquiry"). Given that Plaintiff was aware of the relevant intent-to-use application prior to Defendant's March 6, 2012 "COTTON CANDY" mark registration, the Court finds Plaintiff reasonably had a duty of inquiry and is assumed to have had knowledge of the registration as of March 6, 2012.

The current action was filed January 10, 2019, far later than the would-be March 6, 2015 deadline for suit under Arizona's analogous statute. The Court thus initially proceeds under the assumption laches applies. *See Jarrow*, 304 F.3d at 836.

*2. Plaintiff's Unreasonable Delay*

**\*4** Plaintiff filed suit nearly seven years following Defendant's March 6, 2012 "COTTON CANDY" mark registration. Plaintiff's delay is greater than double the maximum time to file suit under Arizona's analogous statute of limitations. Plaintiff does not establish any justifiable reason for the delay. The Court finds the length of Plaintiff's delay to be unreasonable.

*3. Defendant Must Show it is Prejudiced by Plaintiff's Unreasonable Delay*

Plaintiff's delay in bringing suit is unreasonable, but Defendant does not claim evidentiary prejudice and has not proven expectations-based prejudice. The Complaint does allege that "IFG has both licensed the Infringing Marks ... and sold products bearing the Infringing Marks." (Doc. 1 at 7). The claim that Defendant licensed and sold products bearing infringing marks, however, does not establish prejudice in the laches context. *See Internet Specialties*, 559 F.3d at 991-93. Laches is meant to protect an infringer whose efforts have been aimed at "build[ing] a valuable business *around its trademark*" and "an important reliance *on the publicity of [its] mark*." *Id.* at 991-92 (quoting 6 McCarthy on Trademarks and Unfair Competition § 31:12) (citations omitted) (emphases added). Proof of efforts to build a valuable business around the marks in question is necessary because "if this prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case of delay." *Id.* at 991 (quoting *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 615 (7th Cir. 1965)).

Defendant has not shown at this stage that its alleged infringement rests on "an investment in the mark [ ] as the identity of the business in the minds of the public." *Id.* at 992; *see also Jarrow*, 304 F.3d at 839 (if plaintiff had filed the action sooner, defendant "could have invested its resources in shaping an alternative identity ... in the minds of the public"). Defendant's statement that "the history of IFG's uncontested growth as documented in the Complaint and in the USPTO register are precisely what evidence Courts rely upon" when analyzing prejudice understates the burden of proof required when asserting laches against a Lanham Act trademark infringement claim. (Doc. 31 at 2). Defendant's statement that its efforts regarding brand recognition are sufficiently demonstrated "by its development, registration, use, and licensing of its numerous CANDY-formative marks" also misapprehends the burden of proof required to show expectations-based prejudice. *Id.* at 8. The Court is unable to conclude, at this early stage of the litigation, that Defendant has invested in the relevant marks as the identity of its

business. Even finding a presumption in favor of laches, the application of laches at this stage is inappropriate because prejudice is not apparent on the face of the Complaint.[2] Therefore, the Court will deny the Motion to Dismiss.

[2] The Court need not reach the *E-Systems* factors because the Motion fails to establish prejudice under the *Jarrow* test. *See Internet Specialties*, 559 F.3d at 991 (citing *Jarrow*, 304 F.3d at 839) (holding that notwithstanding the result of the *E-Systems* analysis, defendant must still satisfy the second prong of the laches test).

### III. Conclusion

The Court finds the application of laches inappropriate because the Defendant failed to establish prejudice at this stage.

*5 Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 20) is **DENIED**.

**All Citations**

Slip Copy, 2020 WL 736303

---

**End of Document**                    © 2020 Thomson Reuters. No claim to original U.S. Government Works.