UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN ,

        Plaintiff,

  v.

        Case No. 20-cv-1771-pp

WISCONSIN ELECTIONS COMMISSION,
COMMISSIONER ANN S. JACOBS,
MARK L. THOMSEN, COMMISSIONER MARGE BOSTELMANN,
JULIE M. BLANCEY, COMMISSIONER DEAN KNUDSON,
ROBERT F. SPINDELL, JR., and TONY EVERS ,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO FILE UNREDACTED COPIES OF EXHIBITS 1 AND 12 TO PLAINTIFF'S AMENDED COMPLAINT UNDER SEAL AND EXHIBITS 4, 13, AND 19 UNDER PROTECTIVE ORDER (DKT. NO. 75)**

---

After the plaintiff filed his reply brief in support of his motion for injunctive relief, he filed a separate motion to file unredacted copies of Exhibits 1 and 12 under seal and to file Exhibits 4, 13 and 19 as restricted to all attorneys of record. Dkt. No. 75. The plaintiff previously had filed redacted versions of these documents with the amended complaint, concealing the affiants' identities and some additional material. Dkt. Nos. 9-1, 9-4, 9-12, 9-13, 9-19.

The general local rule governing confidential matters requires that a movant certify in the motion that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials

subject to sealing under the motion. Gen. L.R. 79(d)(4). The plaintiff filed an email from Attorney Jeffrey Mandell, who represents defendant Governor Tony Evers, objecting to the use of declarations, affidavits or reports or otherwise pressing forward with evidentiary issues. Dkt. No. 75-1 at 1. The plaintiff has not indicated whether he attempted to confer with counsel for the Wisconsin Election Commission and its members.

General Local Rule 79(d)(2) requires the motion to describe the general nature of the information withheld from the public record. Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record. Gen. L. R. 79(d)(3). "The Seventh Circuit has emphasized that 'the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.' *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)." Roumann Consulting Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Id.

The plaintiff maintains that good cause exists to restrict the affiants' identities. Dkt. No. 76 at 2. He asserts that sealing to protect identities is routine. Id. at 3 (citing Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348-49 (7th Cir. 2006), abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital, 827 F.3d 689, 691-92 (7th Cir. 2016); Roe v. City of Milwaukee, 37 F.

2

Supp. 2d 1127 (E.D. Wis. 1999)). It is unclear what portion of Hicklin plaintiff relies on for this understanding. Hicklin addresses whether a *judicial decision* may be sealed. Hicklin, 439 F.3d at 348-49.

The Seventh Circuit imposes a high burden on a party seeking to seal court documents, and it is anything but "routine." See, *e.g.*, Bond v. Utreras, 585 F.3d 1061, 1075 (7th Cir. 2009) ("documents . . . 'used in [a court] proceeding' . . . are therefore presumptively open to public inspection unless they meet the definition of trade secret or other categories of bona fide long-term confidentiality.") (citing Fed. R. Civ. P. 5(d)). "It is beyond dispute that most documents filed in court are presumptively open to the public." Id. at 1073. In fact, a judge in this district has stated that "[t]he party seeking to seal items has the burden of showing cause and must 'analyze in detail document by document, the propriety of secrecy, providing reasons and legal citations.'" E.E.O.C. v. Abbott Labs., No. 10-C-0833, 2012 WL 2884882, at *1 (E.D. Wis. July 12, 2012) (quoting Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 548 (7th Cir. 2002)).

The motion does not explain why the plaintiff believes the court needs the unredacted material this stage of the litigation. The plaintiff previously took the position that "the plaintiff's amended complaint and motion present material dispositive issues that are questions of law that may be resolved without factual investigation or determination." Dkt. No. 10 at ¶6. At the telephonic hearing on December 8, the court told the parties that it needed to decide threshold issues of justiciability before it could consider any evidence.

3

Dkt. Nos. 70, 71. The plaintiff asked the court to rule on those justiciability issues on December 9, 2020; the court is working hard to do that.

As for the plaintiff's concern that the court protect the identities of the declarants, the plaintiff says that the affiants (declarants) are "in reasonable fear of harassment and threats to their physical safety and their livelihoods in retaliation for their coming forward with testimony." Dkt. No. 76 at 4. Exhibit 1 was prepared by a Venezuela whistleblower and Exhibit 2 was prepared by an individual known as "Spider" who describes him- or herself as an electronic intelligence analyst. Id. at 5. According to plaintiff, both individuals showed "great courage in coming forward at a critical moment to deliver the truth to the court about matters of great importance." Dkt. No. 76 at 6. He says that the authors of exhibits 4, 13 and 19 fear attacks against their reputation, professional career and personal safety. Id. at 7.

The court will not require the plaintiff to disclose the identities of the individuals at this time. Their identities are not relevant to the justiciability issues the court is working to resolve. If and when the time comes to discuss presentation of evidence, the plaintiff may renew his motion.

The court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to File Unredacted Copies of (1) Exhibits 1 and 12 to Plaintiff's Amended Complaint

Under Seal and (2) Exhibits 4, 3 and 19 Under Protective Order. Dkt. No. 75.

Dated in Milwaukee, Wisconsin this 9th day of December, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**