UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM FEEHAN,

    Plaintiff,

v.

WISCONSIN ELECTIONS COMMISSION, and its members ANN S. JACOBS, MARK L. THOMSEN, MARGE BOSTELMANN, JULIE M. GLANCEY, DEAN KNUDSON, ROBERT F. SPINDELL, JR., in their official capacities, GOVERNOR TONY EVERS, in his official capacity,

    Defendants.

Case No.: 20CV1771

## DEFENDANT GOVERNOR TONY EVERS'S MOTION TO RECOVER ATTORNEY FEES

Four weeks after Wisconsin's presidential election, Plaintiff and his attorneys filed a meritless lawsuit built on inscrutable conspiracy theories and improper anonymous affidavits. Upon filing the complaint (and then amending it to exclude a co-plaintiff who never signed onto this lawsuit), Plaintiff demanded an expedited schedule and virtually immediate resolution of his motion for irrevocable injunctive relief.

Barely a week later, Defendants had filed and fully briefed a motion to dismiss, as well as their opposition to Plaintiff's injunction motion, and this Court issued a thorough opinion dismissing the case. Plaintiff then filed two separate appeals with the U.S. Court of Appeals for the Seventh Circuit and also filed two emergency petitions with the Supreme Court of the United States.

Although Plaintiff's claims were bereft of legal or factual basis, the stakes were immense. Governor Tony Evers had no choice but to defend zealously against the claims and in the extraordinarily expedited timeframe of this litigation, to engage with Plaintiff's scattershot litigation tactics. This litigation imposed significant costs on the taxpayers of Wisconsin. Those costs were needless, because Plaintiff's suit never had any merit, and they were exacerbated by the strategic choices made by Plaintiff and his lawyers.

Accordingly, Governor Evers respectfully moves this Court to tax his attorney fees—approximately $106,000 to date—against both Plaintiff and his attorneys. The Court can and should take these actions using both statutory authority and the Court's inherent power to sanction attorneys for engaging in bad faith litigation. *See* 28 U.S.C. § 1927; *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980).[1]

The grounds for this Motion, as well as the details of the fees sought are set forth in the supporting briefs and declarations that have also been filed with this Court. By his counsel, Governor Evers conferred on the morning of February 25th with Plaintiff's local counsel, Mr. Dean, in an effort to propose a mutually agreed upon briefing schedule for this matter. Mr. Dean expressed a need to confer with his co-counsel and with national counsel. To date, they have provided no substantive response, but they most certainly have been put on notice regarding this claim for fees and sanctions.

---

[1] Had there been sufficient time, Governor Evers would likely have also pursued sanctions under Federal Rule of Civil Procedure 11. However, the Rule 11 safe-harbor requirement provides that the party moving for sanctions first notify the opposing party and allow 21 days for potential withdrawal or correction before filing a motion for sanctions with the court. Here, Plaintiff filed his claim on December 1 and demanded resolution by December 6. Ultimately, the Court issued an order dismissing the case on December 9. Thus, the case moved too quickly for Governor Evers to comply with Rule 11's safe-harbor requirement, but it cannot be true that demanding an expeditious process can shield Plaintiff and his attorneys from appropriate consequences for their egregious conduct.

Respectfully submitted this 31st day of March, 2021.

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

*Attorneys for Defendant,
Governor Tony Evers*