KeyCite Yellow Flag - Negative Treatment
Distinguished by Feehan v. Wisconsin Elections Commission, E.D.Wis., December 9, 2020

2008 WL 5246167
Only the Westlaw citation is currently available.
United States District Court,
E.D. Wisconsin.

John SWAFFER, Jr. and Michael Rasmussen, Plaintiffs,
v.
David DEININGER, Thomas Cane, Gerald Nichol, Michael Brennan, William Eich, James Mohr, and Phillip A. Koss, Defendants.

No. 08-CV-208.
|
Dec. 17, 2008.

West KeySummary

| 1 | **Constitutional Law** ← Mootness |
|---|---|
| | A voter's claim that a state election law requiring the voter to file a registration statement in order to distribute postcards and signs violated his First Amendment rights was not rendered moot when a referendum the voter had opposed was passed. The voter alleged that he intended to distribute postcards and signs advocating his position on similar referenda and thus, there was a reasonable likelihood that the voter would be subject to the same election law in the future. U.S.C.A. Const.Amend. 1; W.S.A. 11.23, 11.30. |

**Attorneys and Law Firms**

Clayton J. Callen, James Bopp, Jr., Jeffrey P. Gallant, Bopp Coleson & Bostrom, Terre Haute, IN, Michael D. Dean, Michael D. Dean LLC, Waukesha, WI, for Plaintiffs.

Jennifer Sloan Lattis, Christopher J. Blythe, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI, for Defendants.

### ORDER

J.P. STADTMUELLER, District Judge.

**\*1** On March 10, 2008, plaintiff John Swaffer, Jr. ("Swaffer") filed a complaint pursuant to 42 U.S.C. § 1983 against the named defendants, who are members of Wisconsin's Government Accountability Board (the "GAB") and the Walworth County District Attorney. The complaint alleged Swaffer's First and Fourteenth Amendment rights were infringed upon by certain Wisconsin state election laws. Swaffer sought declaratory judgment and a permanent injunction barring defendants from enforcing the challenged laws, as well as costs and attorney's fees. On March 10, 2008, Swaffer filed a motion for a temporary restraining order, or a preliminary injunction, seeking to enjoin defendants from enforcing the challenged statutes against Swaffer prior to a referendum that was to be held on April 1, 2008. On March 19, 2008, the parties filed a stipulation and proposed order "enjoining the defendants from enforcing the statutory provisions challenged in this matter as applied to the plaintiff through April 1, 2008, and until a final decision on the merits of this case or such other event as constitutes a final disposition of this matter." (Stipulation and Proposed Order, Docket # 8). On March 20, 2008, the court granted Swaffer's motion for a preliminary injunction pursuant to the parties' stipulation. (Order, March 20, 2008, Docket # 10).

On March 27, 2008, Swaffer amended his complaint to add plaintiff Michael Rasmussen. (Docket # 11). Rasmussen seeks the same relief as Swaffer, and additionally seeks the expungement of a registration statement that he filed pursuant to the challenged state statute. On April 15, 2008, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Defendants assert that Swaffer's claim has been rendered moot, and that Rasmussen has failed to state a claim for which relief may be granted. Plaintiffs

responded to defendants' motion, and filed their own motions to amend their complaint and for summary judgment. The court now addresses defendants' motion to dismiss.

## BACKGROUND

According to the amended complaint, Swaffer is a resident of the Town of Whitewater, a so-called "dry" town in Walworth County, Wisconsin. On April 1, 2008, residents of the Town of Whitewater were asked to vote, via referendum, on whether to turn the town wet and allow liquor sales and licensing of liquor vendors. Swaffer alleges that he opposed the referendum, and wanted to mail postcards to fellow residents urging them to vote against the liquor proposals on the April 1, 2008 ballot. Swaffer also wanted to make yard signs advocating against passage of the referendum. Plaintiffs estimated the cost of producing and distributing the postcards and signs to be approximately five hundred dollars. Plaintiff Rasmussen, a resident of nearby Waterford, Wisconsin, alleges that he sought to contribute to Swaffer's effort to offset the cost of producing and distributing the postcards and signs.

