IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**WILLIAM FEEHAN,**

      **Plaintiff,**

      v.                      CASE NO. 2:20-cv-1771-PP

**WISCONSIN ELECTIONS COMMISSION,**
and its members **ANN S. JACOBS, MARK L.
THOMSEN, MARGE BOSTELMAN, JULIE
M. GLANCEY, DEAN KNUDSON, ROBERT
F. SPINDELL, JR., in their official capacities,
GOVERNOR TONY EVERS, in his official
capacity,**

      **Defendants.**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE MOTION FOR SANCTIONS (ECF NO. 97)

### Statement of Facts

Defendant begins his argument with the ironic statement that "Plaintiff and his counsel delayed in filing this case four weeks after Wisconsin's Presidential Election…" (ECF No. 98, p.3). Yet, here, the Defendant files a motion for sanctions on March 31, 2021, more than three months since this Court dismissed the case on December 9, 2020. ECF No 83. Defendant's motion is filed out of time. This Court has no jurisdiction.

Plaintiff commenced this action on December 1, 2020 and amended his complaint on December 3, 2020. ECF Nos. 1, 9. This Court dismissed the complaint pursuant to a motion under FRCP 12(b)(6) on December 9, 2020. ECF No. 83. Judgment was entered on December 10, 2020. ECF No. 85. Plaintiff filed a notice of appeal to the Seventh

Circuit on December 10, 2020 and an amended appeal on December 15. ECF Nos. 84, 90. On February 1, 2021, the Seventh Circuit dismissed Plaintiff's appeal with instruction to vacate the court's earlier decision and to dismiss the case as moot. (*See* Seventh Circuit No. 20-3448, Dkt. 16; ECF No. 95). Two weeks later, on February 15, 2021, this Court complied with the appellate court order and vacated its decision and dismissed this case as moot. ECF No. 95.[1]

## Argument

**Plaintiff's Motion is Without Jurisdiction and is Untimely.**

Two months have passed since the Seventh Circuit found this case to be moot and remanded it with instructions to vacate this Court's prior decision. Nonetheless, during those two months, the Defendant did not make any application for sanctions, nor did Defendant make any motion for sanctions during the proceedings or the appeal. Further, the Defendant has not made an effort to reopen this case, which was closed by the court in December of 2020.

Now that the case has been vacated long ago as moot, Defendant appears with a non-meritorious motion for sanctions that is filed out of time and which, under controlling Seventh Circuit precedent, may not be considered by this court.[2]

In *Overnite Transp. Co. v. Chi. Indus. Tire Co.*, 697 F.2d 789, 793-794 (7th Cir.

---

[1] The Supreme Court's denial of Plaintiff's Extraordinary Writ of Mandamus, filed on December 29, 2020, on March 1, 2021 without opinion, does not affect the analysis here. The Supreme Court action was not an appeal of the Seventh Circuit's dismissal. Further, this motion comes a month after that decision.

[2] Should the court somehow find jurisdiction and deny the instant motion, Plaintiff will present a formal opposition to the motion seeking its denial on the merits and request a full hearing as evidence would be required.

2

1983), the Seventh Circuit held that a party may not bring a motion for sanctions after an appeal has been dismissed. As the court explained:

> In the instant case no motion requesting attorney's fees was filed with either the district court or this court during the pendency of Overnite's original appeal on the merits. It was not until two months after this court affirmed the district court's dismissal of the plaintiff's action that the defendant filed its motion for fees and costs. **Therefore, since the defendant failed to file a motion before any court requesting attorney's fees while the appeal on the merits was pending, and because the district court did not reserve jurisdiction nor was jurisdiction expressly reserved by statute, we hold the defendant did not file its motion within a reasonable time and the district court was without jurisdiction to act on the motion.** Therefore, the order granting the defendant's motion for attorney's fees is hereby set aside and vacated.

*Id.* (emphasis added).

*Overnite*'s decision is controlling law and must be followed by this Court. Realizing that his motion is out of time, Defendant urges this Court to ignore this precedent. His arguments are unavailing. Defendant's reliance upon an earlier Supreme Court case, *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 454 (1982) is misplaced. That decision specifically addressed an attorneys' fees application in a civil rights case, under 42 USCS § 1988. Here, by contrast, Defendant's motion is not brought pursuant to 42 UCSC § 1988. It cannot stand. It is long past the time for seeking rehearing in the Court of Appeals, or any other action allowed by the rules.

Defendant would have this Court make new law, create an exception for a baseless and untimely motion, which—with no precedent in the case law or any rule—could extend the time for filing a sanctions motion "to infinity and beyond" to harass a plaintiff in what amounts to nothing more than political grandstanding.[3]

---

[3] Buzz Lightyear, *Toy Story* (Pixar 1995).

3

## **Conclusion**

For the reasons set forth above, the Defendant's motion for sanctions should be struck in its entirety as filed out of time in a closed case over which there is no longer jurisdiction. Defendant has given this Court no basis or authority for exercising jurisdiction in these circumstances, and the law provides none.

Respectfully submitted, this 8th day of April, 2021.

ATTORNEYS FOR PLAINTIFF

Sidney Powell
Texas Bar No. 16209700
Sidney Powell, PC
2911 Turtle Creek Blvd.
Suite 300
Dallas, Texas 75219
(517) 763-7499
sidney@federalappeals.com


*/s/ Howard Kleinhendler*
Howard Kleinhendler
New York Bar No. 2657120
Howard Kleinhendler, Esquire
369 Lexington Avenue, 12th Floor
New York, New York 10017
(917) 793-1188
howard@kleinhendler.com


Local Counsel for Plaintiff

Michael D. Dean
Wis. Bar No.01019171
P.O. Box 2545
Brookfield, WI 53008
(262) 798-8044
miked@michaelddeanllc.com

4

Daniel J. Eastman  
Wis. Bar No.1011433  
P.O. Box 158  
Mequon, Wisconsin 53092  
(414) 881-9383  
dan@attorneyeastman.com