UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM FEEHAN,

        Plaintiffs,

v.

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS, MARK
L. THOMSEN, MARGE BOSTELMANN,
JULIE M. GLANCEY, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., in their official
capacities, GOVERNOR TONY EVERS,
in his official capacity,

        Defendants.

Case No.: 20CV1771

## DEFENDANT GOVERNOR TONY EVERS'S OPPOSITION
## TO PLAINTIFF'S MOTION TO STRIKE

Plaintiff seeks to impose further delay on the proceedings before this Court by filing a deficient and inapposite motion. As legal authority supporting his so-called motion to strike, Plaintiff cites only Civil Local Rule 7(a), which provides that "[e]very motion must state the statute or rule pursuant to which it is made…." Relying solely on this rule as the basis for a motion seeking relief is nonsensical. By doing just that, Plaintiff has contravened the Rule's directive. This failure is itself sanctionable by this Court.[1]

Even if Plaintiff had cited actual legal authority to support his motion, a motion to strike is inappropriate here. Under Federal Rule of Civil Procedure 12(f), a motion to strike may be directed only towards *pleadings*; "thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)." 5C Charles Alan Wright & Arthur R. Miller,

---

[1] *See* General L.R. 83(f) ("The Court may impose appropriate sanctions on any party or attorney who fails to comply with a Local Rule.").

FEDERAL PRACTICE AND PROCEDURE §1380 (3rd ed.); *accord, e.g.*, *Swires v. Incredible Scents, Inc.*, No. 3:12-CV-1232-JPG-DGW, 2013 WL 5346475, at *1 n.1 (S.D. Ill. Sept. 24, 2013) (citing *Hrubec v Nat'l R.R. Passenger Corp.*, 929 F. Supp. 1502, 1506 (N.D. Ill. 1993), in holding that "Rule 12(f) applies only to striking matter *from pleadings* as defined by Federal Rule of Civil Procedure 7(a)—that is, in this case, from the complaint and answer—not from other filings such as motions"); *Martorana v. Vill. of Elmwood Park*, No. 12-C-6051, 2013 WL 1686869, at *2 (N.D. Ill. Apr. 18, 2013) (citing *Hrubec* in denying motion to strike directed at a motion and brief, rather than at a pleading); *Vogt v. Raymond James Fin. Servs., Inc.*, No. 09-CV-83, 2009 WL 4667130, at *1-2 (E.D. Wis. Dec. 3, 2009) (observing the general principle that Rule 12(f) may be used only to attack a pleading, not a motion).[2] As Judge Griesbach has noted, "[m]otions to strike are disfavored even if they are filed pursuant to a rule," and especially so where, as in this case, "the rule does not even apply." *Formax, Inc. v. Alkar-Rapidpak-MP Equip.*, No. 11-C-298, 2014 WL 12651076, at *1 (E.D. Wis. May 6, 2014).[3]

Even if this Court were to treat Governor Evers's motion for fees as a pleading and thereby consider Plaintiff's motion as though it had been filed under Rule 12(f), Plaintiff's motion would still be deficient and subject to summary denial. A motion to strike under 12(f) may be used to exclude "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But Plaintiff does not cite to Federal Rule 12(f), nor does he state with any specificity that he seeks to strike any defense or matter within or evidence submitted in support of Governor Evers's motion for fees. Instead, he presents a motion to

---

[2] In accord with E.D. Wis. Civil L. R. 7(j)(2), copies of all unpublished papers cited herein are attached as exhibits.
[3] A motion to strike could be based on violation of a Federal Rule of Civil Procedure or a Civil Local Rule. *See Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 805 (7th Cir. 2014) (finding that a district court properly struck portions of an affidavit that violated Fed. R. Civ. P. 56(c)(4)). However, Plaintiff and his attorneys have not cited any rule violations nor any legal authority justifying a motion to strike on that basis.

2

dismiss under the guise of a motion to strike; this is improper and impermissible. "A motion to strike is neither an authorized nor a proper way to procure the dismissal of all or part of a complaint." *Wells Fargo Bus. Credit v. Donald J. Hindman*, No. 10-C-348, 2010 WL 3386624, at *1 (E.D. Wis. Aug. 23, 2010) (internal citations and quotation marks omitted).

Moreover, even when legally appropriate, "motions to strike are strongly disfavored," *Ill. Tool Works Inc. v. ESAB Grp., Inc.*, No. 16-C-201, 2016 WL 8224331 (E.D. Wis. Sept. 13, 2016), in part because they "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Such motions are "typically granted only if the challenged matter clearly has no bearing upon the subject matter of the litigation." *United States v. Pansier*, No. 17-C-1740, 2020 WL 7209562, at *2 (E.D. Wis. Dec. 7, 2020) (quoting *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984)). Again, Plaintiff does not argue that any matter contained within Governor Evers's motion for fees or evidence offered in support has no bearing on the subject matter of the litigation. Instead, he is inappropriately proffering a motion to strike as a mechanism to argue the merits and advocate for outright dismissal of the motion for fees.

Instead of following Plaintiff's procedural detour, this Court should deny the motion to strike and engage Plaintiff's arguments on the merits of Governor Evers's motion for fees when and if Plaintiff files a proper response to that motion. Anticipating the very argument that Plaintiff attempts to make in the motion to strike, Governor Evers's initial brief in support of his motion for fees fully addressed the timeliness of the motion under 28 U.S.C. § 1927. Yet, in the motion to strike, Plaintiff cherry-picks part of Governor Evers's argument and responds only to that part. He fails to acknowledge this Court's inherent authority to impose sanctions; by deliberately sidestepping half of the rationale in Governor Evers's motion for fees, Plaintiff is

3

creating needless delay. Remarkably, he has neither asked this Court for an extension of the time authorized for his response to Governor Evers's motion for fees nor cited any authority demonstrating that the time is tolled by virtue of having filed the motion to strike. Consequently, under Civil Local Rule 7(b), Plaintiff remains subject to the response deadline of April 21, 2021.

Accordingly, Governor Evers respectfully requests that this Court deny Plaintiff's motion to strike.

Respectfully submitted this 14th day of April 2021.

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com
*Attorneys for Defendant, Governor Tony Evers*