2009 WL 4667130
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Wisconsin.

Donna Marie VOGT, Plaintiff,
v.
RAYMOND JAMES FINANCIAL SERVICES, INC., Raymond James Financial, Inc., Terrance A. Bostic, John Stephen Putnam, U.S. Bancorp, Emmanual Mamalakis, David Cohen, John Hyland, Gregory Everts, and Samuel Edgerton, Defendants.

No. 09-CV-83.
|
Dec. 3, 2009.

**Attorneys and Law Firms**

Donna Marie Vogt, Campbellsport, WI, pro se.

Emery K. Harlan, R. Jeffrey Krill, Jerilyn Jacobs, Gonzalez Saggio & Harlan LLP, Karen A. Waple, Godfrey & Kahn SC, Milwaukee, WI, Daniel T. Flaherty, Godfrey & Kahn SC, Appleton, WI, Michael F. Tuchalski, Jr., Brent D. Nistler, Nistler Law Office SC, Brookfield, WI, David E. McFarlane, Joost Kap, Bell Gierhart & Moore SC, Madison, WI, for Defendants.

### ORDER

J.P. STADTMUELLER, District Judge.

**\*1** On August 20, 2009, the court granted defendants' motions to dismiss this case and entered judgment accordingly. On September 3, 2009, plaintiff filed a document titled "Objection to Magistrate Judge Determination Motion for an Amended Judgment"[1] (Docket # 129). Though titled as a motion for amended judgment, that filing did not in-fact seek an amended judgment. Rather, in that filing plaintiff merely reiterated the allegations found in her amended complaint. Plaintiff proffered no rationale as to why the court's judgment should be amended. On November 5, 2009, plaintiff filed a motion titled "Motion to Stay Upon Reopening Case Pending Discovery and Resolutions" in which plaintiff seeks relief pursuant to Fed.R.Civ.P. 60(b)(1), (3), & (6).

Rule 60(b) allows relief from final judgment for a myriad of reasons such as "mistake, inadvertence, surprise, or excusable neglect," Fed.R.Civ.P. 60(b)(1), or "fraud ... misrepresentation, or misconduct by an opposing party," Fed.R.Civ.P. 60(b)(3), or "any other reason that justifies relief," Fed.R.Civ.P. 60(b)(6). "Relief pursuant to Rule 60(b) is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir.2000).

Despite plaintiff's motion requesting relief pursuant to Rule 60(b), plaintiff provides very little argument that is relevant to a Rule 60(b) analysis. The majority of her brief in support of her motion simply rehashes the merits of her case against defendants. The few arguments she advances in support of Rule 60(b) relief are all based on a fundamental lack of understanding of the law. Plaintiff claims that defendants failed to comply with the Civil L.R. 12.1 which requires the provisions of Civil L.R. 56.1(a)[2] to be complied with when a party files a Fed.R.Civ.P. 12(b)(6) motion against a pro se litigant if in that motion matters outside the pleading are presented to the court. However, defendants' motions to dismiss were granted based entirely on the pleadings, thus Civil L.R. 12.1 was not triggered. Plaintiff faults the court for not ordering a Rule 26(f) scheduling conference, and for not issuing a scheduling order. However, because the case was resolved at the pleading stage, there was no reason for a scheduling conference or order. Plaintiff asserts that defendants did not respond to her discovery requests. This case was resolved on the pleadings and thus never reached the discovery phase. Therefore, the few Rule 60(b) arguments made by plaintiff are meritless, and the court is obliged to deny her motion. Likewise, plaintiff has filed a motion to compel discovery. Such a motion is misplaced as this case is over; there will be no discovery. The court is obliged to deny that motion as well.

