2014 WL 12651076
Only the Westlaw citation is currently available.
United States District Court, E.D. Wisconsin.

FORMAX, INC., Plaintiff,
v.
ALKAR–RAPIDPAK–MP EQUIPMENT, et al., Defendants.

Case No. 11–C–298
|
Signed 05/06/2014

**Attorneys and Law Firms**

Sherry D. Coley, Godfrey & Kahn SC, Green Bay, WI, Anthony B. Borich, Barbara S. Steiner, Craig C. Martin, Joel T. Pelz, Joseph R. Dunn, Sara T. Horton, Steven R. Trybus, Timothy J. Barron, Jenner & Block LLP, Chicago, IL, Daniel T. Flaherty, Godfrey & Kahn SC, Appleton, WI, Jennifer L Gregor, Godfrey & Kahn SC, Madison, WI, for Plaintiff.

Daniel A. DeVito, Edward L. Tulin, Marti A. Johnson, Patrick J. Fitzgerald, Rachel R. Blitzer, Skadden Arps Slate Meagher & Flom LLP, New York, NY, Thomas Wickham Schmidt, Davis & Kuelthau SC, Green Bay, WI, for Defendant.

### ORDER

William C. Griesbach, Chief Judge United States District Court

*1 Plaintiff filed two expedited motions pursuant to Civil Local Rule 7(h). In the first, Plaintiff asks that portions of the Defendants' summary judgment brief be stricken because they raise a new defense to willful infringement. In the second motion, Plaintiff asks that the Defendants be precluded from referring to attorney-client communications at trial because they have belatedly and selectively disclosed such communications, to Plaintiff's detriment. Both motions involve communications between Defendants and their previous (now-retired) patent counsel.

As to the first motion, I am not aware of authority for "striking" portions of a brief because they raise improper arguments. Motions to strike are disfavored even if they are filed pursuant to a rule, *Heller Financial, Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989), and in this case the rule does not even apply. Fed. R. Civ. P. 12(f) states that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and here we have no redundant, immaterial or other such matter. Nor do we even have a "pleading." As then–Chief Judge Easterbrook pointed out long ago, "motions to strike portions of briefs are not authorized by the rules and are not only unnecessary (from the parties' perspective) but also pointless (from the judiciary's)." *Custom Vehicles, Inc. v. Forest River, Inc.,* 464 F.3d 725 (2006) (Easterbrook, J., in chambers). Although he was discussing such motions in the appellate context, there is no meaningful distinction here. Here, under the guise of an expedited "nondispositive" motion, the Plaintiff essentially asks the Court to decide the merits of a summary judgment motion. The proper place to argue the merits or propriety of the opponent's arguments is in a response or reply brief.

Even if there were authority for striking portions of briefs, I would not do so here. As the Defendants explain, they are not relying on an advice-of-counsel defense. An attorney's erroneous statement that a patent had expired is probably a hybrid of factual and legal advice, but primarily it is of a factual nature, akin to a mistaken statement about a date or a deadline. Without more, it is not the sort of thing that would justify opening up the door to all kinds of discovery about attorney-client communications, and neither is it a "new" argument that should be stricken. Plaintiff is free to argue otherwise in its merits brief, but for now I cannot see any basis to preclude the argument, strike portions of briefs, or to find prejudice.

The second motion fares no better. At issue are two letters from counsel. A 2002 letter from counsel indicates that "I learned from the Patent Office that patent 4,996,743 has been allowed by Formax to expire for failing to pay the eighth-year maintenance fee." (ECF No. 170–1 at 2.) This letter was properly disclosed during discovery, although much of it was redacted. A second letter, from 2000, was disclosed only very recently, in an abundance of caution (Defendants' counsel states), after counsel determined that the letter arguably should have been disclosed earlier. The 2000 letter sets forth the patent attorney's views on a number of Formax's patents. It does not appear to have

anything to do with whether the '743 patent had expired (nor would it be expected to, given that the 2000 letter predates the 2002 letter).

***2** Although seemingly innocuous, Plaintiff believes the letter's late disclosure is part of some kind of scheme to selectively withhold and provide evidence regarding the Defendants' communications with counsel. Thus, it wants to bar Defendants from making *any* reference at trial to privileged communications regarding its patents (or, in the alternative, to force them to disclose all attorney-client communications). But again this belief appears premised on the specter of the advice-of-counsel defense that the Defendants have not made. In short, there is no reason to bar Defendants from relying on the timely-disclosed 2002 letter simply because an unrelated letter was disclosed late.

The motions [160] and [163] are **DENIED**.

**SO ORDERED** this 6th day of May, 2014.

**All Citations**

Not Reported in Fed. Supp., 2014 WL 12651076

---

End of Document © 2021 Thomson Reuters. No claim to original U.S. Government Works.