2010 WL 3386624
Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
E.D. Wisconsin.

WELLS FARGO BUSINESS CREDIT, a division of Wells Fargo Bank, N.A., Plaintiff,
v.
DONALD J. HINDMAN, Defendant.

No. 10–C–348.
|
Aug. 23, 2010.

**Attorneys and Law Firms**

Sherry D. Coley, Michael D. Huitink, Godfrey & Kahn SC, Green Bay, WI, for Plaintiff.

Donald V. Jernberg, Jernberg Law Group LLC, Arlington Heights, IL, for Defendant.

### DECISION AND ORDER

RUDOLPH T. RANDA, District Judge.

*\*1* The defendant, Donald Hindman ("Hindman"), moves to strike the complaint under Fed.R.Civ.P. 8. Motions directed towards the pleadings are enumerated in Fed.R.Civ.P. 12. A motion to strike can be brought pursuant to Rule 12(f), but Hindman does not cite this provision. In any event, a motion to strike "is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint ..." Wright & Miller Federal Practice and Procedure: Civil 3d § 1380. Hindman's reference to Rule 8's pleading requirements is a giveaway that the instant motion is directed towards the sufficiency of the factual allegations in the complaint. Accordingly, Hindman's motion should have been brought under Rule 12(b)(6) (motion to dismiss for failure to state a claim). The Court will treat the motion as such. Consumer Solutions REO, LLC v. Hillery, 658 F.Supp.2d 1002, 1021 (N.D.Cal.2009) ("where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion").

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Twombly at 570. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, ––– U.S. ––––, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). Ultimately, a defendant is owed "fair notice of what the ... claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact." Bissessur v. Ind. Univ. Bd. of Trs., 581 F.3d 599, 603 (7th Cir.2009); Smith v. Duffey, 576 F.3d 336, 339–40 (7th Cir.2009) (noting courts' over reliance on *Twombly*).

Wells Fargo Business Credit's ("Wells Fargo") complaint alleges that Hindman breached two Subordination Agreements with Wells Fargo by collecting payment on a $750,000 loan to a third-party borrower. Hindman argues that the complaint fails to state a claim because the "naked allegation that a $750,000 loan was made is not supported by any exhibits or references to documents supporting the existence of such a loan. The Defendant denies that there was such a loan ..." If Hindman actually made the loan, surely he understands the basis for the complaint. If not, he is free to deny the allegations accordingly. In either event, the complaint gives Hindman fair notice of a plausible claim.

*\*2* Hindman also argues that the complaint fails to explain how the loan qualifies as "Subordinated Indebtedness." This is simply incorrect. The complaint alleges that the

loan is subordinated pursuant to the Subordination Agreements. The relevant language is included in attachments to the complaint. Complaint, Exhibit A, § 1 (" 'Subordinated Indebtedness' means all obligations arising under the Subordinate Note and each and every other debt, liability and obligation of every type and description which any Borrower may now or at any time hereafter owe to the Subordinated Creditor").

Finally, Hindman argues that Wells Fargo failed to adequately plead detrimental reliance in support of its promissory estoppel claim. The complaint alleges that Wells Fargo relied on Hindman's promise to subordinate when it extended credit to the third-party borrower. Nothing more is required.

**IT IS HEREBY ORDERED THAT** Hindman's motion to strike the complaint [D. 5] is **DENIED.**

**SO ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 3386624