2016 WL 8224331
Only the Westlaw citation is currently available.
United States District Court, E.D. Wisconsin.

ILLINOIS TOOL WORKS INC, et al., Plaintiffs,
v.
The ESAB GROUP, INC., et al., Defendants.

Case No. 16–C–201
|
Signed 09/13/2016

**Attorneys and Law Firms**

Aaron T. Olejniczak, Christopher R. Liro, Andrus Intellectual Property Law LLP, Milwaukee, WI, Carey J. Prill, Eligio C. Pimentel, Patricia J. McGrath, Rajendra A. Chiplunkar, McAndrews Held & Malloy, Chicago, IL, for Plaintiffs.

Robert M. Masters, Timothy P. Cremen, Fried Frank Harris Shriver & Jacobson LLP, Washington, DC, John R. Rhine, Tad M. Richman, Paul Hastings LLP, Washington, DC, Steven M. Biskupic, Michelle L. Jacobs, Biskupic & Jacobs SC, Mequon, WI, for Defendants.

## DECISION AND ORDER

William C. Griesbach, Chief Judge United States District Court

*1 Plaintiffs have filed a motion to strike seven of the Defendant's affirmative defenses under Fed. R. Civ. P. 12(f). The motion will be denied.

The briefing on the motion demonstrates why motions to strike are strongly disfavored. *Williams v. Jader Fuel Co., Inc.,* 944 F.2d 1388, 1400 (7th Cir.1991). For example, the parties spend an inordinate amount of effort debating the largely academic question of whether "failure to state a claim" is properly viewed an affirmative defense or whether it is simply an argument that may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Plaintiffs argue that it is not a proper affirmative defense, and even if it is, the Defendants' assertion is merely a conclusory statement that the complaint fails to state a claim, and thus it must be stricken under Fed. R. Civ. P. 12(f) as "insufficient." But nowhere is it explained why the parties and the court should undertake a searching examination of a sentence in a pleading that very likely will never have any impact on anything. If the complaint truly fails to state a claim, then presumably the Defendants will file a dispositive motion, at which time the matter will crystalize into a bona fide dispute ripe for the court to adjudicate. At the present stage, however, a defense should not be stricken as "conclusory" as though the mere fault of being conclusory has some kind of poisonous effect on the litigation. To warrant court intervention, the offending defense must give rise to some kind of prejudice, such as actual confusion, or it must at a minimum be shown how striking the matter would streamline the case. Otherwise courts are being asked to act as pleadings editors rather than as arbiters of legitimate disputes.

The same holds true of the Plaintiff's other objections, which involve affirmative defenses of good faith, as well as defenses of unclean hands, laches, equitable estoppel and waiver—the redoubtable four horsemen of equitable theories. True, the defenses are largely *pro forma*, and they are conclusory. More than likely they will die an inconspicuous death. Plaintiffs often forget that they are in the driver's seat: they have been marshaling their facts and legal theories for months, while the defendant is given only a limited period of time in which it must respond to the complaint's allegations. Thus, in another complex patent case, I noted that "many defendants commonly plead every conceivable defense to a given action because, at the origin of a case, they might not have a firm grasp on the subject matter and would rather be over–inclusive than risk waiver of a potentially valid defense. By the time of summary judgment or trial, however, many of the defenses originally pled simply fall away, even without a formal withdrawal being made." *Marine Travelift Inc. v. ASCOM SpA,* No. 14–C–443, 2015 WL 461549, at *3 (E.D. Wis. Feb. 3, 2015).

The Plaintiffs recognize that prejudice is required before a court will strike affirmative defenses, but their attempt to show prejudice is as conclusory as the defenses they want stricken. They assert that they do not have sufficient notice of what the detailed nature of the defense will be, but lack of notice *at this stage of the litigation* is not itself some kind of prejudice. At some early stage of these proceedings, when the parties exchange their interrogatories and contentions, they will learn whether unclean hands, for example, is a bona fide defense or

whether it was just a *pro forma* recitation in the Defendants' answer. Plaintiffs have not established that there would be any prejudice merely due to the *delay* in learning what the exact nature of the defenses is. For example, if a party were allowed to spring a defense on the eve of trial, there could be prejudice from the delay. Here, there is no reason to believe that any delay between the filing of the answer and the dispositive motion deadline (for example) would give rise to prejudice.

**\*2** In sum, even if it is true that affirmative defenses should be examined under the *Twombly / Iqbal* standard, this court does not propose to entertain disfavored motions to strike merely to embark on the largely academic exercise of editing a defendants' pleadings. Instead, a party moving to strike must identify some actual prejudice it could expect to sustain as a result of the offending pleading. That has not been established here. The motion to strike is therefore **DENIED**.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 8224331

---

**End of Document**

© 2021 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2021 Thomson Reuters. No claim to original U.S. Government Works.