2020 WL 7209562
United States District Court, E.D. Wisconsin.

UNITED STATES of America, Plaintiff,
v.
Gary L. PANSIER and Joan R. Pansier, Defendants.

Case No. 17-C-1740
|
Signed 12/07/2020

**Attorneys and Law Firms**

LaQuita J. Taylor-Phillips, United States Department of Justice, Washington, DC, for Plaintiff.

Gary L. Pansier, Crivitz, WI, pro se.

Joan R. Pansier, Crivitz, WI, pro se.

### DECISION AND ORDER

William C. Griesbach, United States District Judge

**\*1** The United States of America commenced this action to reduce to judgment unpaid federal tax assessments made against Gary Pansier for tax years 1995 through 1998 and against Gary and Joan Pansier for tax years 1999 through 2006 and 2014. The defendants filed a bankruptcy case pursuant to Chapter 7 of the Bankruptcy Code in the Eastern District of Wisconsin. On April 24, 2018, the court stayed and administratively closed the case pending the issuance of an order of the Bankruptcy Court for dismissal, discharge, or the granting of relief from the stay. On May 5, 2020, the court granted the Government's motion to reopen the case. The Government filed a Second Amended Complaint on September 25, 2020. Rather than file an answer to the complaint, Ms. Pansier filed a motion for a more definite statement or, in the alternative, to strike. For the following reasons, Ms. Pansier's motion will be denied.

Ms. Pansier asserts that a more definite statement is required under Rule 12(e) because, although the Second Amended Complaint alleges that penalties were assessed against her for tax years 2000 through 2006 and 2014, the complaint does not state the Internal Revenue Code sections under which the penalties were applied. She claims that she "cannot file a responsive pleading or know what her possible defenses are without a clearer statement of the nature of the penalties." Def.'s Br. at 4, Dkt. No. 35. Rule 12(e) of the Federal Rules of Civil Procedure provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[B]ecause of the many discovery procedures presently available to litigants in federal courts, district judges are admonished to exercise their discretion sparingly in ordering more definite statements." *Scarbrough v. RWay Furniture Co.*, 105 F.R.D. 90, 91 (E.D. Wis. 1985). Rule 12(e) motions are appropriate when a complaint is unintelligible, not when a defendant just wants more detail. See *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving."). Therefore, "[w]here the complaint is specific enough to apprise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." *Clemons v. Trs. of Ind. Univ.*, No. 1:19-cv-04668, 2020 WL 2039752 (S.D. Ind. Apr. 28, 2020) (internal quotation marks and citations omitted).

In this case, the Government has not drafted a complaint that is so vague or ambiguous as to preclude Ms. Pansier from formulating a responsive pleading. Although Ms. Pansier seeks more detail regarding the specific legal citations to the Internal Revenue Code under which the penalties were assessed against her, "complaints need not identify the applicable law." *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017). Any confusion in the details regarding the penalty assessments that were made against her can be clarified through discovery. There is no need to require the Government to provide more details at the pleading stage. Therefore, Ms. Pansier's motion for a more definite statement is denied.

**\*2** Alternatively, Ms. Pansier seeks to strike from the Second Amended Complaint any mention of tax penalties that were discharged in her 2009 bankruptcy. Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are not generally favored by the courts and are typically granted only if the challenged matter clearly has no bearing upon the subject matter of the litigation." *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1994). The Government asserts that the allegations regarding the penalty assessments made against Ms. Pansier are relevant and necessary to resolve any issue relating to the amount of her total tax liability. Ms. Pansier's assertion that she no longer owes the penalty assessments is a defense she may raise in a responsive pleading; it is not a basis to strike those allegations. Accordingly, Ms. Pansier's motion to strike will be denied.

**IT IS THEREFORE ORDERED** that Ms. Pansier's motion for a more definite statement or, alternatively, to strike (Dkt. No. 35) is **DENIED**. Ms. Pansier's answer to the Second Amended Complaint is due on or before December 28, 2020.

**All Citations**

Slip Copy, 2020 WL 7209562, 126 A.F.T.R.2d 2020-7098

---

End of Document · © 2021 Thomson Reuters. No claim to original U.S. Government Works.