KeyCite Yellow Flag - Negative Treatment
Declined to Extend by Porter v. Dooley, D.N.J., July 14, 2011

103 F.R.D. 96
United States District Court,
E.D. Wisconsin.

Dennis Ray ARMSTRONG, Plaintiff,
v.
Thomas A. SNYDER, Sheriff of Fond Du Lac County, Defendant.

No. 83–C–0005.
|
Sept. 5, 1984.

**Synopsis**
Prisoner brought damages action against county sheriff for injuries allegedly suffered from conditions while he was pretrial detainee at county jail. The District Court, Warren, J., held that: (1) prisoner's request for more definite statement of answer was unwarranted in absence of requirement that prisoner prepare pleading responsive to answer; (2) sheriff's request that judgment be entered dismissing complaint could not be characterized as immaterial or inappropriate; (3) somewhat conclusory nature of several allegations in complaint was not sufficiently serious defect to justify wholesale dismissal of complaint for failure to state claim, and possibility existed that prisoner would be able to adduce evidence in support of claims on which some relief might be fashioned; (4) prisoner's motion to compel discovery, made prior to effort to resolve differences with sheriff, was premature, and number of interrogatories exceeded limits of local rule; and (5) court-appointed counsel for prisoner was appropriate.

Motions denied; request for counsel granted.

**Procedural Posture(s):** Motion to Dismiss for Failure to State a Claim.

West Headnotes (18)

[1]    **Federal Civil Procedure**—Nature and purpose in general

       Purpose of rule governing motion for more definite statement is to enable moving party to prepare responsive pleading, if one is required, by guaranteeing adequate notice of opposing claims or contentions. Fed.Rules Civ.Proc.Rule 12(e), 28 U.S.C.A.

       9 Cases that cite this headnote

[2]    **Federal Civil Procedure**—To prepare responsive pleading

       Where responsive pleading is not required nor permitted, motion for more definite statement of answer is inappropriate. Fed.Rules Civ.Proc.Rule 12(e), 28 U.S.C.A.

       7 Cases that cite this headnote

[3]    **Federal Civil Procedure**—To prepare responsive pleading

       In prisoner's damages action against county sheriff for injuries allegedly suffered while he was pretrial detainee at county jail, prisoner's request for more definite statement of sheriff's answer was unwarranted in absence of requirement that prisoner prepare pleading responsive to sheriff's amended answer. Fed.Rules Civ.Proc.Rule 12(e), 28 U.S.C.A.

       3 Cases that cite this headnote

[4]    **Federal Civil Procedure**—To prepare for trial

       County sheriff's answer to prisoner's damages complaint for injuries allegedly suffered while he was pretrial detainee in county jail was not so vague and ambiguous as to make it unreasonable to use standard pretrial devices to remedy any possible gaps in detail, assuming prisoner's motion for more definite statement was properly

interposed. Fed.Rules Civ.Proc.Rule 12(e), 28 U.S.C.A.

12(f), 28 U.S.C.A.

5 Cases that cite this headnote

[5]  **Federal Civil Procedure** ⚯ Motion not favored
**Federal Civil Procedure** ⚯ Prejudice from allegations

Motion to strike insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, is drastic remedy which is not generally favored by court, and is typically granted only if challenged matter clearly has no bearing on subject matter of litigation and real prejudicial harm to moving party is shown. Fed.Rules Civ.Proc.Rule 12(f), 28 U.S.C.A.

12 Cases that cite this headnote

[6]  **Federal Civil Procedure** ⚯ Nature and purpose of remedy

Motion to strike from pleading any insufficient defense or other redundant, immaterial, impertinent, or scandalous matter is not proper device for placing actual merits of party's pleadings in issue. Fed.Rules Civ.Proc.Rule 12(f), 28 U.S.C.A.

