# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

_____

**WILLIAM FEEHAN,**

       **Plaintiff,**

       **v.**                            **CASE NO. 2:20-cv-1771-PP**

**WISCONSIN ELECTIONS COMMISSION,**
**and its members ANN S. JACOBS, MARK**
**L. THOMSEN, MARGE BOSTELMAN,**
**JULIE M. GLANCEY, DEAN KNUDSON,**
**ROBERT F. SPINDELL, JR., in their official**
**capacities, GOVERNOR TONY EVERS, in**
**his official capacity,**

       **Defendants.**

_____

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR SANCTIONS (ECF 105) AND IN RESPONSE TO DEFENDANT'S OPPOSITION (ECF 107)

_____

      Plaintiff William Feehan submits this Reply Memorandum in further support of Plaintiff's Motion to Strike (ECF 105) and in Response to Defendant's Opposition (ECF 107) and requests this Court enter an order, striking Defendant's Motion for an Award of Sanctions pursuant to 28 U.S.C. § 1927 and/or deny Defendant's Motion (ECF No. 97).

      When one enters this case number into Pacer, the case comes up as "Closed." Defendant Evers recognizes that as a closed case, the best he could do at this point is ask this Court "to treat

Governor Evers' Motion for fees as a pleading."[1]  However, no rule or case gives this Court jurisdiction now.  There was no predicate during the case for a request for sanctions, and there is no basis to reopen the case now for this out of time and baseless filing.

There is nothing Governor Evers can do to create subject matter jurisdiction and he does not cite to any such authority.  Indeed, this Court has no authority to proceed in the absence of jurisdiction, and it could have stricken Governor Evers's motion *sua sponte*.

Specifically, Plaintiff submitted the motion to strike citing this Court's lack of jurisdiction as set forth in controlling Seventh Circuit precedent:

> Therefore, since the defendant failed to file a motion before any court requesting attorney's fees while the appeal on the merits was pending, and because the district court did not reserve jurisdiction nor was jurisdiction expressly reserved by statute, **we hold** the defendant did not file its motion within a reasonable time **and the district court was without jurisdiction to act on the motion.** Therefore, the order granting the defendant's motion for attorney's fees is hereby set aside and vacated.

*Overnite Transp. Co. v. Chi. Indus. Tire Co*., 697 F.2d 789, 793-794 (7th Cir. 1983)

(emphasis added).

Fed. R. Civ. P. 12 (b)[2] applies to motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12 (h)(3) makes clear that when the issue before the court is: "(3) *Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.*" (Emphasis added). Dismissal is not optional under this rule; it is mandatory.  Even were the lack of jurisdiction

---

[1]  See ECF 107 at p. 2.

[2]  (b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) **lack of subject-matter jurisdiction**; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 1.

2

not discovered until a case was on appeal to the Supreme Court, it would have to be dismissed for lack of jurisdiction.

> Subject-matter jurisdiction, on the other hand, concerns a court's competence to adjudicate a particular category of cases; a matter far weightier than venue, subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection.

*Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 316, 126 S. Ct. 941, 950, 163 L. Ed. 2d 797, 809, 2006 (*citing Mansfield, C. & L. M. R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462 (1884); Fed. Rule Civ. Proc. 12(h)(3)).

Governor Evers's argument that Plaintiff engaged in misconduct simply by moving to strike his motion for sanctions elides the relevant language from the case on which he relies. He cites *Heller Financial, Inc. v. Midwhey Powder Co.*, to emphasize that motions to strike in general are inappropriate because they "potentially serve only to delay." (ECF 107, p. 3). However, the full quote from that cases holds the opposite:

> Midwhey places great reliance on the general rule that motions to strike are disfavored. This is because motions to strike potentially serve only to delay. *See United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). **But where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay**.

*Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294, (7th Cir. 1989) (emphasis added). As explained, because the court no longer has jurisdiction, it serves the court to expedite matters if the court hears this motion to strike before considering Defendant's main motion for sanctions and Plaintiff's opposition.[3]

---

[3] As set forth in Plaintiff's Motion to Strike (ECF 105), should the court deny the instant motion to strike, Plaintiff respectfully requests a conference to set a full briefing schedule on Defendant's motion and an evidentiary hearing.

3

Defendant Evers also cites to a Seventh Circuit case in a footnote where he argues, "A motion to strike could be based on violation of a Federal Rule of Civil Procedure or a Civil Local Rule. *See Herzog v. Graphic Packaging Int'l, Inc.*, 742 F.3d 802, 803, (7th Cir. 2014) (finding that a district court properly struck portions of an affidavit that violated Fed. R. Civ. P. 56(c)(4))." (ECF 107, Opp. at p. 2, fn. 3). Defendant argues that "Plaintiff has not cited any rule violations nor any legal authority justifying a motion to strike on that basis." *Id*. This is not true. Defendant ignores that the Plaintiff's Motion to Strike is based on court orders and binding precedent: the District Court's Order to close the case [ECF 85], the Order of the United States Court of Appeals for the Seventh Circuit dismissing the appeal as moot [ECF 95], as well as the Seventh Circuit's controlling precedent in *Overnite*.

Plaintiff's motion to strike because this Court does not have jurisdiction is not debatable. It is mandatory that it be stricken by the rules and binding authority. "[W]here, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Financial, Inc.*, 883 F.2d at 1294. Jurisdiction does not appear merely because the Governor wishes it so. Neither the governor—nor Harry Potter at his best—can conjure up federal jurisdiction, and it does not "apparate" upon command. "If there's a single lesson that life teaches us, it's that wishing doesn't make it so."[4]

---

[4] Lev Grossman, *The Magicians*.

For these reasons and those in the Motion and Memorandum in Support, this Court must strike Defendant's Motion because of lack of jurisdiction.

Respectfully submitted, this 19th day of April 2021.

ATTORNEYS FOR PLAINTIFF

Sidney Powell
Texas Bar No. 16209700
Sidney Powell, PC
2911 Turtle Creek Blvd.
Suite 300
Dallas, Texas 75219
(214) 707-1775
sidney@federalappeals.com

*/s/ Howard Kleinhendler*
Howard Kleinhendler
New York Bar No. 2657120
Howard Kleinhendler Esquire
369 Lexington Avenue, 12th Floor
New York, New York 10017
(917) 793-1188
howard@kleinhendler.com


Local Counsel for Plaintiff

Michael D. Dean
Wis. Bar No.01019171
P.O. Box 2545
Brookfield, Wisconsin 53008
(262) 798-8044
miked@michaelddeanllc.com

Daniel J. Eastman
Wis. Bar No.1011433
P.O. Box 158
Mequon, Wisconsin 53092
(414) 881-9383
dan@attorneyeastman.com