# EXHIBIT 2

834 Fed.Appx. 153
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial
decisions issued on or after Jan. 1, 2007.
See also U.S.Ct. of App. 6th Cir. Rule 32.1.
United States Court of Appeals, Sixth Circuit.

Quincy SAENZ, Plaintiff-Appellant,
v.
KOHL'S DEPARTMENT STORES, INC.;
Kohl's Michigan, L.P., Defendants-Appellees.

No. 20-1517
|
FILED November 02, 2020

**Synopsis**
**Background:** Customer brought action against store owner and its janitorial service to recover for injuries she sustained in slip-and-fall accident. The United States District Court for the Eastern District of Michigan, Sean F. Cox, J., 2020 WL 2131833, entered summary judgment in defendants' favor, and customer appealed. Defendants moved for sanctions.

**Holdings:** The Court of Appeals held that:

unsigned draft of store's answer to customer's interrogatory constituted inadmissible evidence for purposes of summary judgment;

store's reference to open-and-obvious doctrine in its response to interrogatory did not amount to admission that it had actual notice of water on floor;

fact that it had been raining earlier was insufficient to establish store owner's constructive notice of dangerous condition; and

imposition of sanctions for unreasonably and vexatiously multiplying proceedings was not warranted.

Affirmed; motion denied.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

**\*154** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**Attorneys and Law Firms**

Brian A. Kutinsky, Malin and Kutinsky, Farmington Hills, MI, for Plaintiff-Appellant

Nicholas P. Resetar, Attorney, Roetzel & Andress, Akron, OH, for Defendants-Appellees

Before: McKEAGUE, THAPAR, and LARSEN, Circuit Judges.

**Opinion**

PER CURIAM.

Quincy Saenz slipped on some water in a Kohl's Department Store and sued the company. The district court granted summary judgment for Kohl's, finding that Saenz had failed to produce any evidence suggesting that Kohl's had notice of the hazard. Saenz's primary contention on appeal is that Kohl's must have known there was water on the floor because it claimed to have placed "wet floor" signs near the scene. But no admissible evidence supports that contention. We AFFIRM the district court's grant of summary judgment for Kohl's, DENY Saenz's motion to expand the record, DENY the motion to strike Saenz's brief as moot, and DENY the motion Kohl's has filed for sanctions.

I.

Saenz and her husband went to a Kohl's store in Taylor, Michigan on the evening of May 4, 2017. It had rained earlier that day and the parking lot was still wet, but the weather had cleared up by the time of their trip. Sometime between 6:30 and 6:45 p.m., Saenz entered the store and went to the customer service desk to pick up some items she had placed on hold. She proceeded to the cashier, paid for her new clothes, and then started toward the exit around 7:00 p.m. Despite looking down while walking, **\*155** Saenz did not notice that some water had accumulated on the ground. She slipped on it and fell, hurting her ankle.

The manager on duty at the time, Sheree Beleski, came to assist Saenz. After looking around for a bit, Beleski, Saenz, and her husband observed a "very small amount of water" on

the floor where Saenz had fallen—"two or three little sporadic spots of water" somewhere between the size of a dime and a quarter. While the group pondered how the water had gotten there, another customer entered the store and retrieved a shopping cart. The unidentified customer noticed some water under her cart and pointed it out to Saenz. Based on this observation, Saenz surmised that some water had dripped off a cart onto the floor where she fell. But she admitted that she did not know for certain that the water had come from a cart, and, more importantly, she was unsure how long the water had been on the floor before she fell.

Saenz filed suit in Michigan state court, alleging "negligence/premises liability" against Kohl's and its janitorial service. The defendants removed the case to federal court based on diversity of citizenship. Following discovery, the district court granted summary judgment to the defendants. Saenz appealed as to Kohl's only. She argues that the district court erred by concluding that she had failed to produce evidence that Kohl's had notice of the water.

II.

