KeyCite Blue Flag – Appeal Notification

Appeal Filed by WISCONSIN VOTERS ALLIANCE, ET AL v. KAMALA HARRIS, ET AL, D.C.Cir., March 10, 2021

2021 WL 686359
Only the Westlaw citation is currently available.
United States District Court, District of Columbia.

WISCONSIN VOTERS ALLIANCE, et al., Plaintiffs,

v.

Vice President Michael R. PENCE, et al., Defendants.

Civil Action No. 20-3791 (JEB)
|
Signed 02/19/2021

**Attorneys and Law Firms**

Erick G. Kaardal, Mohrman, Kaardal, & Erickson, P.A., Minneapolis, MN, for Plaintiffs.

### ORDER

JAMES E. BOASBERG, United States District Judge

 **\*1** On January 7, 2021, this Court ordered Plaintiffs' counsel, Erick G. Kaardal, Esq., to show cause why it should not refer him to the Committee on Grievances for his filings in this matter. Represented by his own counsel, Kaardal has now responded. See ECF No. 22 (OSC Response). As he has not sufficiently allayed the Court's concerns regarding potential bad faith, it will refer the matter to the Committee via separate letter so that it may determine whether discipline is appropriate.

The Court will not rebut each point Kaardal's Response makes, including those pertaining to the flimsiness of the underlying basis for the suit, but it will note several of the numerous shortcomings that the Committee may wish to consider. First, Kaardal's Declaration, which accompanies the Response, spends most of its time supporting the suit's theory on the unconstitutionality of the federal and state statutes at issue. See ECF No. 22-1, Exh. B (Declaration of Erick G. Kaardal, Esq.) at 15–42. Yet, it neither acknowledges nor addresses a significant criticism from the Court's Memorandum Opinion: "After explicitly disclaiming any theory of fraud, see ECF No. 1 (Complaint), ¶ 44 ('This lawsuit is not about voter fraud.'), Plaintiffs spend scores of pages cataloguing every conceivable discrepancy or irregularity in the 2020 vote in the five relevant states, already debunked or not, most of which they nonetheless describe as a species of fraud. E.g., id., at 37–109." ECF No. 10 (Mem. Op.) at 2. The only reason the Court can see for the Complaint to spend 70+ pages on irrelevant allegations of fraud, not one instance of which persuaded any court in any state to question the election's outcome, is political grandstanding. The Response never explains otherwise.

Second, the Opinion wondered how this Court could possibly have personal jurisdiction over the fifteen battleground-state officials (all of whom serve in states that former President Donald J. Trump lost), who were sued in their official capacities. Id. at 4. The Declaration offers some thoughts on potential jurisdiction, but none is availing. First, it correctly notes that a suit against a state official in his official capacity can be regarded as a suit against a state itself. See Kaardal Decl. at 6. Yet, the very block quotation the Declaration excerpts, see id., conveniently omits the next sentence in the cited opinion, which states: "But the D.C. Circuit has held that the District of Columbia's long-arm statute does not apply to states themselves." Trump v. Comm. on Ways & Means, 415 F. Supp. 3d 98, 106 (D.D.C. 2019) (emphasis added) (citation omitted). Second, it is true that in certain limited cases, a suit against a state official in her official capacity may be considered a suit against her in her individual capacity for purposes of the D.C. long-arm statute. West v. Holder, 60 F. Supp. 3d 190, 194 (D.D.C. 2014) (citation omitted). What the Declaration again does not explain, however, is how the state-official Defendants had any contact with the District of Columbia so as to render them subject to that long-arm statute, let alone be consistent with due process. This is thus another point that may require attention from the Committee.

 **\*2** Third, the Court questioned the timing of the Complaint and its accompanying Motion for Preliminary Injunction. See Mem. Op. at 6. In other words, if Plaintiffs were in good faith challenging the constitutionality of federal and state statutes that have long been on the books, why wait until two weeks before the electoral votes were to be counted? The Declaration says that counsel waited because of ripeness and mootness concerns, see Kaardal Decl. at 5–6, but that makes little sense. Plaintiffs' theory is that the challenged state statutes are facially unconstitutional because each expressly provides for a method of certification other than by the state legislature itself. This claim, just like the one attacking the federal election statutes, could have been brought any time

© 2021 Thomson Reuters. No claim to original U.S. Government Works.  1

over the past years (or, in some cases, decades). It is fanciful that counsel needed to worry whether states would in fact take the allegedly unlawful action of certifying their election results without the state legislature's involvement, as state statutes required them to do just that. To wait as counsel did smacks once again of political gamesmanship and may be relevant to the Committee.

Fourth, the Declaration spends time listing the efforts to serve all Defendants in accordance with the Court's Minute Order of December 23, 2020. See Kaardal Decl. at 12–14. This misses the forest for the trees, however. The Motion sought to have the Court enjoin the January 6, 2021, counting of the electoral votes. See ECF No. 4 (PI Mem.) at 45 ("The Court should issue the preliminary injunction prior to January 6, 2021, when federal Defendants meet to count the Presidential electors to elect a President and Vice President, because the Plaintiffs have met the factors required."). That means that the Court would have had to hold a hearing and issue an opinion before that date, but Plaintiffs were still in the process of serving Defendants on January 4. See Kaardal Decl. at 13. A suit that truly wished a merits opinion before January 6 would have given notice to all Defendants as soon as (or before) the Complaint and Motion were filed on December 22, 2020. See Fed. R. Civ. P. 65(a)(1). Plaintiffs never did this or ever contacted the Court about a hearing prior to its January 4 Opinion, leading the Court to conclude that they wished only to file a sweeping Complaint filled with baseless fraud allegations and tenuous legal claims to undermine a legitimate presidential election.

The Court ends by underlining that the relief requested in this lawsuit is staggering: to invalidate the election and prevent the electoral votes from being counted. When any counsel seeks to target processes at the heart of our democracy, the Committee may well conclude that they are required to act with far more diligence and good faith than existed here.

The Court, accordingly, ORDERS that Plaintiffs' counsel shall be referred to the Committee on Grievances. It expresses no opinion on whether discipline should be imposed or, if so, what form that should take.

**All Citations**

Slip Copy, 2021 WL 686359

---