UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM FEEHAN,

    Plaintiff,

v.

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS, MARK
L. THOMSEN, MARGE BOSTELMANN,
JULIE M. GLANCEY, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., in their official
capacities, GOVERNOR TONY EVERS,
in his official capacity,

    Defendants.

Case No.: 20CV1771

**GOVERNOR TONY EVERS'S (PROPOSED) SUPPLEMENTAL BRIEF
IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES AND SANCTIONS**

    Information has come to light further confirming Plaintiff's attorneys' complete lack of investigation prior to initiating this suit. Recent filings in other courts reveal that the Trump campaign knew the conspiracy theory at the heart of this lawsuit was false. Indeed, the Trump campaign documented facts defenestrating the conspiracy theories at issue here in a memo, which was circulated within the campaign in the wee morning hours of November 14, 2020. At that time, Sidney Powell was still holding herself out as counsel to the campaign. While it remains unclear when Ms. Powell and others on Plaintiff's legal team learned of this memo's contents, that question is not essential here. The memo itself further illustrates that even a modicum of research—nothing more complex than a little Googling—would have demonstrated the absence of any basis for the theory advanced here that Dominion voting machines had altered individual votes, much less the outcome of the election.

\* \* \*

In November of 2020, following the presidential election, the Trump campaign began evaluating avenues for challenging the election results. Among its efforts, the Trump campaign investigated the theory that Dominion voting machines had been used in a conspiracy to swing the election results in Biden's favor. Yet, before any post-election litigation had begun, the Trump campaign drafted a 14-page memo debunking the entire theory. The memo, attached here, cites to a bevy of publicly available news articles refuting the claims made by Plaintiff and his attorneys in this case.[1] (Plaintiff's counsel may argue these news articles are not definitive; but they need not be, because their existence is enough to require deeper pre-suit inquiry that did not occur here.)

The Trump campaign memo underscores the utter baselessness of Plaintiff's entire suit. For instance, the memo refutes the assertion of a link between Dominion and Smartmatic, or between Dominion and the Venezuelan government.[2] Yet, Plaintiff's Complaint alleges both that Smartmatic partnered with Dominion and that Dominion was involved in rigging Venezuelan elections. (Dkt. 1 at ¶¶5-8, 90) The Complaint also asserts that Dominion employees had ties to Antifa, which, Plaintiff argues, explained the company's alleged plot to steal the election. (*Id.* at ¶¶98-99) But minimal, rudimentary Internet research led the Trump campaign to dismiss any suggested connection between Dominion employees and Antifa.[3]

---

[1] The memo filed with the Court was obtained by attorneys representing Dr. Eric Coomer, a former Dominion employee suing multiple parties for defamation related to post-election statements. The Trump campaign provided the memo to Dr. Coomer's attorneys via discovery in a Denver, Colorado state-court proceeding. Attached here as Exhibit A are excerpts from a deposition Dr. Coomer's counsel took of a corporate representative of the Trump campaign, along with the memo (TC-00000003–16), and an email string to which it was attached (TC-00000001–2), all marked as deposition exhibit PX0068 to the deposition.

[2] *See* Exh. A at TC-00000003.

[3] *See* Exh. A. at TC-00000014–16.

The ease with which the Trump campaign was able to dispel the Dominion conspiracy theory, based only on simple Internet research, confirms that Plaintiff's attorneys acted with complete disregard for the judicial process by failing to conduct even the most basic pre-filing investigation. As a Colorado district court and Michigan district court concluded in almost identical cases, failure to perform a basic pre-filing investigation is sanctionable under 28 U.S.C. § 1927 and this Court's inherent authority. *O'Rourke v. Dominion Voting Sys. Inc.*, No. 20-CV-3747, 2021 WL 3400671 at *15-23 (D. Colo. Aug. 3, 2021); *King v. Whitmer*, No. 20-13134, slip op. at * 46-47 (E.D. Mich. Aug. 25, 2021)[4]; *see also In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985) ("If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."); *Carr v. Tillery*, 591 F.3d 909, 919 (7th Cir. 2010) (inherent authority applies to pre-filing actions).

Here too, Plaintiff's counsel failed to do any—much less proper—due diligence before filing. If they knew about, or had access to the Trump campaign memo, that alone would have meant that this Complaint (and similar complaints in other states) should not have been filed without further inquiry. There is indeed reason to believe that Plaintiff's counsel was aware of the Trump memo or its findings *before* filing this lawsuit. The Trump campaign memo was created on the evening of November 13, 2020.[5] The next day, Trump identified Sidney Powell as one of his "wonderful lawyers and representatives."[6] Just over one week later, on November 22, 2020, the

---

[4] Copies of these unpublished decisions were already filed as Dkt. 111-3 and 111-4.

[5] *See* Exh. A at 39:13-40:25 (describing how most of the memo was written between 6:00 pm and 10:30 pm on November 13, 2020); *id.* at TC-0000001 (showing that memo at Bates pages TC-00000003–00000016 was circulated via email at 3:38 am on November 14, 2020); *see also* Alan Feuer, *Trump Campaign Knew Lawyers' Voting Machine Claims Were Baseless, Memo Shows*, N.Y. Times (Sept. 21, 2021), available at https://www.nytimes.com/2021/09/21/us/politics/trump-dominion-voting.html.

[6] Jan Wolfe, *Trump campaign parts ways with Powell after vote-switching claim*, Reuters (Nov. 22, 2020), available at https://www.reuters.com/article/us-usa-election-trump-powell/trump-campaign-parts-ways-with-powell-after-vote-switching-claim-idUSKBN2820UB.

Trump campaign distanced itself from Ms. Powell for pushing wild conspiracy theories.[7] More than another week passed before Ms. Powell and others initiated litigation in this Court based on allegations the Trump campaign had dismissed as nonsense weeks earlier. (Dkt. 1) What remains unknown is whether—and when—Ms. Powell first learned about the Trump campaign memo. Any pre-filing knowledge of the memo on her part supports the conclusion that Ms. Powell brought this action in bad faith, and underscores the need for sanctions in this case. (The extent, details, and timing of Ms. Powell's knowledge of the Trump campaign memo could be addressed at a sanctions hearing, should the Court wish to hold one.)

But the Trump campaign memo supports Governor Evers's sanctions motion even without an answer to the question of when Ms. Powell learned of the memo's contents. The memo underscores what is already apparent—Plaintiff's legal team made no effort to meet their most fundamental obligations before filing the Complaint in this suit. The memo makes clear that had they undertaken even a token investigation, they would have quickly, easily, and at no expense learned that the allegations on which they built their claims were baseless and that the lawsuit should not be filed. That would have avoided this needless litigation and the resulting damage to this country's core democratic institutions. Instead, they plowed ahead, as deliberately oblivious to the core facts as they were to the reality that one of their two initial named plaintiffs never wanted to participate in this litigation.

\* \* \*

Above and beyond the issues addressed in earlier filings by Governor Tony Evers (Dkt. 98, 110, 111), the obvious failure of Plaintiff's counsel to respect the judicial process warrants sanctions under 28 U.S.C. § 1927 and this Court's inherent authority.

---

[7] *Id.*

Dated: October 6, 2021

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

*Attorneys for Defendant, Governor Tony Evers*