Plaintiffs allege that these activities triggered an obligation under Wisconsin state law to file a registration statement and make certain disclosures. Specifically, Wis. Stat. § 11.23 requires individuals or groups promoting or opposing a referendum to file a registration statement, designate a campaign depository account and treasurer, and disclose contributions and disbursements. Wis. Stat. § 11.30 and Wis. Admin. Code § E1 Bd 1.655 require persons who pay for, or are responsible for campaign communications to disclose their identity. Rasmussen apparently filed a registration statement, complying with the statutes. Swaffer, on the other hand, admits that he did not comply with the statutes. Instead, Swaffer commenced this action challenging the validity of the statutes on its face and as it applies to Swaffer and Rasmussen as individuals.

## ANALYSIS

*2 Defendants move to dismiss plaintiffs' claims on two separate grounds: 1) lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1); and 2) failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the court accepts all factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. *St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir.2007). The court will grant a motion to dismiss only where it appears beyond doubt from the pleadings that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court addresses Swaffer's claims first.

### 1. Swaffer's Claims

As the court noted in its March 20, 2008 order, the power of the federal courts is limited to justiciable cases or controversies under Article III of the Constitution. (Order, March 20, 2008, 2, Docket # 10). Therefore, federal courts lack jurisdiction to hear nonjusticiable cases, including cases that are moot. *See Maher v. FDIC,* 441 F.3d 522, 525 (7th Cir.2006). A case is rendered moot "if there is no possible relief which the court could order that would benefit the party seeking it." *Id.* at 525 (quoting *In re Envirodyne Indus.,* 29 F.3d 301, 303 (7th Cir.1994)). Mootness has been described as "the doctrine of standing set in a time frame," because a plaintiff who loses standing during the course of litigation renders that plaintiff's claims moot. *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (citation omitted). In other words, "a case is moot when it no longer presents a live case or controversy." *Tobin for Governor v. Illinois State Bd. of Elections,* 268 F.3d 517, 528 (7th Cir.2001).

Conversely, a case challenging a statute on First Amendment grounds is ripe for judicial review when the complaint alleges an intent to engage in "conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n,* 149 F.3d 679, 686-87 (7th Cir.1998)(quoting *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)). The threat of prosecution is deemed credible if a plaintiff's intended conduct would violate the challenged statute, and the enforcing

government body "fails to indicate affirmatively that it will not enforce the statute." See *id.* at 687.

Federal courts may also consider otherwise moot cases or controversies if the questions involved are "capable of repetition, yet evading review." *Moore v. Ogilvie,* 394 U.S. 814, 816, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969) (quoting S. *Pac. Terminal Co. v. Interstate Commerce Comm'n,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911)). This exception to the mootness doctrine applies when "(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Tobin for Governor,* 268 F.3d at 529.

**\*3** Defendants assert that because Swaffer received a preliminary injunction, and because the April 1, 2008 election has come and gone, Swaffer's claims have become moot. Defendants argue that once Swaffer completed his anonymous campaign under the protection of the court's preliminary injunction, the controversy ended and Swaffer no longer had standing because he sustained no injury-in-fact. Defendants also argue that the "evading review" exception does not apply because there is no reasonable expectation that Swaffer will be subjected to defendants' enforcement of the election laws at issue. Defendants appear to concede in their brief that enforcing the challenged laws against Swaffer would be unconstitutional under *McIntyre v. Ohio Elections Comm'n,* 514 U.S. 334, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1995). Defendants assert that "[t]here is no real prospect that the Government Accountability Board or the Walworth County District Attorney will ever enforce the statute in a situation similar to Swaffer's, as such would be barred by *McIntyre*." (Supp. Br. 6, Docket # 16).