Lastly, defendant Emmanual Mamalakis filed a motion requesting the court strike an attachment from one of plaintiff's filings. The attachment is what plaintiff claims is a grievance complaint against Mamalakis that plaintiff submitted to the Wisconsin Office of Lawyer Regulation. Mamalakis asserts that such materials are to be strictly confidential, and asks that the court strike it from the record pursuant to Fed.R.Civ.P. 12(f). However, "Rule 12(f) [ ] may only be used to attack a *pleading.*" *Renguett v. Board of School Trustees ex rel.,* 2007 WL 1536841, 5 (S.D.Ind.2007) (emphasis in original). Generally, neither a motion, nor a brief in support of a motion, is a "candidate[ ] for Rule 12(f)." *Hrubec v. Nat'l R.R. Passenger Corp.,* 829 F.Supp. 1502, 1506 (N.D.Ill.1993).

**\*2** Though the court could deny Mamalakis's motion since the challenged document is not part of a pleading, doing so would produce an inequitable result. The document that Mamalakis seeks to be struck from the docket clearly should be struck. Not only should a grievance to the Office of Lawyer Regulation (OLR) be kept confidential, *see* SCR 22.40(1), but the filing of such a grievance in this case, as plaintiff did, served no useful purpose whatsoever. The document in question was filed as "Attachment # 1" to plaintiff's reply brief (found at Docket # 139) in support of a filing titled "Plaintiff's Memorandum of Law in Support of motion for leave for filing all response/timeliness/size and to add addendum" (Docket # 118), which was itself filed after judgment had been entered in this case. Thus, not only is the OLR grievance form irrelevant to any issue in this case, and not only was the reply brief the OLR was attached to irrelevant to any issue in this case, but so too was the original motion-in which the reply brief was filed in support of-irrelevant to any issue in this case.

A review of applicable case law shows that other courts have confronted non-pleading documents that should be struck from the docket. The most common mechanism for striking such documents appears to be Rule 12(f). For "[a]lthough Rule 12(f) applies by its terms only to 'pleadings,' courts occasionally have applied the Rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure." *Pigford v. Veneman,* 215 F.R.D. 2, 4, n. 1 (D.D.C.2003) (striking non-pleading document); *see Cobell v. Norton,* 2003 WL 721477 (D.D.C.2003) (considering striking non-pleading document; ultimately refusing to strike on merits, not based on fact document was not a pleading); *see McCorstin v. U.S. Dept. of Labor,* 630 F.2d 242, 243-44 (5th Cir.1980) (finding no abuse of discretion in district court's striking of several non-pleading documents). Therefore, just as "courts have permitted affidavits to be challenged by motions to strike because the Federal Rules provide no other means to contest their sufficiency," *McLaughlin v. Copeland,* 435 F.Supp. 513, 519 (D.Md.1977) (citing cases therein), the court will permit Mamalakis to challenge the document in question by means of a motion to strike. Furthermore, because the document is irrelevant to any issue in the case, and can only serve to demean and harass defendant Mamalakis, the court will grant the motion and direct the clerk to strike Docket # 139, Attachment # 1.

Accordingly,

**IT IS ORDERED** that plaintiff's Objection to Magistrate Judge Determination Motion for an Amended Judgment (Docket # 129) be and the same is hereby **DENIED;**

**IT IS FURTHER ORDERED** that defendant Emmanual Mamalakis's Motion to Strike (Docket # 141) be and the same is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Discovery (Docket # 150) be and the same is hereby **DENIED;** and

**\*3 IT IS FURTHER ORDERED** that plaintiff's Motion to Stay Upon Reopening Case Pending Discovery and Resolutions (Docket # 151) be and the same is hereby **DENIED.**

**All Citations**

Not Reported in F.Supp.2d, 2009 WL 4667130

**Footnotes**

| | |
|---|---|
| 1 | For the sake of clarity, the court points out that judgment in this case was not rendered by a Magistrate Judge. |
| 2 | Civil L.R. 56.1 requires a party filing a motion for summary judgment against a pro se litigant to inform the pro se litigant that any factual assertion in the movant's affidavits or other documentary evidence will be |

accepted as true unless the pro se litigant submits his or her own admissible evidence contradicting the assertion. Civil L.R. 56.1 also requires the text of Fed.R.Civ.P. 56(e) & (f), Civil L.R. 56.1, 56.2, & 7.1 to be included in the motion.

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.