6 Cases that cite this headnote

[7]  **Federal Civil Procedure** ⚯ Particular answers or allegations therein

In prisoner's damages action against county sheriff for injuries allegedly suffered while he was pretrial detainee in county jail, prisoner was not entitled to have stricken sheriff's request that judgment be entered dismissing complaint which could not be characterized as immaterial or inappropriate. Fed.Rules Civ.Proc.Rule

[8]  **Civil Rights** ⚯ Prisons and jails; probation and parole

In prisoner's damages action against county sheriff for injuries allegedly suffered from county jail conditions while he was pretrial detainee, somewhat conclusory nature of several allegations in complaint was not sufficiently serious defect to justify wholesale dismissal of complaint for failure to state claim, and possibility existed that prisoner would be able to adduce evidence in support of claims on which some relief might be fashioned. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

[9]  **Federal Civil Procedure** ⚯ Pleading, Defects In, in General

Purpose of motion to dismiss for failure to state claim on which relief can be granted is to test sufficiency of pleading and law of claims therein, not factual basis for action, which will be tested at trial. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

[10] **Federal Civil Procedure** ⚯ Insufficiency in general
**Federal Civil Procedure** ⚯ Clear or certain nature of insufficiency

Motions to dismiss for failure to state claim on which relief can be granted are viewed with marked disfavor and should not be granted unless it appears beyond doubt that complaining party can prove no set of facts in support of his allegations which would entitle him to relief and complaint should not be dismissed for mere

vagueness or because it does not state with precision all elements which may give rise to legal basis for recovery; rather, all that is required to withstand motion to dismiss is specificity sufficient to give fair notice of nature of action. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

1 Cases that cite this headnote

[11]  **Federal Civil Procedure** ⚖️ Nature and purpose in general
**Federal Civil Procedure** ⚖️ Purpose

Pretrial procedures such as motion for summary judgment and request for more definite statements are appropriate devices for narrowing issues and disclosing boundaries of plaintiff's claims.

1 Cases that cite this headnote

[12]  **Federal Civil Procedure** ⚖️ Insufficiency in general

Pro se plaintiffs are not held to as stringent pleading standards as plaintiffs presenting pleadings drafted by attorneys.

[13]  **Federal Civil Procedure** ⚖️ Proceedings to obtain
**Federal Civil Procedure** ⚖️ Number, Form and Importance

In prisoner's damages action against county sheriff for injuries allegedly suffered while he was pretrial detainee at county jail, prisoner's motion to compel discovery, made prior to effort to resolve differences with sheriff, was premature, and number of interrogatories exceeded limits of local rule. U.S.Dist.Ct.Rules E.Wis., Rules 6.01, 6.02, 7.03.

1 Cases that cite this headnote

[14]  **Civil Rights** ⚖️ Criminal law enforcement; prisons

In prisoner's damages action against county sheriff for injuries allegedly suffered from conditions while he was pretrial detainee at county jail, court-appointed counsel for prisoner was appropriate. 42 U.S.C.A. § 1983; U.S.C.A. Const.Amends. 8, 14.

[15]  **Federal Civil Procedure** ⚖️ Appointment of counsel

Although there is no constitutional right to appointed counsel in civil case, federal courts are empowered by statute to appoint counsel when circumstances justify it. 28 U.S.C.A. § 1915(d).

[16]  **Federal Civil Procedure** ⚖️ Forma pauperis proceedings
**Federal Courts** ⚖️ Counsel

Generally, court has broad discretion to appoint counsel for indigents and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights. U.S.C.A. Const.Amend. 5.

[17]  **Federal Civil Procedure** ⚖️ Forma pauperis proceedings

Discretionary choices with respect to appropriateness of appointing counsel for indigent in civil proceeding are not left to court's inclination but to its judgment, and its judgment is to be guided by sound legal principles. 28 U.S.C.A. § 1915(d).

[18] Federal Civil Procedure—Forma pauperis proceedings

Standards for exercise of discretion in considering whether court-appointed counsel for indigent civil litigants is appropriate include factors of whether merits of indigent's claim are colorable, whether indigent has ability to investigate crucial facts and present own case, whether nature of evidence indicates that truth will more likely be exposed where both sides are represented by counsel, and complexity of legal issues raised by complaint; although court is obliged to consider each factor, foremost consideration is analysis of merits of indigent's claim. 28 U.S.C.A. § 1915(d).

2 Cases that cite this headnote

**Attorneys and Law Firms**

**\*98** Karl-Mario Dunst, Corp. Counsel, Fond Du Lac, Wis., and Joseph D. McDevitt, Borgelt, Powell, Peterson & Frauen, Milwaukee, Wis., for defendant.

Dennis Armstrong, pro se.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter are the plaintiff's motions for a more definite and certain statement of the defendant's answer, to strike the prayer for dismissal in that answer, to compel the defendant to answer certain interrogatories, and for appointment of counsel. Also pending is the defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The Court, having reviewed and carefully considered these various petitions, concludes, for the reasons stated herein, that all should be denied, with the exception of the plaintiff's motion for appointment of counsel.