We review a district court's grant of summary judgment de novo. *Franklin Am. Mortg. Co. v. Univ. Nat'l Bank of Lawrence*, 910 F.3d 270, 275 (6th Cir. 2018). A party is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). For purposes of summary judgment, we construe all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Id.* The nonmoving party's evidence need not be in an admissible form. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "However, the party opposing summary judgment must show that she *can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

A.

The parties agree that Michigan law applies to Saenz's premises-liability claim. In Michigan, a "premises owner breaches its duty of care when it 'knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect.' " *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 890 N.W.2d 344, 348 (2016) (quoting *Hoffner v. Lanctoe*, 492 Mich. 450, 821 N.W.2d 88, 94 (2012)). To prevail, Saenz had to show either actual or constructive notice—that Kohl's "knew about the alleged water on the [floor] or should have known of it because of its character or the duration of its presence." *Id.* at 350.

**\*156** B.

As to actual notice, Beleski attested that she "did not see any liquid or water until after [Saenz] showed [her] where she fell." Nor did any other Kohl's employee testify to noticing water on the floor. The centerpiece of Saenz's actual-notice argument on appeal is that Kohl's claimed to have placed "wet floor" signs near where she fell.

This argument rests entirely on the answer to Interrogatory 9 from Kohl's, which Saenz claims "is as follows":

**Question:** Was there any warning, oral or by sign, given to the Plaintiff or any other person concerning any danger in the area where the accident occurred?

**Answer:** Wet floor signs were present near the area where the alleged incident occurred. In addition, pursuant to Michigan Law, no warning signs were required since it was raining outside, had been raining for an extended period of time and [the] allegedly dangerous condition was open and obvious to an average person with ordinary intelligence.

This answer, Saenz reasons, is proof that Kohl's had notice of the water; it claimed to have placed "wet floor" signs in the area of her fall. The flaw in this theory is that Interrogatory 9 actually says nothing about "wet floor" signs. [1] Here is what

the version of Interrogatory 9 placed before the district court says:

> **Question:** Was there any warning, oral or by sign, given to the Plaintiff or any other person concerning any danger in the area where the accident occurred?
>
> **Answer:** Pursuant to Michigan law, no warning signs were required since it was raining outside, had been raining for an extended period of time, and the allegedly dangerous condition was open and obvious to an average person with ordinary intelligence.

R. 19-3, PageID 385. Conspicuously absent is any mention of "wet floor" signs. And, without any admission from Kohl's that it had placed a warning near the scene, Saenz's actual-notice argument collapses.

In reviewing a grant of summary judgment, we will not consider evidence outside the record absent "special circumstances." United States v. Murdock, 398 F.3d 491, 499 (6th Cir. 2005); accord Guarino v. Brookfield Twp. Trs., 980 F.2d 399, 404 (6th Cir. 1992). Saenz's failure to place her version of Interrogatory 9 "before the district court and on the record, prior to judgment," is simply not one of them. Abu-Joudeh v. Schneider, 954 F.3d 842, 848 (6th Cir. 2020).

Nor would expanding the record to include Saenz's version help her. Her motion to expand indicates that counsel for Kohl's emailed an early draft of the interrogatory answers to Saenz's counsel before submitting the actual set of answers. That previous draft included the reference to "wet floor" signs. But that draft was not signed by a representative of Kohl's, as is required. ***157** See Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections."). Rather, only trial counsel for Kohl's signed the draft, and he signed it "[a]s to objections and request to produce only" (*i.e.*, not as to any interrogatories). The interrogatory answers signed by Kohl's that were later filed as an exhibit omitted the reference to "wet floor" signs altogether.

Nevertheless, Saenz's counsel quoted the early, unsigned draft in the facts section of Saenz's brief to the district court. This draft response from Kohl's was "neither signed nor authenticated and, therefore, [constituted] inadmissible evidence for purposes of summary judgment." Baugham v. Battered Women, Inc., 211 F. App'x 432, 441 n.5 (6th Cir. 2006); see CareSource, 576 F.3d at 558. There is simply no basis for us to consider the draft response on appeal. It is inadmissible. As a result, Saenz's assertion of actual notice based on "wet floor" signs lacks any merit, and her motion to expand the record is denied.