Plaintiffs respond by arguing that their claim for permanent injunctive relief and declaratory judgment remain live. Plaintiffs assert that Swaffer intends to engage in future activities proscribed by the challenged election laws, and that he has an on-going fear of enforcement. Plaintiffs further assert that Swaffer need not subject himself to actual enforcement of the statutes to have standing because the very existence of the challenged statutes cause him injury. Plaintiffs also argue that Swaffer's claim falls within the "evading review" exception of the mootness doctrine.

In support of their argument, plaintiffs direct the court to the First Circuit's opinion in *New Hampshire Right to Life Political Action Committee v. Gardner,* 99 F.3d 8 (1st Cir.1996) (holding plaintiff political action committee had standing to challenge election law after election day because a credible threat of enforcement remained where challenged statute remained on the books and enforcing agency had not disclaimed intention to enforce). In reply to plaintiffs' arguments, defendants direct the court to the Seventh Circuit's opinion in *Wisconsin Right to Life, Inc. v. Schober,* 366 F.3d 485 (7th Cir.2004) (holding plaintiff political action committee lacked standing to challenge election law where the same law had been declared unconstitutional in a previous case and the enforcing agency had publicly disclaimed any intention to enforce).

Here, defendants have failed to persuade the court that plaintiffs' claims have been rendered moot. *See Schober,* 366 F.3d at 491 (noting "the party asserting mootness bears the burden of persuasion"). While the April 1, 2008 referendum plaintiffs opposed has passed, the court finds that Swaffer continues to have standing because he has alleged that he intends to violate the challenged statutes in the future, and a credible threat of prosecution remains.

Swaffer conducted part of his campaign activities leading up to the April 1, 2008 election under the protection of the court's preliminary injunction. This has diminished the immediate threat of prosecution. However, Swaffer alleges that he would like to conduct similar activities advocating his position on future referenda relating to liquor sales in his town, or other issues "involving education, traditional marriage, and life issues." (Am. Compl. ¶¶ 18-19, Docket # 11). Swaffer further alleges that the issue of liquor sales is not new to the Town of W hitewater, with the electorate having turned down a similar referendum two years ago. (Am. Compl. ¶ 18, Docket # 11). During the previous referendum, Swaffer alleges that a fellow resident conducted similar activities without registering and was threatened with criminal charges by local law enforcement. (Am. Compl. ¶¶ 14-15, Docket # 11). While defendants' brief implies that enforcing the challenged statutes against Swaffer would run afoul of U.S. Supreme Court precedent in this case, defendants do not affirmatively indicate that they would not enforce the statute in the future. The preliminary injunction only prevents defendants from enforcing the statutes through the duration of this case. (Stipulation and Order, March 18, 2008, Docket # 8); *see also* (Order, March 20, 2008, Docket # 10).

**\*4** The court also considers Swaffer's claims to fall within the "evading review" exception of the mootness doctrine. As has been demonstrated in this case, the period leading up to an election is often too short to fully litigate constitutional challenges to an election law. *See*

*Stewart v. Taylor,* 104 F.3d 965, 969 (7th Cir .1997). Swaffer filed a complaint on March 10, 2008, and the referendum was presented to the voters on the April 1, 2008 ballot. Neither the parties nor the court could have reasonably expected a resolution on the merits of plaintiffs' claims in such a short period of time. Therefore, this case has evaded full review. As discussed above, plaintiffs allege that the liquor sales issue remains an open issue in the Town of Whitewater, and Swaffer plans on continuing activities that would trigger the reporting requirements of the challenged statutes when future referenda are placed on the ballot. Therefore, plaintiffs' complaint has set forth sufficient allegations to show a reasonable likelihood that plaintiffs will be subject to the same election laws when voicing their opinions on similar local referenda in the future.

Therefore, the court finds that Swaffer has standing and has alleged a justiciable controversy. The court's finding is not inconsistent with the Seventh Circuit's opinion in *Schober*. Unlike the facts in *Schober,* here the challenged statute has never been declared unconstitutional, and defendants have made no affirmative indication, at least that the court has been made aware of, as to their intentions to enforce the challenged statutes going forward. For the same reasons, the court's finding is also consistent with the First Circuit's opinion in *Gardner*. As a result, the court is obliged to deny defendants' motion to dismiss with respect to Swaffer's claims.