## BACKGROUND

This action was initiated on November 19, 1982, when the plaintiff filed his prolix, narrative-style, eighteen-page complaint in the Western District of Wisconsin, apparently seeking damages from the defendant for injuries he allegedly suffered while he was a pretrial detainee at the Fond du Lac County Jail. On January 3, 1983, upon the plaintiff's petition and a finding of improper venue, Judge John C. Shabaz transferred the case to this district, where it was randomly assigned to this Court for all further proceedings.

By her *Order* of February 17, 1983, then Magistrate Ruth W. LaFave granted the plaintiff leave to prosecute his action without payment of filing fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a). However, the Magistrate also found that the plaintiff's complaint

> fails to conform to the prescriptions of Rule 10 of the F.R.C.P. (copy enclosed) which requires that "all averments of claim or defense shall be made in *numbered paragraphs* (emphasis mine) the contents of each of which shall be limited as far as practicable to a single set of circumstances..." The complaint consists of some 15 pages some containing numbered paragraphs, others unnumbered and some repeat numbers previously used. The defendants should not be required to plead to the complaint in its present "hodge podge" form.

Magistrate's *Order* at 1–2 (February 17, 1983). Accordingly, she ordered the plaintiff to file an amended complaint, in compliance with the requirements of Fed.R.Civ.P. 10(b), no later than March 11, 1983.

On April 12, 1984, after securing a one-month extension

of time in which to comply with the Magistrate's order, the plaintiff filed his "Substituted or Amended Complaint," a four-page, typewritten document, the discrete paragraphs of which are clearly identifiable and consecutively numbered. By this complaint, the plaintiff challenges the conditions of confinement while he was incarcerated at the Fond du Lac County Jail, following his arrest on May 21, 1982, for allegedly selling a controlled substance. The defendant, as sheriff of Fond du Lac County, was allegedly responsible for the supervision and administration of the jail **\*99** facility throughout the plaintiff's incarceration there.

Although the charges in the complaint are numerous, they all spring from the defendant's alleged failure to make adequate provision for the prisoners' health and safety, personal hygiene, access to legal materials, and other reasonable expectations regarding the conditions of their confinement. Specifically, the plaintiff claims that while incarcerated, he was deprived of nutritional meals, recreational opportunities, minimal requirements for personal hygiene, and adequate medical treatment; that he was confined with other prisoners with serious mental illnesses or communicable diseases and forced to use unsanitary blankets; and that the heating system and washroom facilities at the county jail were wholly inadequate, causing him substantial physical and emotional suffering. The plaintiff further charges that he was placed in solitary confinement without reason and housed in an isolated cell for some 64 days without shoes or clothing; that he was refused access to legal materials and threatened if his demands for access did not stop; and that he was prevented from communicating with family members because of inadequate visiting facilities at the jail.

As a result of the defendant's alleged failure to provide reasonable conditions for confinement at the Fond du Lac County facility, the plaintiff claims to have suffered "embarrassment, humiliation, physical, mental and emotional distress, discomfort and health deterioration." Plaintiff's *Amended Complaint* at 4 (April 12, 1984). Accordingly, he seeks $150,000.00 in actual damages and $250,000.00 in punitive damages.

On May 19, 1983, the Court found the plaintiff's amended complaint to be in sufficient compliance with Magistrate's LaFave's *Order* of February 17, 1983, and the requirements of Rule 10(b) of the Federal Rules of Civil Procedure to warrant the Marshal's service upon the defendant. Some two weeks later, on June 6, 1983, the defendant filed his answer, denying all substantive allegations in the complaint and asking that judgment be entered "dismissing the complaint ... and awarding defendant his costs, disbursements and attorney's fees of this action." Defendant's *Answer* at 2 (June 6, 1983). On June 24, 1983, the defendant filed an amended answer, incorporating the general denials and prayer for dismissal contained in the original and noticing his demand for trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Since that time, the plaintiff, as indicated above, has filed a motion for a more definite statement of the defendant's answer, presumably pursuant to Rule 12(e) of the Federal Rules of Civil Procedure; a motion to strike from the answer the defendant's request that the action be dismissed, presumably pursuant to Rule 12(f); a motion to compel answers to certain interrogatory questions pursuant to Rule 37(a)(2); and a request for appointment of counsel pursuant to 28 U.S.C. § 1915(a). In addition, the defendant has filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that it does not state a claim upon which relief can be granted. With today's order, the Court resolves each of these pending motions, beginning with those relating to the initial pleadings of the parties.