Saenz makes one further argument in support of actual notice. She submits that Interrogatory 9's reference to the "open and obvious" doctrine constitutes an admission that Kohl's had actual notice of the water on the floor. This reference *is* contained in the signed version of Interrogatory 9, but it cannot help Saenz. The Michigan Supreme Court has made clear that a plaintiff bears the burden of establishing a prima facie premises-liability claim, including the duty element, "regardless of the openness and obviousness of the condition." Blackwell, 914 N.W.2d at 900. Kohl's, therefore, was free to argue simultaneously that it had no duty to Saenz, but that "*if* the condition was one for which [it] owed a duty to warn licensees, it was nevertheless open and obvious." Id. at 901. By doing so, Kohl's did not relieve Saenz of her obligation to show that a duty existed in the first place. "[T]he openness and obviousness of the [condition] is irrelevant if there is no prima facie claim." Id.

C.

That leaves the issue of constructive notice. On this front, Saenz must "proffer evidence" that Kohl's "should have known" about the water on the floor "because of its character or the duration of its presence." Lowrey, 890 N.W.2d at 350. That is, she must affirmatively show "that the unsafe condition ha[d] existed for a length of time sufficient to have enabled a reasonably careful storekeeper to discover it." Whitmore v. Sears, Roebuck & Co., 89 Mich.App. 3, 279 N.W.2d 318, 321 (1979); see Clark v. Kmart Corp., 465 Mich. 416, 634 N.W.2d 347, 349 (2001). Kohl's, by contrast, has no burden to show "that it did not have ... constructive notice of the condition." Lowrey, 890 N.W.2d at 349. "The burden of presenting evidence of notice regarding dangerous conditions always rests with the plaintiff." Duboise v. Wal-Mart Stores, Inc., No. 17-1454, 2018 WL 1940412, at *2 (6th Cir. Mar. 27, 2018) (order) (citing Clark, 634 N.W.2d at 349).

Saenz argues that regardless of the claimed warning signs, Kohl's should have known that water could accumulate on the floor because it had been raining earlier in the day. But

the lone fact that it had been raining earlier is insufficient to permit a plaintiff to survive summary judgment on the issue of constructive notice. A rainy day "do[es] not provide a basis for inferring how long the" water Saenz slipped on had been on the floor, "and mere conjecture does not establish a triable issue of fact." *Id.* (quoting *Charron v. H & H Lanes*, No. 278277, 2008 WL 1961226, at *1 (Mich. Ct. App. May 6, 2008)); *see Lowrey*, 890 N.W.2d at 351; **\*158** *Gainer v. Wal-Mart Stores E., L.P.*, 933 F. Supp. 2d 920, 923, 932–33 (E.D. Mich. 2013) (granting summary judgment for defendant where it had rained earlier and plaintiff failed to present evidence as to "when the water" she slipped upon had "accumulated on the floor"); *Ciaffone v. Teachers Mich. Props.*, No. 242467, 2004 WL 136399, at *1, *3 (Mich. Ct. App. Jan. 27, 2004) (rejecting plaintiff's claim of constructive notice where she slipped on a moisture-covered marble floor, even though it "had begun snowing that morning"). Saenz does not point us to anything else that might "show that the condition had existed for a considerable time." *Whitmore*, 279 N.W.2d at 321. And she conceded in her deposition she had no idea how long the water had been on the floor. While "Michigan law does not require [Saenz] to have personal knowledge of how long" the water was there, "she does have to present some affirmative evidence that points to the condition having existed for more than mere seconds." *Guthre v. Lowe's Home Ctrs., Inc.*, 204 F. App'x 524, 527 (6th Cir. 2006). She has not done so.