**2. Rasmussen's Claims**

Defendants seek dismissal of Rasmussen's claims for failing to state a claim upon which relief can be granted. However, defendants' brief principally argues that Rasmussen lacks standing. Defendants argue that Rasmussen has no standing to seek expungement of the registration statement he filed pursuant to the challenged election laws. Defendants assert that Rasmussen has never sought to expunge his registration statement administratively prior to becoming a party in this case, and that the named defendants are not in actual control of the filed statement Rasmussen seeks to expunge. Defendants also argue that Rasmussen has suffered no injury because he voluntarily complied with the challenged laws. Plaintiffs respond by arguing that defendants have the authority to expunge Rasmussen's registration statement. Plaintiffs also argue that Rasmussen suffered an injury when he was compelled by statute to disclose information in the filed registration statement.

A Rule 12(b)(6) motion requires the defendant show that the plaintiff has failed to state a claim upon which relief can be granted. To order to state a claim in federal court, the plaintiff need only specify "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir.2002). Independent of this requirement, a plaintiff must also have standing to bring a claim. In order to have standing under Article III, a plaintiff must allege an injury in fact, that is "fairly traceable" to the complained-of conduct, and that is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An injury in fact is one that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (Internal citations omitted).

**\*5** The court finds that Rasmussen has alleged a cognizable and justiciable constitutional claim. Rasmussen alleges that he suffered an actual injury by foregoing his First Amendment rights to comply with the challenged state election laws. Defendants' assertion that Rasmussen could not have been injured by voluntarily complying with the challenged statutes is unavailing. A plaintiff challenging the constitutionality of a statute need not violate the statute in order to assert his or her rights. *See Deida v. City of Milwaukee,* 192 F.Supp. 899, 905-06 (E.D.Wis.2002) (citing *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974)). Further, Rasmussen alleges that his injuries were caused by his compliance with the challenged statutes, the enforcement and administration of which depend on defendants. With respect to redressability, Rasmussen seeks the same injunctive and declaratory relief as Swaffer, and additionally seeks expungement of the filings Rasmussen made pursuant to the challenged election laws. The fact that the Town of Whitewater clerk, who is currently not a party to this case, may have actual possession of Rasmussen's filings does not strip Rasmussen of standing to bring his claims. As Rasmussen points out, Wisconsin statutes provide that the GAB is responsible for administering Wisconsin election laws, including enforcement of those laws. *See generally* Wis. Stat. § 5.05. Moreover, plaintiffs have moved for leave to amend their complaint and add the Town of Whitewater clerk as a party defendant.[1] (Docket # 19). Finally, defendants provide no authority for the proposition that Rasmussen was required to exhaust administrative remedies before coming to federal court. Exhaustion of state administrative remedies is not a condition precedent to

bringing a non-prisoner case under 42 U.S.C. § 1983. See *Patsy v. Bd. of Regents of State of Florida,* 457 U.S. 496, 501-03, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). Therefore, the court denies defendants' motion to dismiss Rasmussen's claims. Because the court is obliged to deny defendants' motion in its entirety, the court will allow defendants to respond to plaintiffs' motions for summary judgment and for leave to amend the complaint pursuant to the court's May 22, 2008 order. (Order, May 22, 2008, Docket # 26).

Accordingly,

**IT IS ORDERED** that defendants' motion to dismiss (Docket # 15) be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that defendants shall have thirty (30) days from the filing of this order to file a response to plaintiffs' motion for summary judgment (Docket # 20) and plaintiffs' motion for leave to file an amended complaint (Docket # 19); plaintiffs shall have fifteen (15) days from the filing of defendants' responsive brief to file a reply.

**All Citations**

Not Reported in F.Supp.2d, 2008 WL 5246167

## Footnotes

[1] The court does not address plaintiffs' motion for leave to amend their complaint in this order as defendants have not yet had an opportunity to respond. (Order, May 22, 2008, Docket # 26).

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.