**The Plaintiff's Motions For A More Definite Statement And To Strike And The Defendant's Motion To Dismiss**

By his motion of July 5, 1983, the plaintiff seeks a court order directing the defendant to file a more definite statement in his answer to the allegations in the complaint. In support of his petition, the plaintiff argues that the answer is "to indefinite, uncertain, and vague to enable the plaintiff to plead thereto and because said answer fails to disclose and it cannot be ascertained therefrom any denials, specifically, to each individual allegation of the complaint." Plaintiff's *Motion For More Definite Statement* (July 5, 1983).

[1]  [2] Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> **\*100** If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for more definite

> statement before interposing his responsive pleading. The motion shall point out the defects complained of and the details desired....

The very purpose of the rule is to enable the moving party to prepare a responsive pleading, if one is required, by guaranteeing adequate notice of the opposing claims or contentions. *Equal Employment Opportunity Commission v. General Electric Company,* 370 F.Supp. 1258, 1259 (W.D.Va.1973); *Floe v. Plowden,* 10 F.R.D. 514, 516 (E.D.S.C.1950). Accordingly, where a responsive pleading is not required or permitted, a motion under Rule 12(e) for a more definite statement is inappropriate. *Acoustica Associates, Inc. v. Powertron Ultrasonics Corporation,* 28 F.R.D. 16, 18 (E.D.N.Y.1961); *Kenney v. Fox,* 132 F.Supp. 305, 307 (W.D.Mich.1955), *aff'd,* 232 F.2d 288 (6th Cir.), *cert. denied,* 352 U.S. 855, 77 S.Ct. 84, 1 L.Ed.2d 66 (1956).

[3] [4] In the present case, there is no requirement that the plaintiff prepare a pleading responsive to the defendant's amended answer, filed on June 24, 1983. Therefore, the plaintiff's request for a more definite statement of the answer is wholly unwarranted and will be denied on that basis.[1]

By his related motion of July 14, 1983, the plaintiff seeks to have stricken from the defendant's answer the prayer for dismissal of the complaint on its merits. In support of his request, the plaintiff states that he will produce evidence at trial to verify the allegations in the complaint and that the defendant has not "offered any substantial evidence to refute the allegations of plaintiff's complaint in that it would be a miscarriage of justice to dismiss plaintiff's complaint against the defendant in the early stages of these proceedings when in truth and in fact the pending allegations against the defendant can and will be proven ... by clear and convincing evidence." Plaintiff's *Motion To Strike* (July 14, 1983).

[5] The Federal Rules of Civil Procedure provide that upon a motion made by a party within 20 days after the pleading is served upon him or upon the Court's own initiative at any time, the Court may order stricken from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); *Gilbert v. Eli Lilly & Company,* 56 F.R.D. 116, 120 (D.P.R.1972). However, Rule 12(f) motions are not generally favored by the courts and are typically granted only if the challenged matter clearly has no bearing upon the subject matter of the litigation. *Schramm v. Krischell,* 84 F.R.D. 294, 299 (D.Conn.1979); *Fuchs Sugars & Syrups, Inc. v. Amstar Corporation,* 402 F.Supp. 636, 637 (S.D.N.Y.1975).

[6] In fact, a motion to strike a portion of a pleading is regarded as so drastic a remedy that one is seldom granted absent some showing of real prejudicial harm to the moving party. *Shell Oil Company v. United States Equal Employment Opportunity Commission,* 523 F.Supp. 79, 83 (E.D.Mo.1981). It is not a proper device for placing the actual merits of a party's pleadings in issue. *See Green Mountain Power Corporation v. General Electric Corporation,* 496 F.Supp. 169, 171 (D.Vt.1980); *Cash v. Frederick & Company,* 57 F.R.D. 71, 78 (E.D.Wis.1972).

Measured against these standards, the Court cannot characterize as immaterial or inappropriate the defendant's request in his answer that judgment be entered dismissing the complaint. Indeed, while the Court **\*101** construes this prayer for relief seriously, it also recognizes that such a request is characteristic of most answers to complaints filed in federal court and is even envisioned by the Federal Rules of Civil Procedure. *See generally* Fed.R.Civ.P. 7, 8, 9, & 10.