Our conclusion that Saenz has failed to produce evidence showing that "a reasonably careful storekeeper" should have discovered the water is bolstered by the nature of the hazard. *Whitmore*, 279 N.W.2d at 321. Saenz testified that she observed only "two or three sporadic spots" of "clear" water somewhere around the size of "a dime" on the floor where she fell. "It is not reasonable to require a defendant to conduct exhaustive inspections over every square inch of its premises to search for virtually invisible hazards." *Sanchez v. Meijer, Inc.*, No. 319867, 2015 WL 1227727, at *2 (Mich. Ct. App. Mar. 17, 2015) (granting summary judgment for defendant where a "puddle" of water had accumulated near "the employee door"); *see also Derbabian v. S & C Snowplowing, Inc.*, 249 Mich.App. 695, 644 N.W.2d 779, 784 (2002) (examining the "size" of an ice patch in determining whether the defendant "should have known of the icy condition"). Saenz did not even see the water herself despite "looking down" at the time of her fall. *See Gainer*, 933 F. Supp. 2d at 933.

Accordingly, the district court properly granted summary judgment to Kohl's.

III.

The merits now behind us, we deny the motion by Kohl's to strike Saenz's brief as moot. *See, e.g., Greenlee v. Sandy's Towing & Recovery, Inc.*, No. 17-3080, 2018 WL 3655961, at *3 (6th Cir. Feb. 21, 2018). One matter, however, remains. Kohl's has moved for sanctions, arguing that this appeal is frivolous because "Saenz's entire appeal is premised on an interrogatory answer" that "is not part of the District Court's record."

As an initial matter, because Kohl's "offers no evidence" that Saenz herself "harbored an improper motive" in bringing this appeal, "such as the intent to harass or cause delay," we decline to impose sanctions against her under Federal Rule of Appellate Procedure 38 or 28 U.S.C. § 1912. *Williams v. Shelby Cnty. Sch. Sys.*, 815 F. App'x 842, 845 (6th Cir. 2020).

As to her counsel, Brian Kutinsky, we find his conduct concerning. That said, we decline in the exercise of our discretion to impose sanctions against him personally. An attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions are appropriate under § 1927 "when an attorney has engaged in some sort of conduct that, from an objective standpoint, 'falls short of the obligations owed by a member of the bar to **\*159** the court and which, as a result, causes additional expense to the opposing party.'" *Holmes v. City of Massillon*, 78 F.3d 1041, 1049 (6th Cir. 1996) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)); *see also Mys v. Mich. Dep't of State Police*, 736 F. App'x 116, 117–18 (6th Cir. 2018).

Having represented Saenz from the filing of her complaint through this appeal, Kutinsky was (or should have been) "intimately familiar with the facts and procedural history" of this case. *Mys*, 736 F. App'x at 118. Indeed, during Beleski's deposition, counsel for Kohl's explicitly pointed out the discrepancy in the two versions of Interrogatory 9 and informed him that only the new version had been signed by a Kohl's representative. Kutinsky then read that signed version

—the one with no reference to "wet floor" signs—into the record. Yet despite this exchange, he quoted the unsigned, draft version in Saenz's brief to the district court. He then perpetuated that error on appeal.

Given that the unsigned draft was nowhere else to be found in the record, appellate counsel for Kohl's (who did not represent Kohl's in the trial court) initially charged Saenz with fabricating evidence. Her attorney, for his part, now says that he "mistakenly believed that he was quoting from the signed answers to interrogatories." And having learned of the events that transpired outside the record, Kohl's has withdrawn its charge of falsification. Still, Kohl's stresses that even after it brought this mistake to counsel's attention a second time on appeal, he doubled down, insisting that we should now expand the record and reverse based on an unsigned interrogatory that the district court had no authority to consider. *See Baugham*, 211 F. App'x at 441 n.5; Fed. R. Civ. P. 33(b)(5).