[7] The mere fact that the defendant seeks dismissal in his answer would not, as the plaintiff appears to believe, prevent a full and complete presentation of evidence in support of the complaint, if this matter proceeds to trial. Under these circumstances, the Court concludes that the plaintiff's motion to strike must be denied.[2]

Less than one week after filing his answer, however, the defendant, on June 30, 1983, did file a formal motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, the defendant moves that "plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted since it is not only grossly conclusionary [sic] in its allegations, but devoid of any incident or facts of any kind on which a claim could be based." Defendant's *Motion To Dismiss Complaint* (June 30, 1983).

[8] Some four months later, on November 2, 1983, the plaintiff responded to the defendant's motion, arguing that pursuant to the liberal construction to be given complaints drafted by pro se litigants, his action should not be dismissed unless it is clear that he can prove no set of facts in support of his claim that would entitle him to relief. Because the Court concurs in the application of the law suggested by the plaintiff, it will deny the defendant's

Rule 12(b)(6) motion.

[9] At the outset, the Court recognizes that a motion to dismiss for failure to state a claim upon which relief can be granted can serve the useful purpose of disposing of legal issues with a minimum of time and expense to interested parties. *Hiland Dairy, Inc. v. Kroger Company,* 402 F.2d 968, 973 (8th Cir.1968), *cert. denied,* 395 U.S. 961, 89 S.Ct. 2096, 23 L.Ed.2d 748 (1969). The purpose of such a motion is to test the sufficiency of the pleading and the law of the claims therein—not the factual basis for the action which will be tested at trial. *Davis H. Elliot Company v. Caribbean Utilities Company, Ltd.,* 513 F.2d 1176, 1182 (6th Cir.1975); *Niece v. Sears Roebuck & Company,* 293 F.Supp. 792, 794 (N.D.Okla.1968).

[10] At the same time, Rule 12(b)(6) motions are viewed with marked disfavor and should not be granted—as the plaintiff accurately observes—unless it appears beyond doubt that the complaining party can prove no set of facts in support of his allegations which would entitle him to relief. *St. Marie & Son, Inc. v. Hartz Mountain Corporation,* 414 F.Supp. 71, 74 (D.Minn.1976); *Harbert v. Rapp,* 415 F.Supp. 83, 86 (W.D.Okla.1976). Consistent with this rule, a complaint should not be dismissed for mere vagueness or because it does not state with precision all the elements that may give rise to a legal basis for recovery. *Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir.1974); *Josephson v. Joslin,* 38 F.R.D. 344, 346 (D.N.J.1965).

[11] Rather, to withstand a motion to dismiss under Rule 12(b)(6), all that is required is specificity sufficient to give fair notice of the nature of the action. *Bennett v. Berg,* 685 F.2d 1053, 1058 (8th Cir.1982), *on rehearing,* 710 F.2d 1361 (8th Cir.1983), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *United States v. Crown Zellerbach Corporation,* 141 F.Supp. 118, 125 (N.D.Ill.1956). Pretrial procedures such as motions for summary judgment and requests for more definite statements are appropriate devices for narrowing the issues and disclosing the boundaries of the plaintiff's claims. *Williams v.* **\*102** *United Credit Plan, Inc.,* 526 F.2d 713, 714 (5th Cir.1976).

[12] Finally, the Court notes, with specific reference to the plaintiff's circumstances, that pro se plaintiffs are not held to as stringent pleading standards as plaintiffs presenting pleadings drafted by attorneys. *Burnside v. Frey,* 563 F.Supp. 1344, 1345 (E.D.Mo.1983); *Morpurgo v. Board of Higher Education,* 423 F.Supp. 704, 713 (S.D.N.Y.1976). In this context, the courts have recognized the need to afford prisoners' complaints broad interpretation to ensure that opportunities to present evidence of serious constitutional violations are not denied at the pleading stage. *Rodgers v. Westbrook,* 362 F.Supp. 353, 354 (E.D.Mo.1973); *Campbell v. Beto,* 460 F.2d 765, 766, 769 (5th Cir.1972).

Although the Court agrees with the defendant in this case that several of the allegations in the complaint are somewhat conclusory, it does not view this defect as sufficiently serious to justify the wholesale dismissal of the complaint. Moreover, the lack of particularity with respect to specific incidents at the Fond du Lac County Jail does not convince the Court that the plaintiff will be able to adduce no evidence in support of his claims upon which some relief might be fashioned.

Rather, the Court opines that exposition of the precise nature of the plaintiff's allegations can be adequately accomplished through the mechanisms of pretrial discovery and motion practice. While it may well be that many or perhaps all of the discrete claims in the complaint will fall subject to the proscriptive effect of summary judgment, the Court feels strongly that such a development should await pretrial argument of the issues by the parties and thoughtful consideration by the Court itself.