We have previously sanctioned attorneys "for misrepresentations that were not accompanied by any 'overt signs of bad faith' but nonetheless amounted to a 'misleadingly selective[ ] reading of the record.' " *Mys*, 736 F. App'x at 118 (alteration in original) (quoting *Kempter v. Mich. Bell Tel. Co.*, 534 F. App'x 487, 493 (6th Cir. 2013)). What Saenz's attorney has done here is arguably worse. His argument is based almost entirely on "evidence" that was not part of the record at all.

It is likewise inexcusable that Kutinsky now blames Kohl's for failing to correct his error in the district court. It was his duty to exercise reasonable diligence before making a representation of fact. *See* Model Rules of Pro. Conduct r. 1.3 (Am. Bar Ass'n 2019). And it was his duty not to press his argument on appeal any further "unless there [was] a basis in ... fact for doing so." Model Rules of Pro. Conduct r. 3.1. But when this mistake was brought to his attention again on appeal, he nevertheless asked us to ignore the invalidity of the unsigned interrogatory, while trying to blame Kohl's for being too slow to point out his own blunder. Understandably, neither Kohl's nor the district court addressed this mistake below. It was mentioned once in passing in the facts section of Saenz's brief, and the argument section never referenced the supposed floor signs. Kohl's had no reason then to say anything. The floor signs became Saenz's central argument only on appeal.

Nonetheless, although these actions might have been "unprofessional and serious enough to meet the standard for imposing sanctions," we choose to "exercise our discretion not to sanction" counsel. *Williams*, 815 F. App'x at 846. No doubt, it was careless to quote the unsigned Interrogatory 9 and then appeal based on that error. But we appreciate that these are trying times; a Michigan stay-at-home order due to COVID-19 was in effect at the time Saenz filed this appeal, which may **\*160** have limited her attorney's access to the record. In these circumstances, we choose to give him the benefit of the doubt.

Even so, once the error was pointed out on appeal, Kutinsky "should have diligently withdrawn" his argument, rather than doubling down. *Ridder v. City of Springfield*, 109 F.3d 288, 299 (6th Cir. 1997). Such obstinance makes the case for sanctions close. But in his motion to expand, counsel did advance a legal argument that we could consider the unsigned interrogatory, insisting that because he quoted it within his brief to the district court, it became part of the "record on appeal." *See* Fed. R. App. P. 10(a). This is of course incorrect: for even accepting counsel's premise, his argument conflates the "record on appeal" with *evidence in that record* which may be considered for summary judgment purposes. *See Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675–76 (6th Cir. 2013). Yet absent bad faith, we decline to impose sanctions against this trial attorney whose legal argument on appellate procedure—though flawed—might conceivably be characterized as that of a reasonably zealous advocate. *Cf. Mys*, 736 F. App'x at 117–18 ("Section 1927's purpose is to 'deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.' ") (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). In our view, sanctions should generally be reserved only for "truly egregious cases of misconduct." *Williams*, 815 F. App'x at 846 (quoting *Ridder*, 109 F.3d at 299).

\* \* \*

We AFFIRM the grant of summary judgment for Kohl's and DENY Saenz's motion to expand the record. We also DENY the motion to strike Saenz's brief as moot and DENY the motion Kohl's has filed for sanctions.

**All Citations**

834 Fed.Appx. 153

## Footnotes

1   This may not be the only flaw. Saenz's briefing is unclear. Does she argue that Kohl's had *actually* placed the floor signs and had thereby "warned plaintiff of the hazard"? Or does she argue that Kohl's only *claimed* to have placed the floor signs, which might suggest notice of the water, but failed to actually place them? If the former, Saenz's floor-sign argument would be self-defeating. Under Michigan law, defendants may "satisfy their duty of care to a licensee like the plaintiff by warning of any conditions that a licensee would not have reason to know of and that posed an unreasonable risk of harm; beyond this duty to warn of certain conditions, ... defendants ha[ve] no affirmative duty to inspect the premises or to make the premises safe for licensees." *Blackwell v. Franchi*, 502 Mich. 918, 914 N.W.2d 900, 900 (2018). We assume, therefore, that Saenz intended to argue the latter.

---