The propriety of such an agenda is also indicated by the serious nature of the charges the plaintiff has leveled—charges the likes of which have survived motions to dismiss in actions similar to this. *See Bienvenu v. Beauregard Parish Police Jury,* 705 F.2d 1457, 1460 (5th Cir.1983) (allegations of intentional subjection to cold, rainy, roach-infested prison facilities with inadequate washing facilities adequately state cause of action under 42 U.S.C. § 1983); *Bradley v. Coughlin,* 671 F.2d 686, 690 (2d Cir.1982) (charge of wrongful confinement in special housing unit states claim upon which relief can be granted); *Yusuf Asad Madyun v. Thompson,* 657 F.2d 868, 875 (7th Cir.1981) (complaint alleging that harm suffered at hands of other inmates, ultimately caused by prison overcrowding, withstands motion to dismiss); *Westlake v. Lucas,* 537 F.2d 857, 860 (6th Cir.1976) (complaint should not be rejected at pleading stage where prisoner alleges period of intense discomfort because pleas for medical help went unheeded). The Court will permit the plaintiff to prosecute his own serious, albeit somewhat inartfully pleaded, claims further.

### The Plaintiff's Motion To Compel Discovery

On September 8, 1983, the plaintiff in this action provided the Court with his "First Set of Interrogatories," presumably served on the defendant at approximately the same time. Some six weeks later, on October 24, 1983, the plaintiff moved the Court for an order compelling the defendant to answer the interrogatories and awarding the plaintiff "the sum of $50.00 as reasonable expenses in obtaining this order, on the fround [sic] that the defendant refused to answer the interrogatories had no substantial justification." Plaintiff's *Motion To Compel Discovery* (October 24, 1984).

By his letter of October 25, 1983, defense counsel advised that while he had, on that date, served answers on the plaintiff, his client was objecting to the motion to compel

> on the basis that it does not comply with Rule 6.02 of the Local Rules. It does not contain a statement that the plaintiff contacted our office in an attempt to resolve any differences with regard to the interrogatories. In fact, there was no such contact and the interrogatories were in the process of being prepared in **\*103** final form and served when the motion was received.

*Letter* of Joseph D. McDevitt (October 25, 1983). Shortly thereafter, the plaintiff notified the Court by letter that while he had "not been informed of any differences to be resolved 6.02 Local Rules [sic], ... [a] personal consultation ... should and will be arranged to resolve any problems you are encountering with the answering of the First Set of Interrogatories or any additional interrogatories as necessary." *Letter* of Dennis R. Armstrong (November 7, 1983).

Less than one week before writing that letter, the plaintiff had, in fact, provided the Court a copy of another set of interrogatories. To date, there is nothing in the record to indicate the nature, if any, of the defendant's response to that second discovery demand.

The Court's initial inclination is, of course, to deny the plaintiff's motion of October 24, 1983, as moot, since the defendant has apparently voluntarily provided answers to the first set of interrogatory questions. However, because the plaintiff's motion to compel and the two sets of interrogatories he has interposed to date are all defective in some respect, the Court feels obliged to comment on the merits of this pending matter.

[13] First, as the defendant has rightly observed, the plaintiff's motion to compel was, at best, premature, since the request it embodied was not in conformance with Local Rule 6.02. That rule provides, in its entirety, as follows:

> All motions for discovery and production of documents pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure must be accompanied by a statement in writing by the movant that, after personal consultation with the opposing party and sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement shall also recite the date, time, and place of such conference and the names of all parties participating therein.

The plaintiff's failure to seek resolution of what he apparently perceived as a dispute with the defendant, prior to petitioning the Court for relief, was clearly violative of Rule 6.02 and would justify denial of the discovery motion on that basis alone.

Furthermore, the sheer number of questions, incorporated in both sets of interrogatories prepared by the defendant to date, plainly violates Local Rule 7.03, which reads, in pertinent part, this way:

No party may serve more than a total of thirty-five (35) interrogatories in any case upon any other party without the prior order of the court.

For the purpose of computing the number of interrogatories served,

(a) Each subpart of an interrogatory shall be construed as one interrogatory....

(c) Interrogatories inquiring about the names and locations of persons having knowledge of discoverable information or about the existence, location or custodian of documents or physical evidence shall not

be counted toward the thirty-five (35) interrogatory limit....

The court will not compel a party to answer any interrogatories served in violation of this rule.

While both sets of interrogatories appear, on their faces, to be limited to 29 questions alone, the numerous subparts boost the total numbers well above the limit of 35 established by Local Rule 7.03. By the Court's conservative calculation, the plaintiff's "First Set of Interrogatories" actually contains 66 questions, while the second boasts no fewer than 87; neither of these figures includes the subparts to the subparts, of which there are several in both documents. Moreover, even absent this closer scrutiny, the two sets of 29 questions together exceed the limit by 23.

Accordingly, on the grounds of mootness and blatant noncompliance with the requirements of Local Rules 6.01 and 7.03, the Court will deny the plaintiff's pending motion to compel answers to his initial set of interrogatory questions. Moreover, because the second wave is likewise violative of Local Rule 7.03, the Court hereby notifies **\*104** the plaintiff that it would not be inclined to compel the defendant to answer the questions contained therein if he should choose not to do so.[3]

**The Plaintiff's Request For Court-Appointed Counsel**

[14] At several stages in this litigation, the plaintiff has made cryptic reference to the disadvantageous position he feels he is in as a pro se complainant, unschooled in the law. On September 6, 1983, he embodied that belief in a formal motion for appointment of counsel, pursuant to 28 U.S.C. § 1915(d). Although the Court observes that his status as a layman has not prevented him from prosecuting his case in a more than merely adequate fashion to date, it will grant his request for an appointed attorney.

[15] Of course, there is no constitutional right to appointed counsel in a civil case. *Caruth v. Pinkney,* 683 F.2d 1044, 1048 (7th Cir.1982); *Ehrlich v. Van Epps,* 428 F.2d 363, 364 (7th Cir.1970). Nonetheless, federal courts are empowered by statute to appoint counsel when the circumstances justify it; section 1915(d) of the Title 28 of the United States Code specifically authorizes the Court to request an attorney to represent a party in a civil action who is proceeding in forma pauperis.

[16] [17] In general, the Court has broad discretion to appoint counsel for indigents under 28 U.S.C. § 1915(d), *McKeever v. Israel,* 689 F.2d 1315, 1318 (7th Cir.1982); *Maclin v. Freake,* 650 F.2d 885, 886 (7th Cir.1981), and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights. *LaClair v. United States,* 374 F.2d 486, 489 (7th Cir.1967); *Heidelberg v. Hammer,* 577 F.2d 429, 431 (7th Cir.1978). However, discretionary choices are not left to the Court's inclination but to its judgment, and its judgments is to be guided by sound legal principles. *Caruth v. Pinkney,* 683 F.2d 1044, 1048 (7th Cir.1982); *Ekanem v. Health & Hospital Corporation of Marion County,* 589 F.2d 316, 319 (7th Cir.1978).

[18] It is within this context that the Court of Appeals has fashioned standards for the exercise of discretion in considering whether court-appointed counsel for indigent civil litigants is appropriate. These five non-exclusive factors are:

1. whether the merits of the indigent's claim are colorable;

2. the ability of the indigent plaintiff to investigate crucial facts;

3. whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel;

4. the capability of the indigent litigant to present the case; and

5. the complexity of the legal issues raised by the complaint.

*Merritt v. Faulkner,* 697 F.2d 761, 764 (7th Cir.1983); *Maclin v. Freake,* 650 F.2d 885, 887–889 (7th Cir.1981).

**\*105** While the district court is obliged to consider each of these factors in determining whether the appointment of counsel is appropriate under the circumstances, it is well established that

[f]oremost among the "certain factors" that an appointing court must consider is an analysis of the merits of the indigent litigant's claim from both a factual and legal standpoint. *Maclin [v. Freake]* makes clear that a court need not appoint counsel when it considers the indigent's chances of success to be

extremely slim....

When justifying a decision to appoint, a district court must apply the *Maclin* standards to the facts of each case and *if* counsel is both warranted and available, the court should *request* representation.... As noted, of primary importance in an indigent's request for counsel is an evaluation of the factual and legal merits of the claim and its chances for success.

*Caruth v. Pinkney,* 683 F.2d 1044, 1048, 1049–1050 (7th Cir.1982) (emphasis original).

The Court has already noted, in its discussion of the defendant's motion to dismiss, that the charges as articulated in the plaintiff's amended complaint are not so plainly actionable as to preclude even the most tentative questions about the merits of this case. Yet neither are they so clearly meritless as to justify outright dismissal. In fact, if even a few of the numerous allegations of improper treatment at the Fond du Lac County Jail prove well-founded, the expenditure of prosecutorial, defensive, and judicial resources on this case will have been justified. Because the Court believes that the plaintiff has stated claims which are at least colorable under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the Constitution, it concludes that his chances for success are reasonable.

In addition, the plaintiff's present incarceration at the Waupun Correctional Institution at Waupun, Wisconsin would make difficult, if not impossible, his adequate investigation of the critical facts underlying his complaint. The almost certain necessity for conducting depositions of the defendant, his staff, and perhaps other prisoners once or presently incarcerated at the Fond du Lac facility augurs in favor of appointment of counsel.

Finally, although, as the Court has already observed, the plaintiff has demonstrated a considerable aptitude for and understanding of the judicial process, it has no doubt that the complexity of the constitutional and factual issues he has perhaps unwittingly raised in his complaint would be best argued by one schooled in the law. Among other things, legal representation of both parties to this suit may well prevent in the future the procedural "false-starts" and improprieties that have characterized the action to date.

Accordingly, the Court will appoint an attorney to prosecute this action on the plaintiff's behalf. Because it is hopeful that counsel can be secured readily and in the interest of ensuring that the record in this case remains unblemished both procedurally and substantively, the Court will temporarily suspend all further action in this case until such time as counsel makes an initial appearance. The Court will schedule a brief status report following the appointment.

## CONCLUSION

For the reasons stated herein, the Court hereby

1. DENIES the plaintiff's motion for a more definite statement of the answer;

2. DENIES the plaintiff's motion to strike from the answer the defendant's request for dismissal;

3. DENIES the defendant's motion to dismiss the complaint;

4. DENIES the plaintiff's motion to compel discovery; and

5. GRANTS the plaintiff's request for appointment of counsel to represent him in this matter. The Court will undertake immediately efforts to secure representation for the defendant and will schedule further **\*106** proceedings in this case, as appropriate, following counsel's formal appointment. In the interim, all discovery and pretrial motion practice in this case are hereby temporarily stayed, absent some extraordinary reason for reopening either.

**All Citations**

103 F.R.D. 96

## Footnotes

1    Parenthetically, the Court notes that even if the Rule 12(e) petition was properly interposed, it would nonetheless be denied since, in the Court's view, the defendant's answer is not so vague and ambiguous as to make it unreasonable to use standard pretrial devices to remedy any possible gaps in detail.

WESTLAW    © 2021 Thomson Reuters. No claim to original U.S. Government Works.    10

    *Nelson v. Quimby Island Reclamation District Facilities Corporation,* 491 F.Supp. 1364, 1384 (N.D.Cal.1980); *Williams v. United Credit Plan of Chalmette, Inc.,* 526 F.2d 713, 714 (5th Cir.1976).

[2]    By his letter of November 2, 1983, to the Clerk of Court for this district, the plaintiff implicitly acknowledges the impropriety of his motion to strike, observing that he "should of [sic] filed an answer to their [sic] motion [to dismiss]." *Letter* of Dennis R. Armstrong (November 2, 1983). The merits of the defendant's dismissal motion and the plaintiff's response thereto are discussed *infra* at 102.

[3]    As an aside, the Court notes that Local Rule 7.03 does prescribe two avenues for securing leave to serve more than 35 interrogatories, as follows:

> If a party believes that additional interrogatories are necessary, he should promptly consult with the party to whom the additional interrogatories would be propounded and attempt to reach a written stipulation as to a reasonable number of additional interrogatories. If a written stipulation is reached, the stipulation and a proposed order permitting the propounding of the additional interrogatories should promptly be served on all other parties and filed with the court. If stipulation cannot be reached, the party seeking to serve additional interrogatories may move the court for permission to serve additional interrogatories. The motion shall show the necessity for the relief requested and shall be accompanied by written statement, that after personal consultation with the adverse party to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord concerning the additional interrogatories. The statement shall also recite the date, time and place of such consultation and the names of all parties participating therein.

> Because, however, as ordered herein, all discovery in this matter will be temporarily stayed, neither party need concern itself with invocation of the subsection at this stage in the litigation.

**End of Document**    © 2021 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**  © 2021 Thomson Reuters. No claim to original U.S. Government Works.  11

Case 2:20-cv-01771-PP   Filed 04/14/21   Page 11 of 11   Document 107-8