# United States District Court
## Eastern District of Wisconsin (Milwaukee)
## CIVIL DOCKET FOR CASE #: <u>2−20−cv−01771−PP</u>

| | |
|---|---|
| Feehan et al v. Wisconsin Elections Commission et al | Date Filed: 12/01/2020 |
| Assigned to: Chief Judge Pamela Pepper | Date Terminated: 12/10/2020 |
| Case in other court:  20−03396 | Jury Demand: None |
| USCA: Feehan: 12−00010−2020, 20−03396 | Nature of Suit: 441 Civil Rights: Voting |
| 20−03448 | Jurisdiction: Federal Question |
| USCA; Feehan; 12−00015−2020, 20−03448 | |
| Cause: 42:1983 Civil Rights Act | |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **William Feehan** | represented by | **Daniel J Eastman**<br>Eastman Law<br>PO Box 158<br>Mequon, WI 53092<br>414−881−9383<br>Email: daneastman@me.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael D Dean**<br>Michael D Dean LLC<br>17035 W Wisconsin Ave − Ste 100<br>PO Box 2545<br>Brookfield, WI 53008<br>262−798−8044<br>Fax: 262−798−8045<br>Email: miked@michaelddeanllc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Brandon Johnson**<br>Sidney Powell PC<br>2911 Turtle Creek Blvd − Ste 300<br>Dallas, TX 75219<br>*ATTORNEY TO BE NOTICED* |
| | | **Emily P Newman**<br>Sidney Powell PC<br>2911 Turtle Creek Blvd − Ste 300<br>Dallas, TX 75219<br>*ATTORNEY TO BE NOTICED* |

**Howard Kleinhendler**
Howard Kleinhendler Esq
369 Lexington Ave – 12th Fl
New York, NY 10017
917–793–1188
Fax: 732–901–0832
Email: howard@kleinhendler.com
*ATTORNEY TO BE NOTICED*

**Julia Z Haller**
Sidney Powell PC
2911 Turtle Creek Blvd – Ste 300
Dallas, TX 75219
*ATTORNEY TO BE NOTICED*

**L Lin Wood**
L Lin Wood PC
PO Box 52584
Atlanta, GA 30305–0584
404–891–1402
*ATTORNEY TO BE NOTICED*

**Sidney Powell**
Sidney Powell PC
2911 Turtle Creek Blvd – Ste 300
Dallas, TX 75219
214–707–1775
Email: sidney@federalappeals.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Derrick Van Orden**
*TERMINATED: 12/03/2020*

represented by  **Michael D Dean**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J Eastman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Emily P Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Howard Kleinhendler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Z Haller**
(See above for address)
*ATTORNEY TO BE NOTICED*

**L Lin Wood**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sidney Powell**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Wisconsin Elections Commission**    represented by    **Colin T Roth**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−0020
Fax: 608−267−2223
Email: croth@staffordlaw.com
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−3094
Fax: 608−267−8906
Email: schmelzerjj@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Sean Michael Murphy**
Wisconsin Department of Justice
Office of the Attorney General
17 W Main St
PO Box 7857
Madison, WI 53707−7857
608−266−5457
Fax: 608−267−2223
Email: murphysm@doj.state.wi.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ann S Jacobs**    represented by    **Colin T Roth**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Michael Murphy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark L Thomsen**                 represented by   **Colin T Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Michael Murphy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Commissioner Marge Bostelmann**       represented by   **Colin T Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Michael Murphy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Julie M Glancey**                 represented by   **Colin T Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Michael Murphy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Commissioner Dean Knudson**   represented by   **Colin T Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Michael Murphy**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Robert F Spindell, Jr**   represented by   **Colin T Roth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jody J Schmelzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Michael Murphy**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Tony Evers**   represented by   **Davida Brook**
Susman Godfrey LLP
1901 Ave of the Stars – Ste 950
Los Angeles, CA 90061
310–789–3100
Fax: 310–789–3150
Email: dbrook@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Jeffrey A Mandell**
Stafford Rosenbaum LLP
222 W Washington Ave – Ste 900
PO Box 1784
Madison, WI 53701–1784
608–256–0226
Fax: 608–259–2600
Email: jmandell@staffordlaw.com
*ATTORNEY TO BE NOTICED*

**Justin A Nelson**
Susman Godfrey LLP
1000 Louisiana St – Ste 5100
Houston, TX 77002–5096
713–653–7895
Fax: 713–654–6666

Email: jnelson@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Paul M Smith**
Campaign Legal Center
1101 14th St NW – Ste 400
Washington, DC 20005
202–856–7901
Fax: 202–736–2222
Email: psmith@campaignlegal.org
*ATTORNEY TO BE NOTICED*

**Rachel E Snyder**
Stafford Rosenbaum LLP
222 W Washington Ave – Ste 900
PO Box 1784
Madison, WI 53701–1784
608–259–2657
Fax: 608–259–2600
Email: rsnyder@staffordlaw.com
*ATTORNEY TO BE NOTICED*

**Richard Manthe**
Stafford Rosenbaum LLP
222 W Washington Ave – Ste 900
PO Box 1784
Madison, WI 53701–1784
608–259–2684
Email: rmanthe@staffordlaw.com
*ATTORNEY TO BE NOTICED*

**Stephen Morrissey**
Susman Godfrey LLP
1201 3rd Ave – Ste 3800
Seattle, WA 98101
206–373–7380
Email: smorrissey@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Stephen Shackelford , Jr**
Susman Godfrey LLP
1301 Ave of the Americans –32nd Fl
New York, NY 10019
212–729–2012
Email: sshackelford@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Wisconsin State Conference NAACP**  represented by  
**Allison E Laffey**
Laffey Leitner & Goode LLC
325 E Chicago St – Ste 200
Milwaukee, WI 53202

414–312–7003
Fax: 414–755–7089
Email: alaffey@llgmke.com
*ATTORNEY TO BE NOTICED*

**Ezra D Rosenberg**
Lawyers Committee for Civil Rights Under
Law
1500 K Street NW – Ste 900
Washington, DC 20005
202–662–8345
Fax: 202–783–0857
Email: erosenberg@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Jacob Conarck**
Lawyer's Committee for Civil Rights Under
Law
1500 K St NW – 9th Fl
Washington, DC 20005
202–662–8315
Fax: 202–783–0857
Email: jpconarck@gmail.com
*ATTORNEY TO BE NOTICED*

**John W Halpin**
Laffey Leitner & Goode LLC
325 E Chicago St – Ste 200
Milwaukee, WI 53202
414–312–7261
Fax: 414–755–7089
Email: jhalpin@llgmke.com
*ATTORNEY TO BE NOTICED*

**Jon Greenbaum**
Lawyers'Committee for Civil Rights Under
Law
District Of Columbia
1500 K Street NW – 9th Fl
Washington, DC 20005
202–662–8315
Email: jgreenbaum@lawyerscommittee.org
*ATTORNEY TO BE NOTICED*

**Joseph S Goode**
Laffey Leitner & Goode LLC
325 E Chicago St – Ste 200
Milwaukee, WI 53202
414–312–7003
Fax: 414–755–7089
Email: jgoode@llgmke.com
*ATTORNEY TO BE NOTICED*

**Mark M Leitner**
Laffey Leitner & Goode LLC
325 E Chicago St – Ste 200
Milwaukee, WI 53202
414–312–7003
Fax: 414–755–7089
Email: mleitner@llgmke.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Dorothy Harrell**                 represented by   **Allison E Laffey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ezra D Rosenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John W Halpin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Greenbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph S Goode**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark M Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Wendell J. Harris, Sr.**          represented by   **Allison E Laffey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ezra D Rosenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John W Halpin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Greenbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph S Goode**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark M Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Earnestine Moss**                                represented by   **Allison E Laffey**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ezra D Rosenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John W Halpin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jon Greenbaum**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joseph S Goode**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Mark M Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>**Intervenor**</u>

**Democratic National Committee**              represented by   **Sopen B Shah**
Perkins Coie LLP
33 E Main St – Ste 201
Madison, WI 53703
608–663–7460
Fax: 608–663–7460
Email: sshah@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Will McDonell Conley**
Perkins Coie LLP
33 E Main St – Ste 201
Madison, WI 53703

608–663–7460
Fax: 608–663–7499
Email: wconley@perkinscoie.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles G Curtis , Jr**
Perkins Coie LLP
33 E Main St – Ste 201
Madison, WI 53703
608–663–5411
Fax: 608–663–7499
Email: ccurtis@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Christopher Bouchoux**
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
New York, NY 10007
212–230–8823
Email: christopher.bouchoux@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**David S Lesser**
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
New York, NY 10007
212–230–8851
Email: dlesser@kslaw.com
*ATTORNEY TO BE NOTICED*

**Jamie Dycus**
Wilmer Cutler Pickering Hale and Dorr
LLP
7 World Trade Center
New York, NY 10007
212–937–7236
Email: jdycus@kslaw.com
*ATTORNEY TO BE NOTICED*

**Joseph J Yu**
American Express Company
200 Vesey St
New York, NY 10285
718–930–5219
Email: joseph.yu@wilmerhale.com
*ATTORNEY TO BE NOTICED*

**Michelle M (Umberger) Kemp**
Perkins Coie LLP

33 E Main St – Ste 201
Madison, WI 53703
608–663–7460
Fax: 608–663–7499
Email: MUmberger@perkinscoie.com
*ATTORNEY TO BE NOTICED*

**Seth P Waxman**
Wilmer Cutler Pickering Hale and Dorr
LLP
1875 Pennsylvania Ave NW
Washington, DC 20006
202–663–6800
Fax: 202–663–6363
Email: seth.waxman@wilmerhale.com
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**James Gesbeck**                    represented by **James Gesbeck**
9302 Harvest Moon Lane
Verona, WI 53593
PRO SE

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 12/01/2020 | 1 | | COMPLAINT against All Plaintiffs by William Feehan. ( Filing Fee PAID $400 receipt number AWIEDC–3652059) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit)(Dean, Michael) (Additional attachment(s) added on 12/1/2020: # 28 Civil Cover Sheet) (jcl). |
| 12/01/2020 | 2 | | MOTION for Temporary Restraining Order by All Plaintiffs. (Dean, Michael) |
| 12/01/2020 | 3 | | BRIEF in Support filed by All Plaintiffs re 2 MOTION for Temporary Restraining Order . (Dean, Michael) |
| 12/01/2020 | | | NOTICE Regarding assignment of this matter to Chief Judge Pamela Pepper; Consent/refusal forms for Magistrate Judge Joseph to be filed within 21 days; the consent/refusal form is available here. Pursuant to Civil Local Rule 7.1 a disclosure statement is to be filed upon the first filing of any paper and should be filed now if not already filed. (jcl) |
| 12/01/2020 | 4 | | Magistrate Judge Jurisdiction Form filed by All Plaintiffs. (NOTICE: Pursuant to Fed.R.Civ.P. 73 this document is not viewable by the judge.) (Dean, Michael) |
| 12/01/2020 | 5 | | DISCLOSURE Statement by All Plaintiffs. (Dean, Michael) |

| 12/01/2020 | 6 | | MOTION to Amend/Correct Docket # 2: PLAINTIFFS MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF by All Plaintiffs. (Attachments: # 1 Text of Proposed Order)(Dean, Michael) |
|---|---|---|---|
| 12/02/2020 | 7 | | ORDER signed by Chief Judge Pamela Pepper on 12/2/2020 re 6 Amended Motion for Injunctive Relief. (cc: all counsel)(cb) |
| 12/02/2020 | 8 | | NOTICE of Appearance by Sidney Powell on behalf of All Plaintiffs. Attorney(s) appearing: Sidney Powell (Powell, Sidney) |
| 12/03/2020 | 9 | | AMENDED COMPLAINT *removing Derrick Van Orden as Plaintiff* against All Defendants filed by William Feehan. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit)(Dean, Michael) |
| 12/03/2020 | 10 | | Emergency MOTION to Amend/Correct Docket # 6: PLAINTIFFS CORRECTED MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF by William Feehan. (Attachments: # 1 Information Sheet Proposed Briefing Schedule)(Dean, Michael) |
| 12/03/2020 | 11 | | NOTICE of Appearance by Jeffrey A Mandell on behalf of Tony Evers. Attorney(s) appearing: Jeffrey A. Mandell (Mandell, Jeffrey) |
| 12/03/2020 | 12 | | NOTICE of Appearance by Rachel E Snyder on behalf of Tony Evers. Attorney(s) appearing: Rachel E. Snyder (Snyder, Rachel) |
| 12/03/2020 | 13 | | NOTICE of Appearance by Howard Kleinhendler on behalf of William Feehan. Attorney(s) appearing: Howard Kleinhendler (Kleinhendler, Howard) |
| 12/03/2020 | 14 | | MOTION to Intervene by James Gesbeck. (Attachments: # 1 Proposed Answer, # 2 Certificate of Service)(asc) |
| 12/03/2020 | 15 | | BRIEF in Support filed by James Gesbeck re 14 MOTION to Intervene. (asc) |
| 12/03/2020 | 16 | | MOTION Reassign Case Pursuant to Civil L.R. 3(b) by Tony Evers. (Attachments: # 1 Exhibit 1 – Notice from Case 20–CV–1785)(Mandell, Jeffrey) |
| 12/03/2020 | 17 | | NOTICE of Appearance by Sean Michael Murphy on behalf of Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission. Attorney(s) appearing: Sean Michael Murphy, Jody J. Schmelzer, Colin T. Roth (Murphy, Sean) |
| 12/03/2020 | 18 | | RESPONSE to Motion filed by William Feehan re 16 MOTION Reassign Case Pursuant to Civil L.R. 3(b) . (Dean, Michael) |
| 12/03/2020 | 19 | | ORDER signed by Chief Judge Pamela Pepper on 12/3/2020 DENYING 16 defendant Tony Evers's motion to reassign case pursuant to Civil L.R. 3(b). (cc: all counsel)(cb) |
| 12/03/2020 | 20 | | NOTICE of Appearance by Charles G Curtis, Jr on behalf of Democratic National Committee. Attorney(s) appearing: Charles G. Curtis (Curtis, Charles) |

| | | | |
|---|---|---|---|
| 12/03/2020 | 21 | | NOTICE of Appearance by Michelle M Umberger on behalf of Democratic National Committee. Attorney(s) appearing: Michelle M. Umberger (Umberger, Michelle) |
| 12/03/2020 | | | Party Derrick Van Orden terminated. (amb) (Entered: 12/04/2020) |
| 12/04/2020 | 22 | | MOTION to Intervene by Democratic National Committee. (Attachments: # 1 Exhibit 1–Proposed Answer, # 2 Text of Proposed Order)(Umberger, Michelle) |
| 12/04/2020 | 23 | | BRIEF in Support filed by Democratic National Committee re 22 MOTION to Intervene . (Umberger, Michelle) |
| 12/04/2020 | 24 | | DISCLOSURE Statement by Democratic National Committee. (Umberger, Michelle) |
| 12/04/2020 | 25 | | REPLY filed by Tony Evers *to Plaintiff's Proposed Briefing Schedule*. (Mandell, Jeffrey) |
| 12/04/2020 | 26 | | REPLY filed by Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission *to Plaintiff's Proposed Briefing Schedule*. (Murphy, Sean) |
| 12/04/2020 | 27 | | NOTICE of Appearance by Justin A Nelson on behalf of Tony Evers. Attorney(s) appearing: Justin A. Nelson (Nelson, Justin) |
| 12/04/2020 | 28 | | NOTICE of Appearance by Davida Brook on behalf of Tony Evers. Attorney(s) appearing: Davida Brook (Brook, Davida) |
| 12/04/2020 | 29 | | ORDER signed by Chief Judge Pamela Pepper on 12/4/2020. 10 Plaintiff's amended motion GRANTED IN PART to extent that it is Civil L.R. 7(h) expedited non–dispositive motion for expedited briefing schedule; defendant's opposition to plaintiff's amended motion due by 5:00 PM on 12/7/2020, plaintiff's reply due by 5:00 PM on 12/8/2020. The court DEFERS RULING on plaintiff's amended motion to extent that it asks the court to issue TRO or preliminary injunction. (cc: all counsel)(cb) |
| 12/04/2020 | 30 | | NOTICE of Appearance by Stephen Shackelford, Jr on behalf of Tony Evers. Attorney(s) appearing: Stephen L. Shackelford, Jr. (Shackelford, Stephen) |
| 12/04/2020 | 31 | | NOTICE of Appearance by Richard Manthe on behalf of Tony Evers. Attorney(s) appearing: Richard A. Manthe (Manthe, Richard) |
| 12/04/2020 | 32 | | NOTICE of Appearance by Paul M Smith on behalf of Tony Evers. Attorney(s) appearing: Paul M. Smith (Smith, Paul) |
| 12/04/2020 | 33 | | 7(h) Expedited NON–DISPOSITIVE MOTION to Intervene by James Gesbeck. (Attachments: # 1 Certificate of Service)(lz) |
| 12/04/2020 | 34 | | MOTION for Leave to File Excess Pages by Tony Evers. (Mandell, Jeffrey) |
| 12/04/2020 | 35 | | NOTICE of Appearance by Sidney Powell on behalf of All Plaintiffs. Attorney(s) appearing: Sidney Powell (Powell, Sidney) |
| 12/04/2020 | 36 | | TEXT ONLY ORDER signed by Chief Judge Pamela Pepper on 12/4/2020 re 34 MOTION for Leave to File Excess Pages filed by Tony Evers: The defendant seeks leave to file a brief in excess of the thirty pages allowed by |

| | | | |
|---|---|---|---|
| | | | Civil L.R. 7(f) because he proposes to both oppose the plaintiff's amended motion for injunctive relief and support his own, not yet filed motion to dismiss in the same pleading. The court appreciates any party's effort to streamline litigation, but would prefer that the defendant file separate briefs opposing the plaintiff's amended motion and supporting his own. This will avoid confusion when the plaintiff responds. The court **DENIES** the defendant's motion for leave to file excess pages. **NOTE: There is no document associated with this text–only order.** (cc: all counsel)(Pepper, Pamela) |
| 12/04/2020 | 37 | | ORDER signed by Chief Judge Pamela Pepper on 12/4/2020 allowing James Gesbeck to file *amicus curiae* brief by 5:00 PM on 12/7/2020. (cc: all counsel, via mail to James Gesbeck)(cb) |
| 12/05/2020 | 38 | | TEXT ONLY ORDER signed by Chief Judge Pamela Pepper on 12/5/2020 re 22 MOTION to Intervene filed by Democratic National Committee signed by Chief Judge Pamela Pepper on 12/5/2020: Under Civil L.R. 7(b), the plaintiff's response is due by December 25, 2020; because December 25 is a federal holiday, the court **ORDERS** that the plaintiff's response is due by December 28, 2020. **NOTE: There is no document associated with this text–only order.** (cc: all counsel)(Pepper, Pamela) |
| 12/05/2020 | 39 | | TEXT ONLY ORDER signed by Chief Judge Pamela Pepper on 12/05/2020 re 33 MOTION to Intervene filed by James Gesbeck: Under Civil L.R. 7(h), the plaintiff's response is due by Friday, December 11, 2020. **NOTE: There is no document associated with this text–only order.** (cc: all counsel)(Pepper, Pamela) |
| 12/05/2020 | 40 | | Expedited MOTION to Intervene by Democratic National Committee. (Umberger, Michelle) |
| 12/06/2020 | 41 | | ORDER signed by Chief Judge Pamela Pepper on 12/6/2020. 40 Movant DNC's expedited motion to intervene GRANTED to extent that court has expedited its ruling on original motion to intervene. 22 Movant DNC's original motion to intervene DENIED. Movant DNC may file *amicus curiae* brief by 5:00 PM on 12/7/2020. (cc: all counsel)(cb) |
| 12/06/2020 | 42 | | BRIEF in Support filed by William Feehan re 10 Emergency MOTION to Amend/Correct Docket # 6: PLAINTIFFS CORRECTED MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF *Amended Brief*. (Dean, Michael) |
| 12/06/2020 | 43 | | MOTION To File Separate Reply Briefs by William Feehan. (Dean, Michael) |
| 12/06/2020 | 44 | | MOTION To Hold Consolidated Evidentiary Hearing/Trial by William Feehan. (Dean, Michael) |
| 12/07/2020 | 45 | | TEXT ONLY ORDER signed by Chief Judge Pamela Pepper on 12/7/2020 re 43 MOTION To File Separate Reply Briefs filed by William Feehan: The court **GRANTS** the plaintiff's motion for leave to file separate reply briefs. If the defendants file a single opposition brief, the plaintiff must file one reply to that brief. If the defendants file separate opposition briefs, the plaintiff may file a reply for each opposition brief. The plaintiff also may file a separate reply for each brief filed by an amicus. (In other words, the plaintiff could file up to four reply briefs if the defendants file separate briefs and each amicus files a brief.) If the defendants file a separate motion to dismiss, the plaintiff may file an |

| | | | |
|---|---|---|---|
| | | | opposition brief of up to thirty pages under Civil L.R. 7(b). **NOTE: There is no document associated with this text–only order.** (cc: all counsel)(Pepper, Pamela) |
| 12/07/2020 | | | NOTICE of Hearing: Status Conference set for 12/8/2020 at 11:00 AM by telephone before Chief Judge Pamela Pepper. The parties are to appear by calling the court's conference line at 888–557–8511 and entering access code 4893665#. (cc: all counsel)(cb) |
| 12/07/2020 | 46 | | RESPONSE to Motion filed by Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission re 44 MOTION To Hold Consolidated Evidentiary Hearing/Trial . (Murphy, Sean) |
| 12/07/2020 | 47 | | AMICUS BRIEF in Opposition to 6 MOTION for Injunctive Relief filed by James Gesbeck. (asc) |
| 12/07/2020 | 48 | | NOTICE of Appearance by David S Lesser on behalf of Democratic National Committee. Attorney(s) appearing: David S. Lesser (Lesser, David) |
| 12/07/2020 | 49 | | NOTICE of Appearance by Jamie Dycus on behalf of Democratic National Committee. Attorney(s) appearing: Jamie S. Dycus (Dycus, Jamie) |
| 12/07/2020 | 50 | | NOTICE of Appearance by Stephen Morrissey on behalf of Tony Evers. Attorney(s) appearing: Stephen E. Morrissey (Morrissey, Stephen) |
| 12/07/2020 | 51 | | MOTION to Dismiss *Plaintiff's Amended Complaint* by Tony Evers. (Mandell, Jeffrey) |
| 12/07/2020 | 52 | | RESPONSE to Motion filed by Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission re 2 MOTION for Temporary Restraining Order . (Murphy, Sean) |
| 12/07/2020 | 53 | | MOTION to Dismiss by Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission. (Murphy, Sean) |
| 12/07/2020 | 54 | | BRIEF in Support filed by Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission re 53 MOTION to Dismiss . (Murphy, Sean) |
| 12/07/2020 | 55 | | BRIEF in Opposition filed by Tony Evers re 10 Emergency MOTION to Amend/Correct Docket # 6: PLAINTIFFS CORRECTED MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF . (Attachments: # 1 Exhibit 1 WVA v. WEC, # 2 Exhibit 2 Trump v. Boockvar, # 3 Exhibit 3 Wood v. Raffensperger, # 4 Exhibit 4 Wood v. Raffensperger (11th Cir.), # 5 Exhibit 5 King v. Whitmer TRO Decision, # 6 Exhibit 6 Zilisch v. R.J. Reynolds, # 7 Exhibit 7 Consolidate Water v..40 Acres, # 8 Exhibit 8 Jefferson v. Dane County, # 9 Exhibit 9 Bognet v. Secretary of Commonwealth, # 10 Exhibit 10 O'Bright v. Lynch Order, # 11 Exhibit 11 Trump v. Evers Order)(Mandell, Jeffrey) |
| 12/07/2020 | 56 | | MOTION for Leave to File *Amicus Curiae Brief* by Wisconsin State Conference NAACP, Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss. (Goode, Joseph) |

| | | |
|---|---|---|
| 12/07/2020 | 57 | BRIEF in Opposition filed by Democratic National Committee re 10 Emergency MOTION to Amend/Correct Docket # 6: PLAINTIFFS CORRECTED MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF . (Attachments: # 1 Exhibit 1 – Washington Voters Alliance Case, # 2 Exhibit 2 – Trump v. Evers Case, # 3 Exhibit 3 – Mueller v. Jacobs Case, # 4 Exhibit 4 – King v. Benson Case, # 5 Exhibit 5 – March 29, 2020 Guidance, # 6 Exhibit 6 – Jefferson v. Dane Case, # 7 Exhibit 7 – October 18, 2016 Guidance, # 8 Exhibit 8 – Election Manual, # 9 Exhibit 9 – November 10, 2020 Guidance)(Umberger, Michelle) |
| 12/07/2020 | 58 | UNPUBLISHED Decision *Pursuant to Civil L.R. 7(J)* filed by Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission (Attachments: # 1 Exhibit 1– Martel v. Condos, # 2 Exhibit 2– Moore v. Circosta, # 3 Exhibit 3– Donald J. Trump for President v. Cegavske, # 4 Exhibit 4– Bognet v. Secretary of the Commonwealth of Pennsylvania, # 5 Exhibit 5– Donald J. Trump for President v. Boockvar, # 6 Exhibit 6– Donald J. Trump for President v. Pennsylvania, # 7 Exhibit 7– Wood v. Raffensperger, # 8 Exhibit 8– King v. Whitmer)(Murphy, Sean) |
| 12/07/2020 | 59 | BRIEF in Support filed by Tony Evers re 51 MOTION to Dismiss *Plaintiff's Amended Complaint* . (Attachments: # 1 Exhibit 1 Whitake v. Kenosha, # 2 Exhibit 2 Bognet v. Secretary of Commenwealth, # 3 Exhibit 3 Hotze v. Hollins, # 4 Exhibit 4 Wood v. Raffensperger, # 5 Exhibit 5 Wood v. Raffensperger (11th Cir.), # 6 Envelope 6 Moore v. Circosta, # 7 Exhibit 7 Trump v. Evers, # 8 Exhibit 8 WVA v. WEC, # 9 Exhibit 9 Trump Notice of Appeal, # 10 Exhibit 10Trump v. Biden Consolidation Order, # 11 Exhibit 11 Andino v. Middleton, # 12 Exhibit 12 Massey v. Coon, # 13 Exhibit 13 Balsam v. New Jersey, # 14 Exhibit 14 Thompson v. Alabama, # 15 Exhibit 15 Braynard Expert Report)(Mandell, Jeffrey) |
| 12/07/2020 | 60 | BRIEF in Opposition filed by Tony Evers re 44 MOTION To Hold Consolidated Evidentiary Hearing/Trial . (Mandell, Jeffrey) |
| 12/08/2020 | 61 | NOTICE of Appearance by Jon Greenbaum on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Jon Greenbaum (Greenbaum, Jon) |
| 12/08/2020 | 62 | NOTICE of Appearance by Allison E Laffey on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Allison E. Laffey (Laffey, Allison) |
| 12/08/2020 | 63 | NOTICE of Appearance by John W Halpin on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: John W. Halpin (Halpin, John) |
| 12/08/2020 | 64 | NOTICE of Appearance by Mark M Leitner on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Mark M. Leitner (Leitner, Mark) |
| 12/08/2020 | 65 | NOTICE of Appearance by Joseph S Goode on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Joseph S. Goode (Goode, Joseph) |
| 12/08/2020 | 66 | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by Ezra D Rosenberg on behalf of Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP. Attorney(s) appearing: Ezra D. Rosenberg (Rosenberg, Ezra) |
| 12/08/2020 | 67 | | NOTICE of Appearance by Jacob Conarck on behalf of Wisconsin State Conference NAACP. Attorney(s) appearing: Jacob P. Conarck (Conarck, Jacob) |
| 12/08/2020 | 68 | | NOTICE of Appearance by Seth P Waxman on behalf of Democratic National Committee. Attorney(s) appearing: Seth P. Waxman (Waxman, Seth) |
| 12/08/2020 | 69 | | ORDER signed by Chief Judge Pamela Pepper on 12/8/2020 GRANTING 56 Motion for Leave to File *Amicus Curiae Brief* filed by Earnestine Moss, Dorothy Harrell, Wisconsin State Conference NAACP, Wendell J. Harris, Sr. (cc: all counsel)(cb) |
| 12/08/2020 | 70 | | Audio of statue conference held on 12/8/2020 at 11:08 a.m.; File Size (51.1 MB) (kgw) |
| 12/08/2020 | 71 | | Court Minutes and Order from the Status Conference held before Chief Judge Pamela Pepper on 12/8/2020. The court **DENIES** the 44 Motion for Consolidated Evidentiary Hearing and Trial on the Merits. The court **ORDERS** the plaintiff to file his responses to the motions to dismiss (Dkt. Nos. 51 and 53) and reply brief in support of his motion for injunctive relief (Dkt. No. 10) by December 8, 2020 at 5 p.m. CST. The court **ORDERS** that if the defendants and amici wish to file reply briefs in support of the motions to dismiss, they must do so by December 9, 2020 at 3 p.m. CST. (Court Reporter Thomas Malkiewicz.) (kgw) |
| 12/08/2020 | 72 | | BRIEF in Opposition filed by William Feehan re 51 MOTION to Dismiss *Plaintiff's Amended Complaint*, 10 Emergency MOTION to Amend/Correct Docket # 6: PLAINTIFFS CORRECTED MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF , 53 MOTION to Dismiss *and Consolidated in Reply/Response to Response Briefs of Defendants and Opposition Briefs of Amici*. (Attachments: # 1 Exhibit, # 2 Exhibit)(Dean, Michael) |
| 12/09/2020 | 73 | | REPLY BRIEF in Support filed by Tony Evers re 51 MOTION to Dismiss *Plaintiff's Amended Complaint* . (Attachments: # 1 Exhibit 1 American Commercial Barge Lines v. Reserve FTL, # 2 Exhibit 2 Trump v. Secretary of Pennsylvania)(Mandell, Jeffrey) |
| 12/09/2020 | 74 | | ORDER signed by Chief Judge Pamela Pepper on 12/9/2020. 14 James Gesbeck's motion to intervene DENIED. 33 James Gesbeck's Civil LR 7(h) motion to intervene GRANTED to extent it asks the court to expedite ruling on motion to intervene and DENIED to extent it asks the court to grant motion to intervene. (cc: all counsel)(cb) |
| 12/09/2020 | 75 | | MOTION to Seal Document *Public Motion Prior to Filing Sealed/Restricted Exhibits* by William Feehan. (Attachments: # 1 Exhibit, # 2 Exhibit)(Dean, Michael) |
| 12/09/2020 | 76 | | BRIEF in Support filed by William Feehan re 75 MOTION to Seal Document *Public Motion Prior to Filing Sealed/Restricted Exhibits* . (Dean, Michael) |
| 12/09/2020 | 77 | | |

| | | | REPLY BRIEF in Support filed by Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission re 53 MOTION to Dismiss . (Murphy, Sean) |
|---|---|---|---|
| 12/09/2020 | 78 | | UNPUBLISHED Decision *Pursuant to Civil L.R. 7(J)* filed by Marge Bostelmann, Julie M Glancey, Ann S Jacobs, Dean Knudson, Robert F Spindell, Jr, Mark L Thomsen, Wisconsin Elections Commission (Attachments: # 1 Exhibit 1– King, # 2 Exhibit 2– Bognet, # 3 Exhibit 3– Boockvar, # 4 Exhibit 4– Hotze, # 5 Exhibit 5– Massey, # 6 Exhibit 6– Aguila Management, # 7 Exhibit 7– Solow Building Co.)(Murphy, Sean) |
| 12/09/2020 | 79 | | BRIEF in Opposition filed by Dorothy Harrell, Wendell J. Harris, Sr., Earnestine Moss, Wisconsin State Conference NAACP re 6 MOTION to Amend/Correct Docket # 2: PLAINTIFFS MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF , 10 Emergency MOTION to Amend/Correct Docket # 6: PLAINTIFFS CORRECTED MOTION FOR DECLARATORY, EMERGENCY, AND PERMANENT INJUNCTIVE RELIEF . (Goode, Joseph) |
| 12/09/2020 | 80 | | NOTICE of Appearance by Christopher Bouchoux on behalf of Democratic National Committee. Attorney(s) appearing: Christopher Bouchoux (Bouchoux, Christopher) |
| 12/09/2020 | 81 | | NOTICE by Tony Evers *Notice of Supplemental Authority* (Brook, Davida) |
| 12/09/2020 | 82 | | ORDER signed by Chief Judge Pamela Pepper on 12/9/2020 DENYING 75 plaintiff's Motion to Seal Document *Public Motion Prior to Filing Sealed/Restricted Exhibits*. (cc: all counsel)(cb) |
| 12/09/2020 | 83 | | ORDER DISMISSING CASE signed by Chief Judge Pamela Pepper on 12/9/2020. 51 Defendant Evers's motion to dismiss plaintiff's amended complaint GRANTED. 53 Defendants Wisconsin Elections Commission and its Members motion to dismiss GRANTED. 6 Plaintiff's corrected motion for declaratory, emergency and permanent injunctive relief DENIED as moot. 10 Plaintiff's amended motion for temporary restraining order and preliminary injunction to be considered in an expedited manner DENIED as moot. 9 Plaintiff's amended complaint for declaratory, emergency and permanent injunctive relief DISMISSED. (cc: all counsel)(cb) |
| 12/10/2020 | 84 | | NOTICE OF APPEAL as to 83 Order Dismissing Case,,, Terminate Motions,, by William Feehan. Filing Fee PAID $505, receipt number AWIEDC–3664794 (cc: all counsel) (Dean, Michael) |
| 12/10/2020 | 85 | | JUDGMENT signed by Deputy Clerk and approved by Chief Judge Pamela Pepper on 12/9/2020. (cc: all counsel)(cb) |
| 12/10/2020 | 86 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 84 Notice of Appeal (lmf) |
| 12/10/2020 | 87 | | Attorney Cover Letter re: 84 Notice of Appeal (Attachments: # 1 Docket Sheet)(lmf) |
| 12/10/2020 | 88 | | USCA Case Number 20–3396 re: 84 Notice of Appeal filed by William Feehan. (lmf) |
| 12/15/2020 | 89 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE of Appearance by Joseph J Yu on behalf of Democratic National Committee. Attorney(s) appearing: Joseph J. Yu (Yu, Joseph) |
| 12/15/2020 | 90 | | AMENDED NOTICE OF APPEAL as to 85 Judgment, 83 Order Dismissing Case,,, Terminate Motions,, by William Feehan. (cc: all counsel) (Dean, Michael) Modified on 12/16/2020 (lmf). |
| 12/15/2020 | 93 | | USCA Case Number 20–3448 re: 90 Amended Notice of Appeal filed by William Feehan. (Attachments: # 1 Circuit Rule 3(b) Notice)(lmf) (Entered: 12/17/2020) |
| 12/16/2020 | 91 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 90 Notice of Appeal (lmf) |
| 12/16/2020 | 92 | | Attorney Cover Letter re: 90 Amended Notice of Appeal (Attachments: # 1 Docket Sheet)(lmf) |
| 12/22/2020 | 94 | | USCA Mandate (certified copy) as to 84 Notice of Appeal filed by William Feehan USCA Number 20–3396. IT IS ORDERED that appeal no. 20–3396 is voluntarily DISMISSED pursuant to Federal Rule of Appellate Procedure 42(b). Dismissal is without prejudice to appellant pursuing his claims in appeal no. 20–3448. (lmf) |
| 02/16/2021 | 95 | | TEXT ONLY ORDER signed by Chief Judge Pamela Pepper on 02/15/2021: In compliance with the February 1, 2021 order of the Seventh Circuit Court of Appeals in Feehan v. Wisconsin Elections Commission, *et al.*, Appeal No. 20–3448, the court **ORDERS** that its decision of December 9, 2020 (Dkt. No. 83) and the accompanying judgment (Dkt. No. 85) are **VACATED**. The court further **ORDERS** that this case is **DISMISSED AS MOOT**. **NOTE: There is no document associated with this text–only order.** (cc: all counsel)(Pepper, Pamela) |
| 02/23/2021 | 96 | | USCA Mandate (certified copy) as to 90 Notice of Appeal filed by William Feehan USCA Number 20–3448. IT IS ORDERED that the motion to dismiss is GRANTED to the extent that we VACATE the district courts decision and REMAND with instructions to dismiss the case as moot. This is the routine disposition of civil cases that become moot while on appeal, see United State v. Munsingwear, 340 U.S. 36 (1950), and this courts instructionsreflect no criticism of the district courts timely decision on the merits. (lmf) |
| 03/31/2021 | 97 | | MOTION for Attorney Fees by Tony Evers. (Mandell, Jeffrey) |
| 03/31/2021 | 98 | | BRIEF in Support filed by Tony Evers re 97 MOTION for Attorney Fees . (Attachments: # 1 Case: Pearson v. Kemp, # 2 Case: In Re Veg Liquidation, # 3 Case: Zilisch v. R.J. Reynolds, # 4 Case: Swaffer v. Deininger, # 5 Case: Custom Shuttrs v. Saia Motor)(Mandell, Jeffrey) |
| 03/31/2021 | 99 | | DECLARATION of Jeffrey A. Mandell (Attachments: # 1 Ex. A – Attorney Fees, # 2 Ex. B – Engagement Letter)(Mandell, Jeffrey) |
| 03/31/2021 | 100 | | DECLARATION of Matthew O'Neill (Mandell, Jeffrey) |
| 03/31/2021 | 101 | | DECLARATION of Stacie Rosenzweig (Mandell, Jeffrey) |
| 03/31/2021 | 102 | | DECLARATION of Mark Leitner (Mandell, Jeffrey) |
| 03/31/2021 | 103 | | DECLARATION of Tamara Packard (Mandell, Jeffrey) |

| | | | |
|---|---|---|---|
| 03/31/2021 | 104 | | DECLARATION of Jeff Scott Olson (Attachments: # 1 Ex. A – Curriculum Vitae)(Mandell, Jeffrey) |
| 04/08/2021 | 105 | | MOTION to Strike *Sanctions Motion* by William Feehan. (Kleinhendler, Howard) |
| 04/08/2021 | 106 | | BRIEF in Support filed by William Feehan re 105 MOTION to Strike *Sanctions Motion* . (Kleinhendler, Howard) |
| 04/14/2021 | 107 | | BRIEF in Opposition filed by Tony Evers re 105 MOTION to Strike *Sanctions Motion* . (Attachments: # 1 Swires v. Incredible Scents, Inc., # 2 Martorana v. Vill. of Elmwood Park, # 3 Vogt v. Raymond James Fin., # 4 Formax, Inc. v. Alkar–Rapidpak–MP, # 5 Wells Fargo Bus. Credit v. Donald Hindman, # 6 Ill. Tool Works Inc. v. ESAB Grp, # 7 United States v. Pansier, # 8 Armstrong v. Snyder)(Mandell, Jeffrey) |
| 04/19/2021 | 108 | | REPLY BRIEF in Support filed by William Feehan re 105 MOTION to Strike *Sanctions Motion* . (Kleinhendler, Howard) |
| 04/21/2021 | 109 | | BRIEF in Opposition filed by William Feehan re 97 MOTION for Attorney Fees . (Kleinhendler, Howard) |
| 05/05/2021 | 110 | | REPLY BRIEF in Support filed by Tony Evers re 97 MOTION for Attorney Fees *and Sanctions*. (Attachments: # 1 Exhibit 1 – Nordek v. Garbe Iron Works, # 2 Exhibit 2 – Saenz v. Kohl's, # 3 Exhibit 3 – News Articles)(Mandell, Jeffrey) |
| 08/30/2021 | 111 | | NOTICE by Tony Evers *of Supplemental Authority* (Attachments: # 1 Matter of Giuliani, # 2 Wis. Voters Alliance v. Pence, # 3 O'Rourke v. Dominion Voting Systems Inc., # 4 King v. Whitmer)(Mandell, Jeffrey) |
| 10/06/2021 | 112 | | MOTION for Leave to File *Supplemental Brief* by Tony Evers. (Attachments: # 1 Proposed Supplemental Brief, # 2 Exhibit A to Proposed Supplemental Brief)(Mandell, Jeffrey) |
| 08/24/2022 | 113 | | ORDER signed by Chief Judge Pamela Pepper on 8/24/2022 **DENYING** 97 Defendant Evers's Motion for Attorney Fees; **DENYING** 105 Plaintiff's Motion to Strike Defendant's Motion for Sanctions; and, **DENYING** 112 Defendant Evers's Motion for Leave to File Supplemental Brief. (cc: all counsel)(kgw) |
| 09/23/2022 | 114 | | NOTICE OF APPEAL by Tony Evers. Filing Fee PAID $505, receipt number AWIEDC–4218226 (cc: all counsel) (Attachments: # 1 Docketing Statement)(Mandell, Jeffrey) |

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

WILLIAM FEEHAN,

      Plaintiff,

v.

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS, MARK
L. THOMSEN, MARGE BOSTELMANN,
JULIE M. GLANCEY, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., in their official
capacities, GOVERNOR TONY EVERS,
in his official capacity,

      Defendants.

Case No.: 20CV1771-pp

---

## NOTICE OF APPEAL

Notice is given that the defendant, Governor Tony Evers, in his official capacity as Wisconsin's Governor, appeals to the United States Court of Appeals for the Seventh Circuit from the final judgment entered in this action on August 24, 2022.

Dated this 23rd day of September, 2022.

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

*Attorneys for Defendant, Governor Tony Evers*

WILLIAM FEEHAN,

       Plaintiff,

v.

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS, MARK
L. THOMSEN, MARGE BOSTELMANN,          Case No.: 20CV1771-pp
JULIE M. GLANCEY, DEAN KNUDSON,
ROBERT F. SPINDELL, JR., in their official
capacities, GOVERNOR TONY EVERS,
in his official capacity,

       Defendants.

## DOCKETING STATEMENT

### I.    JURISDICTION OF THE DISTRICT COURT

The district court had jurisdiction as a civil action arising under the laws of the United States pursuant to 28 U.S.C. § 1331.

### II.    JURISDICTION OF THE COURT OF APPEALS

This appeal is taken from the final decision of the U.S. District Court for the Eastern District of Wisconsin entered on August 24, 2022 by the Honorable Pamela Pepper.

The United States Court of Appeals has jurisdiction to decide this case pursuant to 28 U.S.C. § 1291.

The Notice of Appeal was filed with the District Court on September 23, 2022.

Dated this 23rd day of September, 2022.

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com

*Attorneys for Defendant, Governor Tony Evers*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,

        Plaintiff,

                                 Case No. 20-cv-1771-pp

  v.

WISCONSIN ELECTIONS COMMISSION,
COMMISSIONER ANN S. JACOBS,
MARK L. THOMSEN, JULIE M. GLANCEY,
COMMISSIONER MARGE BOSTELMANN,
COMMISSIONER DEAN KNUDSON,
ROBERT F. SPINDELL, JR., and TONY EVERS,

        Defendants.

---

**ORDER DENYING DEFENDANT EVERS'S MOTION FOR ATTORNEY FEES (DKT. NO. 97), DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION FOR SANCTIONS (DKT. NO. 105) AND DENYING DEFENDANT EVERS'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF (DKT. NO. 112)**

---

On December 1, 2020, the plaintiff filed this lawsuit alleging "massive election fraud, multiple violations of the Wisconsin Election Code, see e.g., Wis. Stat. §§5.03, et seq., in addition to the Election and Electors Clauses and Equal Protection Clause of the U.S. Constitution" based on "dozens of eyewitnesses and the statistical anomalies and mathematical impossibilities detailed in the affidavits of expert witnesses." Dkt. No. 1 at ¶1. Eight days later, the court granted the defendants' motions to dismiss, denied the plaintiff's motion for injunctive relief as moot and dismissed the case. Dkt. No. 83. The plaintiff appealed, dkt. no. 84, then filed an amended notice of appeal, dkt. no.

1

90. The plaintiff voluntarily dismissed the appeal. Dkt. No. 94. Three months later, defendant Governor Tony Evers filed a motion to recover attorney fees, dkt. no. 97, and the plaintiff filed a "Motion to Strike Defendant's Motion for Sanctions," dkt. no. 105. Several months later, defendant Evers filed a motion for leave to file a supplemental brief. Dkt. No. 112.

Because the court lacks jurisdiction over defendant Evers's motion to recover attorney fees, it will deny the motion. The court will deny for lack of jurisdiction and as moot the plaintiff's motion to strike the defendant's motion to recover fees and the defendant's motion for leave to file a supplemental brief.

## I. Background

The fifty-two-page complaint, filed on December 1, 2020, asserted four causes of action: (1) violation of the Elections and Electors Clauses and 42 U.S.C. §1983; (2) violation of the Equal Protection Clause of the Fourteenth Amendment, 42 U.S.C. §1983 and the "invalid enactment of regulations & disparate treatment of absentee vs. mail-in ballots"; (3) denial of the Fourteenth Amendment due process right to vote and 42 U.S.C. §1983; and (4) "wide-spread ballot fraud." Dkt. No. 1 at ¶¶106-138. As relief, the plaintiffs requested

> 1. An order directing Governor Evers and the Wisconsin Elections Commission to de-certify the election results;
>
> 2. An order enjoining Governor Evers from transmitting the currently certified election results [sic] the Electoral College;
>
> 3. An order requiring Governor Evers to transmit certified election results that state that President Donald Trump is the winner of the election;
>
> 4. An immediate emergency order to seize and impound all servers, software, voting machines, tabulators, printers, portable media,

2

logs, ballot applications, ballot return envelopes, ballot images, paper ballots, and all "election materials" referenced in Wisconsin Statutes § 9.01(1)(b)11 related to the November 3, 2020 Wisconsin election for forensic audit and inspection by the Plaintiffs;

5. An order that no votes received or tabulated by machines that were not certified as required by federal and state law be counted;

6. A declaratory judgment declaring that Wisconsin's failed system of signature verification violates the Electors and Elections Clause by working a de facto abolition of the signature verification requirement;

7. A declaratory judgment declaring that currently certified election results violate the Due Process Clause, U.S. Const. Amend. XIV;

8. A declaratory judgment declaring that mail-in and absentee ballot fraud must be remedied with a Full Manual Recount or statistically valid sampling that properly verifies the signatures on absentee ballot envelopes and that invalidates the certified results if the recount or sampling analysis shows a sufficient number of ineligible absentee ballots were counted;

9. A declaratory judgment declaring absentee ballot fraud occurred in violation of Constitutional rights, Election laws and under state law;

10. A permanent injunction prohibiting the Governor and Secretary of State from transmitting the currently certified results to the Electoral College based on the overwhelming evidence of election tampering;

11. Immediate production of 48 hours of security camera recording of all rooms used in the voting process at the TCF Center1 for November 3, 2020 and November 4, 2020;

12. Plaintiffs further request the Court grant such relief as is just and proper including but not limited to, the costs of this action and their reasonable attorney fees and expenses pursuant to 42 U.S.C. §1988.

Id. at ¶143. There were twenty-eight attachments to the complaint, totaling 331 pages. Dkt. Nos. 1-1 through 1-28.

On the same date that he filed the complaint, the plaintiff[1] filed a motion for a temporary restraining order, dkt. no. 2, and a supporting brief, dkt. no. 3. Almost seven hours later, the plaintiff filed a motion to amend or correct the motion for injunctive relief. Dkt. No. 6.

Two days later, the plaintiff filed an amended complaint, dkt. no. 9, accompanied by nineteen attachments, dkt. nos. 9-1 through 9-19. The amended complaint was fifty-one pages and the attachments totaled 303 pages. The plaintiff also filed another amended motion for injunctive relief, which asked the court to consider it in an "expedited manner." Dkt. No. 10. The plaintiff attached a proposed briefing schedule, indicating that the briefing would be conducted over the next two days (Friday, December 4 and Saturday, December 5). Dkt. No. 10-1.

Between December 3 and December 4, other parties—a proposed intervenor, defendant Evers—filed motions, but the next motion the plaintiff filed was his December 4, 2020 motion for leave to file excess pages. Dkt. No. 34. Two days later—on December 6, 2020—the plaintiff filed a brief in support of the second amended motion for injunctive relief. Dkt. No. 42. That same day, he filed a motion to file separate reply briefs, dkt. no. 43, and a motion to hold a consolidated evidentiary hearing, dkt. no. 44.

On December 7, 2020, the defendants moved to dismiss the amended complaint. Dkt. Nos. 51, 53. Over the next two days, the parties (and others

---

[1] There were two named plaintiffs in the original complaint—the plaintiff and "Derrick Van Orden." Dkt. No. 1 at 1. The December 3, 2020 amended complaint removed Van Orden as a defendant. Dkt. No. 9.

4

seeking to file *amicus* briefs or to intervene) filed numerous pleadings, but only one was a new motion filed by the plaintiff—a December 9, 2020 motion to restrict some exhibits. Dkt. No. 76.

On December 9, 2020—eight days after the plaintiff had filed the complaint—the court granted the defendants' motions to dismiss. Dkt. No. 83. It concluded that (1) the plaintiff's status as a registered voter did not give him standing to sue, id. at 23; (2) the plaintiff's status as a nominee to be a Republican elector did not give him standing to sue, id. at 28, (3) most of the relief the plaintiff had requested was beyond the court's ability to grant, id. at 33; (4) the Eleventh Amendment barred the plaintiff's claims against the defendants in their official capacities and almost all the requested relief, id. at 37-38; and (5) the plaintiff's request for relief constituted "an extraordinary intrusion on state sovereignty from which a federal court should abstain under longstanding precedent," id. at 40.

The following day—*before* the clerk had docketed the judgment—the plaintiff filed a notice of appeal. Dkt. No. 84. A week later, *after* the clerk had docketed the judgment, the plaintiff filed an amended notice of appeal. Dkt. No. 90.

On February 1, 2021, the Seventh Circuit issued an order granting the joint motion of the parties to dismiss the appeal as moot. Dkt. No. 96. The court's order stated:

> Appellees have moved to dismiss this appeal as moot and appellant has filed a concurrence. We agree with the litigants that there is no ongoing case or controversy. Accordingly,

5

> **IT IS ORDERED** that the motion to dismiss is **GRANTED** to
> the extent that we **VACATE** the district court's decision and
> **REMAND** with instructions to dismiss the case is moot. This is the
> routine disposition of civil cases that become moot while on appeal,
> *see United State[s] v. Munsingwear*, 340 U.S. 36 (1950), and this
> court's instructions reflect no criticism of the district court's timely
> decision on the merits.

Dkt. No. 96 at 1-2.

On February 16, 2021[2] this court vacated its prior judgment and

dismissed the case as moot. Dkt. No. 95. Six weeks later, defendant Evers filed

the instant "Motion to Recover Attorney Fees." Dkt. No. 97.

## II. Defendant's Motion to Recover Attorney Fees (Dkt. No. 97)

### A. The Parties' Arguments

Defendant Evers asks the court to tax both the plaintiff and the plaintiff's

attorneys for Evers's attorneys' fees of "approximately $106,000 to date" "using

both statutory authority and the Court's inherent power to sanction attorneys

for engaging in bad faith litigation." Dkt. No. 97 at 2 (citing 28 U.S.C. §1927;

Roadway Exp., Inc. v. Piper, 447 U.S. 752, 766 (1980)).

The defendant filed a twenty-nine-page brief in support of this motion.

Dkt. No. 98. He began by asserting that the plaintiff's lawsuit was frivolous

from inception, based on "fringe conspiracy theories, sourced to anonymous

declarations submitted by ostensible experts who were later identified and

---

[2] The Seventh Circuit issued the decision on February 1, 2021. The mandate
did not issue until February 23, 2021, see Fed. R. App. P. 41(b) ("The court's
mandate must issue 7 days after the time to file a petition for rehearing
expires, or 7 days after entry of an order denying a timely petition for panel
rehearing, rehearing en banc, or motion for stay of mandate, whichever is
later."), but because the parties had agreed to dismiss the appeal, this court
did not wait until the mandate issued to dismiss the case.

Case 2:20-cv-01171-PP   Filed 09/28/23   Page 6 of 35

revealed to be extreme partisans with neither experience nor qualifications to provide any type of opinion on the subject matter." Id. at 2. He argued that there was "no reason for Wisconsin taxpayers to bear the expense of this attempt to hijack the democratic process." Id. He says that "[w]orking on the extremely condensed timeline demanded by Plaintiff, despite a completely baseless claim, required a team of attorneys to work nearly around the clock performing all the necessary research and drafting the necessary filings to litigate both a motion to dismiss and Plaintiff's motion for preliminary injunctive relief all in one week." Id.

After recounting the history of the litigation, the defendant listed "legal mechanisms" that he indicated give the court the authority to impose sanctions "for bad-faith conduct in the course of legal proceedings." Id. at 6. First, he cited 28 U.S.C. §1927, arguing that this statute was designed to limit abuses of the judicial process, deter frivolous litigation and penalize attorneys who engage in dilatory conduct. Id. (citations omitted). Second, the defendant argued that the court could rely on its inherent authority to impose sanctions. Id. at 8. The defendant explained that because the case was pending for only eight days—because "Plaintiff field his complaint on December 1 and demanded resolution by December 6"—the defendant could not seek sanctions under Fed. R. Civ. P. 11, due to the rule's twenty-one-day safe harbor requirement; he argued that the plaintiff's "demand for an expeditious process cannot insulate Plaintiff and his attorneys from appropriate consequences for their egregious conduct." Id. at 6 n.2.

7

The defendant then detailed allegedly vexatious and bad-faith conduct by the plaintiff and his lawyers. Id. at 9-18. He alleged that the plaintiff had unreasonably delayed in filing the lawsuit, id. at 9; that there was no evidence of the election fraud the plaintiff had alleged, id. at 10; that the plaintiff's filings were rife with procedural errors, id. at 13; that the plaintiff's briefs misrepresented the applicable law, id. at 14; that the plaintiff based his claims on unreliable and inadmissible evidence, id. at 15; and that the relief the plaintiff had requested was, for the most part, unprecedented and impossible to grant, id. at 18. The defendant asked the court to impose sanctions, not only to punish the plaintiff, but to discourage similar behavior in the wake of future elections. Id. at 22.

The defendant also argued that his fee request was "timely," asserting that the Seventh Circuit's decision in Overnite Transportation Co. v. Chi. Industrial Tire Co., 697 F.2d 789 (7th Cir. 1983) is an "outlier," "in tension (at minimum) with Supreme Court precedent and no other Circuit has adopted the Seventh Circuit's reasoning." Id. at 24. He argued that in White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 452 (1982), the Supreme Court had "rejected" the logic of Overnite, "holding that fee motions under 42 U.S.C. § 1988 need not comply with time limits established by Rule 59(e) . . . ." Id. at 25. The defendant asserted that the Fourth, Third, Second, Sixth and Tenth Circuits had rejected the Overnite court's reasoning. Id. He argued that because Overnite "is out of step with Supreme Court precedent and that, even on its own terms, it should not apply in the circumstances of this case, there is

8

no doubt" that the court should consider his motion timely, because he filed it within thirty days of the U.S. Supreme Court denying the plaintiff's appeal and within four months of this court issuing its order. <u>Id.</u> at 26. He concluded, "To consider it otherwise would be to overlook an egregious abuse of the judicial process." <u>Id.</u> Finally, the defendant argued that the fees he requested were reasonable. <u>Id.</u> And he asserted that the plaintiff and his lawyers should be held jointly and severally liable for the sanctions. <u>Id.</u> at 29.

The plaintiff responded that the court should deny the motion because "a request for sanctions based upon a well-plead, factually supported civil lawsuit is patently without merit." Dkt. No. 109 at 3. The plaintiff argued that the request was untimely under 28 U.S.C. §1927 and should be stricken. <u>Id.</u> He noted that the court had dismissed the case on procedural grounds, and on a motion to dismiss, rather than at the summary judgment stage after discovery. <u>Id.</u> The plaintiff asked that if the court did not grant his motion to strike the motion for sanctions, it schedule an evidentiary hearing and require the plaintiff to present evidence. <u>Id.</u> at 4.

In support of his argument that the sanctions motion was "out of time," the plaintiff cited <u>Overnite</u>, the Seventh Circuit decision that the defendant had characterized as an "outlier." <u>Id.</u> at 5. The plaintiff argued—citing several cases and making liberal use of the "bold" function in Word—that the defedant had not met the standard for sanctions under §1927. <u>Id.</u> at 5-6. The plaintiff opined that although the defendant had characterized the plaintiff's filing as dilatory, most of the defendant's §1927 argument asserted that the litigation had moved

9

too quickly. Id. at 6. He opined that the plaintiff had not been forced to file numerous pleadings, pointing out that the case had survived only nine days. Id. at 8. The plaintiff maintained that if his claims had been as frivolous as the defendant characterized them to be, the defendant would not have been required to expend significant time with a team of attorneys to address them. Id.

The plaintiff argued that the defendant's assertion that his claims lacked a legal and factual basis ignored the fact the court never reached the merits of those claims. Id. at 9. Nonetheless, the plaintiff insisted that his claims had merit and that other courts had found as much. Id. at 9-13. He argued that while this court had concluded that he did not have standing, the Eighth Circuit had come to a different conclusion. Id. at 13. The plaintiff explained why he believed he had a good-faith basis for arguing that the Eleventh Amendment did not bar his claims. Id. at 16. He asserted that in finding that laches barred his claims, this court had failed to "take an in depth look at" a Ninth Circuit case relied upon by the defendant. Id. at 17-18. He referenced evidence that he had cited in the amended complaint and its attachments. Id. at 18-23 (although he reiterated that this court dismissed the case on procedural grounds, not on the merits). Finally, he argued that dismissal on "equitable grounds" such as laches or mootness "are not grounds for a court to hold the relief requested is factually or legally baseless because of the purposefully flexible nature of equity." Id. at 23.

The defendant replied that the plaintiff "fundamentally misapprehend[ed] the issue" he presented in his motion for fees. Dkt. No. 110 at 1. He asserted that the question at the heart of his motion "is whether [the plaintiff's] lawsuit was filed in a proper way for a proper purpose;" asserting that it was not, the defendant said that both fees and sanctions are appropriate. Id. The defendant found it "worth briefly reviewing just how egregious Plaintiff and his attorneys' conduct was," listing seven bullet points in the review. Id. at 2. The defendant characterized as "bizarre" the plaintiff's argument that because the litigation moved so quickly it could not be characterized as "vexatious," asserting that under 28 U.S.C. §1927, a "vexatious" action is one that exhibits bad faith. Id. at 3. The defendant asserted that this case was not a matter of first impression, as evidenced by the fact that "many of Plaintiff's lawyers here were peddling the same conspiratorial claims around the country and uniformly failing on the same grounds this case was dismissed." Id. at 5. He alleged that both the original and the amended complaints were riddled with errors. Id. at 6. He criticized the experts the plaintiff cited in the amended complaint. Id. at 7.

The defendant pointed out that the plaintiff cited no authority in support of his argument that a dismissal on equitable grounds cannot provide a basis for sanctions. Id. at 8. He disputed the plaintiff's argument that the First Amendment forbids sanctions in these circumstances. Id. at 9. He distinguished—or, more accurately, deemed irrelevant—out-of-circuit cases cited by the plaintiff. Id. at 9-10.

The defendant argued that several of the attorneys who signed the amended complaint did not sign the plaintiff's response to the motion for sanctions, despite his explicit request that the court impose sanctions on the plaintiff and all his counsel. Id. at 11. He asserted that by failing to respond or "associate themselves with any filed response within the relevant time allotted, Julia Z. Haller, Brandon Johnson, Emily P. Newman, and L. Lin Wood have conceded that the Court can impose fees against them and that Governor Evers's fee request is reasonable." Id. Finally, he reiterated that his motion was timely because Overnite is an "outlier," distinguishable, is "of questionable validity" and is "in significant tension" with the Federal Rules of Civil Procedure. Id. at 12.

B.     Governing Law

1.     *28 U.S.C. § 1927*

Under 28 U.S.C. §1927,

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In its earlier iteration, the statute "permit[ted] a court to tax the excess 'costs' of a proceeding against a lawyer 'who so multiplies the proceedings . . . as to increase costs unreasonably and vexatiously . . . .'" Roadway Exp., Inc. v. Piper, 447 U.S. 752, 756 (1980). It provided "only for *excess* costs caused by the . . . attorneys' vexatious behavior and consequent multiplication of the proceedings, and not for the total costs of the litigation." Id. at 756 n.3 (quoting

12

Monk v. Roadway Express, Inc., 599 F.2d 1378, 1383 (5th Cir. 1979) (emphasis in the original)). The Piper Court focused on the vexatious multiplication of proceedings. Id. at 757, 757 n.4 ("Due to sloth, inattention, or desire to seize tactical advantage, lawyers have long indulged in dilatory practices. Cf. C. Dickens, Bleak House 2-5 (1948)."). Ten years later, in a brief comment in a separate opinion in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 412 (1990), Justice Stevens also focused on the multiplication of proceedings, agreeing that a court may "impose sanctions under 28 U.S.C. § 1927 against lawyers who have multiplied court proceedings vexatiously."

The statute allows a court to impose sanctions only against attorneys; it "says nothing about a court's power to assess fees against a party." Chambers v. NASCO, Inc., 501 U.S. 32, 48 (1991). Under the current version of the statute, a court "may require an attorney who unreasonably multiplies proceedings to pay attorney's fees incurred 'because of' that misconduct," which requires the court to "establish a causal link between misconduct and fees . . . ." Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 137 S. Ct. 1178, 1186 n.5 (2017) (citing Piper, 447 U.S. at 764).

As best the court can tell, the Seventh Circuit first approved a taxing of costs against an attorney under §1927 in Kiefel v. Las Vegas Hcienda, Inc., 404 F.2d 1163 (7th Cir. 1968). The court concluded that the attorney's conduct had caused "additional proceedings" and remanded the case to the district court to award expenses for printing a brief and additional appendix, as well as attorneys' fees. Id. at 1171.

In 1983, the Seventh Circuit examined §1927 more closely. In Overnite, 697 F.2d at 791, the plaintiff sued in federal district court under the Interstate Commerce Act. The district court granted the defendant's motion to dismiss for lack of subject-matter jurisdiction and the plaintiff appealed. Id. Two weeks after the Seventh Circuit had affirmed the district court's decision and issued the mandate, the defendant returned to the district court and filed a motion under 28 U.S.C. §1927 to recover the costs and attorneys' fees it incurred in defending the lawsuit in federal court. Id. "The defendant argued that the plaintiff's filing of the lawsuit in federal court and the appeal of its dismissal constituted an unreasonable and vexatious multiplication of the proceedings entitling the defendant to the recovery of attorney's fees and expenses." Id. The district court agreed, granted the motion and awarded $1,392.50 in attorney's fees and costs based on "'[t]he vexatious character of plaintiff attorney's conduct in initiating this . . . lawsuit in federal court and [then] appealing its dismissal . . . .'" Id. at 791-92 (quoting Overnite Transportation Co. v. Chicago Industrial Tire Co., 535 F. Supp. 114, 115 (N.D. Ill. 1982)).

The plaintiff's attorneys appealed that decision to the Seventh Circuit. Id. at 792. The Seventh Circuit framed the issues on appeal this way:

> *Issue 1:* Did the district court have jurisdiction to entertain a motion to compel the payment of attorney's fees and costs after the district court's dismissal of the underlying action had been affirmed on appeal prior to the date of the motion for costs and attorney's fees?
> *Issue 2:* Did the district court abuse its discretion in awarding attorney's fees and costs?

Id.

Regarding the first issue—the issue of the district court's jurisdiction—the court began by observing the "well established general rule that the perfection of an appeal 'vests jurisdiction in the court of appeals [and] further proceedings in the district court cannot then take place without leave of the court of appeals.'" Id. (quoting Asher v. Harrington, 461 F.2d 890, 895 (7th Cir. 1972)). The court concluded that jurisdiction had vested in the appellate court on the date the plaintiff properly filed his notice of appeal—July 9, 1981. Id.

The court explained, however, that there were exceptions to the rule that jurisdiction vests with the court of appeals upon the filing of a notice of appeal; as examples, it recounted that "jurisdiction continues in the district court if jurisdiction is reserved expressly by statute, or if the court expressly reserves or retains such jurisdiction, or while the court is entertaining motions collateral to the judgment or motions which would aid in resolution of the appeal." Id. (citations omitted). It clarified that "these exceptions only apply to those motions filed with the district court while the appeal on the merits is pending." Id. The court stated that once it had issued its decision and docketed the mandate affirming the district court's dismissal of the case, "no case or controversy any longer existed between the litigants herein." Id. The court of appeals concluded that the district court lacked jurisdiction to rule on the motion for costs and attorney's fees because (1) "the plaintiff properly filed a notice of appeal," (2) no party had filed a §1927 motion in the eight-month period that had elapsed between the filing of the notice of appeal and issuance of the mandate affirming the district court's dismissal, (3) the district court had

15

not reserved jurisdiction over the case, (4) no statute provided that the district court reserved jurisdiction and (5) "no motions concerning the case in chief were directed to either [the court of appeals] or the district court during the eight months the appeal on the merits was pending." Id.

Observing the wasted delay and effort caused by "piecemeal appeals," the Seventh Circuit also concluded that "a motion for attorney's fees and costs under section 1927 is so inexorably bound to the underlying merits of the case that a party must bring a motion for fees and costs either before an appeal is perfected or during the pendency of the appeal on the merits." Id. at 793.

Nonetheless, the court went on to address the second issue—whether the district court had abused its discretion in awarding fees and costs under §1927. Id. at 794. It stated that §1927 "envisions a sanction against an attorney only when that attorney both (1) multiplies the proceedings, and (2) does so in a vexatious and unreasonable fashion." Id. The court looked at the legislative history—specifically, the House Conference Report—surrounding §1927, observing that the report stated that the statute's purpose

> is "to broaden the range of increased expenses which an attorney who engages in *dilatory litigation practices* may be required by the judge to satisfy personally…. The amendment to section 1927 is one of several measures taken in this legislation to deter unnecessary *delays* in litigation." House Conference Report No. 96-1234, 96th Congress 2d Session, Reported in 1980 U.S. Code. Cong. & Admin. News 2716, 2781 at 2782 (emphasis supplied).

Id. (emphasis in the original).

The Seventh Circuit observed that while some courts had used §1927 to sanction lawyers for filing and prosecuting lawsuits that the court deemed to

16

be meritless, "these cases are limited to situations where the suit was without either a legal or factual basis and the attorney was or should have been aware of this fact." Id. The court found that the Overnite suit did not fall into that category; Overnite's claim "was one of first impression." Id. The court concluded that the lawsuit was "not 'frivolous' and therefore Overnite's attorneys did not 'multiply' the proceedings by filing an action in the federal district court." Id. The court also concluded that the appeal was not frivolous, stating that "[l]itigants and their attorneys must be free to pursue their appellate remedies except in truly unmeritorious and frivolous cases." Id. at 795. Noting its holding in Kiefel that "the power to assess costs on the attorney involved 'is a power which the courts should exercise *only* in instances of a *serious and studied disregard for the orderly process of justice*,'" the Seventh Circuit explained that the district court had identified no vexatious conduct other than the filing of the lawsuit and the subsequent appeal of its dismissal. Id. (quoting Kiefel, 404 F.2d at 1167). The court found that the defendant had "pointed to no instances where the attorneys for Overnite either at trial or on appeal engaged in intentional misconduct which was in 'disregard for the orderly process of justice.'" Id. It stated, "[t]he term 'vexatious' is defined as 'lacking justification and intended to harass.'" Id. (quoting Webster's International Dictionary (1971)). The court held that the district court had abused its discretion in taxing fees and costs under §1927. Id.

Since Overnite, the Seventh Circuit has held that vexatious means "either subjective or objective bad faith." Kotsilieris v. Chalmers, 966 F.2d

17

1181, 1184 (7th Cir. 1992) (citations omitted). It has reiterated that "Section 1927 sanctions should only be awarded when an attorney 'unreasonably and vexatiously' multiplies the proceedings." Pacific Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 120 (7th Cir. 1994) (quoting 28 U.S.C. §1927). It has explained that the statute is "punitive and thus must be construed strictly." Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 226 (7th Cir. 1984) (citing Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1166 (7th Cir. 1983)). It has emphasized that its purpose is "to penalize attorneys who engage in dilatory conduct," and a "court may impose section 1927 fees only to sanction needless delay by counsel." Id. "[S]ome degree of culpability on the part of counsel is required." Id. at 227 (citations omitted). "[B]efore a court may assess fees under section 1927, the attorney must intentionally file or prosecute a claim that lacks a plausible legal or factual basis," but the court "need not find that the attorney acted because of malice." Id. (citations omitted).

2. *Inherent Authority*

The Supreme Court has made clear that a statutory or rule-based sanctions scheme does not "displace[] the inherent power to impose sanctions" to discipline attorneys who appear before the court, to punish contempt, to vacate judgments secured by fraud, for willful disobedience of a court order and to punish a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Chambers, 501 U.S. at 44-46 (citations omitted). "It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot

18

be dispensed with in a Court, because they are necessary to the exercise of all others.'" Sanders v. Melvin, 25 F.4th 475, 481 (7th Cir. 2022) (quoting Chambers, 501 U.S. at 43). "'For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."'" Id. (quoting Chambers, 501 U.S. at 43). However, "implied powers, '[b]ecause of their very potency, … must be exercised with restraint and discretion.'" Id. (quoting Chambers, 501 U.S. at 44). "Among these powers is the ability of 'a federal court to vacate its own judgment upon proof that a fraud has been perpetrated upon the court.'" Id. (quoting Chambers, 501 U.S. at 44). "And if fraud is discovered prior to judgment, a court 'may impose appropriate sanctions to penalize and discourage misconduct.'" Id. (quoting Ramirez v. T & H Lemont, Inc., 845 F.3d 772, 776 (7th Cir. 2016)). A court's inherent authority to impose sanctions is "subordinate to valid statutory directives and prohibitions." Greyer v. Ill. Dept. of Corrs., 933 F.3d 871, 877 (7th Cir. 2019) (quoting Law v. Siegel, 571 U.S. 415, 421 (2014)).

C.     Analysis

1.     *Jurisdiction*

The parties spilled some ink arguing whether the defendant's motion for an award of attorney's fees was "timely." But §1927 does not include a deadline by which such motions must be filed. The issue, as the Seventh Circuit explained in Overnite, is not "timelines," but whether this court has jurisdiction to decide a sanctions motion filed after the appellate court has

19

affirmed this court's order dismissing the case and issued its mandate. <u>Overnite</u> made clear that it does not. The plaintiff filed the amended notice of appeal on December 15, 2020. Dkt. No. 90. At that point, jurisdiction vested with the Seventh Circuit. That court issued the mandate on February 23, 2021, vacating this court's order and dismissing the case as moot. Dkt. No. 96. This court did not reserve jurisdiction, no statute provided it with post-appeal jurisdiction and no party filed motions regarding the case during the two months that the appeal was pending. The defendant filed his motion for fees on March 31, 2021—over a month after the Seventh Circuit issued the mandate. Dkt. No. 97.

The defendant says that "both the extraordinary circumstances surrounding this case and *Overnite's* outlier status . . . militate against its application here." Dkt. No. 98 at 24. In attempting to distinguish <u>Overnite</u>, the defendant stresses the expedited schedule of this case and argues that the fact that the case was part of a "national, multi-pronged" effort to overturn the results of the 2020 presidential election "made it extremely difficult for Governor Evers or any other defendants to file a motion for fees prior to the conclusion of the appeal." <u>Id.</u> The defendant asserts that "[o]nly after the Seventh Circuit dismissed Plaintiff's appeal as moot and the Supreme Court . . . denied Plaintiff's petition for mandamus was it clear that this case was resolved." <u>Id.</u>

The court agrees that in <u>Overnite</u>, the appeal was pending for eight months, while in this case it was pending for only two. The court also

20

understands that while the appeal in this case was pending, the defendant and others were involved in other, similar lawsuits and were working—as the defendant has indicated—around the clock to address pleadings filed in multiple cases in multiple forums. But the Overnite court held once the mandate issues, there no longer is a case or controversy over which the district court may exercise Article III jurisdiction. The fact that counsel had little time to file a sanctions motion before the mandate issued cannot vest the court with jurisdiction.

As to the defendant's argument that Overnite effectively has been abrogated by the Supreme Court's decision in White v. New Hampshire Dep't of Emp. Sec., the court cannot agree. In White, the parties settled civil rights litigation and the court entered judgment; one and a half months later, the petitioner filed a request for an award of fees under 42 U.S.C. §1988. White, 455 U.S. at 447-448. Opposing counsel objected, asserting that he had believed that because the consent decree that effectuated the settlement was silent on the issue of fees, any claim to a fee award had been implicitly waived. Id. at 448. The district court granted the request for an award of fees and the opposing party moved to vacate the consent decree, arguing it would not have entered into the settlement had it known it could face further liability. Id. The district court denied the motion to vacate the consent decree and the opposing party appealed. Id. On appeal, the First Circuit concluded that because the movant filed the motion for attorney's fees after the court had entered judgment, the motion constituted a motion to alter or amend the judgment

21

under Fed. R. Civ. P. 59(e) and thus was required to be filed under the rule's then-applicable ten-day[3] deadline. <u>Id.</u>

The <u>White</u> Court focused its discussion on the relationship between Rule 59(e) and post-judgment attorney's fee requests, concluding that treating such requests as Rule 59(e) motions to alter or amend "could yield harsh and unintended consequences" in civil rights cases—particularly those involving requests for injunctive relief—which could make it difficult for counsel to determine which orders were final under Rule 59(e). <u>Id.</u> at 453. The Court found that Rule 59(e)'s then-applicable ten-day limit "also could deprive counsel of the time necessary to negotiate private settlements of fee questions." <u>Id.</u>

<u>White</u> did not involve a sanctions motion filed after appeal. It involved a post-*judgment* but pre-*appeal* motion for statutorily authorized attorney's fees. The jurisdictional problem identified by the <u>Overnite</u> court did not exist in <u>White</u>; the district court still had jurisdiction when it granted the award of attorney's fees. And even if the Supreme Court's expressed concerns about treating 42 U.S.C. §1988 requests for fees as Rule 59(e) motions having application outside the context of civil rights litigation that seeks injunctive relief, the problem the Court identified—that a litigant might not be able to determine when a final order had issued—was not present here. This court

---

[3] Currently, Rule 59(e) requires motions to alter or amend judgment to be filed within twenty-eight days of entry of judgment.

dismissed the case. There could have been no confusion about whether that order was a final, dispositive order.

Further, as noted by another judge on this court in rejecting this same argument by the defendant in a different case, the Seventh Circuit has given no indication that it does not consider Overnite to be good law. See Trump v. The Wisconsin Elections Commission, et al., Case No. 20-cv-1785-BHL (E.D. Wis.), Dkt. No. 178. The Seventh Circuit has cited and quoted Overnite in several decisions over the past forty years, including in Badillo, Knorr Brake Corp. and, most recently, Lightspeed Media Corp. v. Smith, 761 F.3d 699, 707 (7th Cir. 2014) (the appellants were "correct that motions under section 1927 must not be unreasonably delayed," citing Overnite).

Overnite precludes not only an award of sanctions under §1927, but an award of sanctions under the court's inherent authority. Because there was no live case or controversy sufficient to give this court jurisdiction at the time the defendant asked for sanctions under the court's inherent authority, the court does not have jurisdiction to grant that request.

The defendant did not file his motion for sanctions until almost four months after this court dismissed the case, two months after the Seventh Circuit issued its decision and over a month after the mandate issued. This court did not reserve jurisdiction. No statute gave the court post-appellate jurisdiction. This court does not have jurisdiction to decide the motion and the court must deny it.

23

2. *Merits*

In an abundance of caution, the court notes that if it did have jurisdiction to rule on the motion, it would not have awarded fees under 28 U.S.C. §1927. The court would be hard-pressed to find that the plaintiff unreasonably and vexatiously "multiplied" the litigation; other than the original complaint, the plaintiff filed only eight affirmative pleadings—the original motion for injunctive relief and supporting brief, the motion to amend the motion for injunctive relief, the amended complaint, the second motion to amend the motion for injunctive relief, the motion for leave to file excess pages, the motion to file separate reply briefs, the motion for a consolidated evidentiary hearing and a motion to restrict. Some of the motions were extremely lengthy and accompanied by voluminous attachments. Others were sloppy. But the court has no basis on which to conclude that the plaintiff was "dilatory" or that he needlessly delayed proceedings; if anything (as the defendant also has argued), the plaintiff was pushing an extremely expedited schedule, which the court and the defendants struggled to accommodate.

The heart of the defendant's motion is his argument that the plaintiff should not have filed suit to begin with and that the claims the plaintiff brought were not just meritless, but frivolous. This argument harkens back to the <u>Overnite</u> court's reference to other courts that had imposed §1927 sanctions for cases that were patently without merit. But this court never reached the merits of the plaintiff's claims. As the plaintiff has argued, the court dismissed the case on procedural grounds. The court is aware that other

24

judges have dismissed as meritless claims similar to those made by the plaintiff in this case. Perhaps, had this court reached the merits of the plaintiff's claims, it would have come to the same conclusion. But it cannot agree that if it had jurisdiction to consider the defendant's motion, it would have had a basis for imposing §1927 sanctions on the ground that the plaintiff's claims were wholly meritless and frivolous, because the court did not have the opportunity to make that determination.

The defendant also argues repeatedly that the pleadings the plaintiff's counsel filed were "riddled" with procedural errors. The court noted some of those in its order regarding the amended motion for injunctive relief (Dkt. No. 7), its order ruling on the amended motion for injunctive relief (Dkt. No. 29) and its order denying the plaintiff's motion to restrict (Dkt. No. 82). This is not, however, the first or only case the court has had in which attorneys have made procedural errors—even multiple procedural errors. And when the court issued orders identifying the plaintiff's errors, plaintiff's counsel attempted to address them. The procedural errors made more work for the defendants and the court, but they did not delay the proceedings.

As in Trump v. WEC, the allegation that comes closest to presenting a valid basis for an award of fees is the argument that much of the relief the plaintiff requested was not relief that a federal court either had the authority to grant or had the practical ability to grant. See Trump v. Wisconsin Elections Commission, No. 20-cv-1785-BHL, 2021 WL 5771011, at *4 (E.D. Wis. Dec. 6, 2021). The plaintiff did not get to argue the bases for those requests for relief

25

because the defendants (including the movant) successfully argued that the court should not reach those bases. Perhaps if the case had progressed further, the plaintiff might have withdrawn some of the requests for relief or retreated from certain arguments. While, as Judge Ludwig stated in the Trump decision, "[r]eady, fire, aim is not the preferred approach when litigating constitutional claims in federal court," id., and while asking for the impossible in the hope that one may achieve the improbable is no less desirable an approach, the fact that the plaintiff's counsel did so is not a sufficient basis for awarding fees under §1927.

The defendant's argument that the court should use its inherent authority to award sanctions is brief. Aside from arguing that the plaintiff brought meritless claims, he argues that the plaintiff "fabricated a quote to support their position." Dkt. No. 98 at 20. This is a reference to the following passage from this court's order of dismissal:

> The plaintiff also asserts that the "cutoff for election-related challenges, at least in the Seventh Circuit, appears to be the date that the electors meet, rather than the date of certification." Dkt. No. 72 at 24. He cites Swaffer v. Deininger, No. 08-CV-208, 2008 WL 5246167 (E.D. Wis. Dec. 17, 2008). Swaffer is not a Seventh Circuit case, and the court is not aware of a Seventh Circuit case that establishes a "cutoff for election-related challenges." And the plaintiff seems to have made up the "quote" in his brief that purports to be from Swaffer. The plaintiff asserts that these words appear on page 4 of the Swaffer decision: "even though the **election** has passed, the meeting of electors obviously has not, so plaintiff's claim here is hardly moot." Dkt. No. 72 at 24-25. The court has read page 4 of Swaffer—a decision by this court's colleague, Judge J.P. Stadtmueller—three times and cannot find these words. In fact, Swaffer did not involve a challenge to a presidential election and it did not involve electors. Mr. Swaffer sought to challenge a Wisconsin statute requiring individuals or groups promoting or opposing a referendum to file a registration statement and take other actions.

26

> Swaffer, 2008 WL 5246167, at *1. The defendants argued that the election (in which the plaintiff had taken steps to oppose a referendum on whether to allow liquor sales in the Town of Whitewater) was over and that Swaffer's claims thus were moot. Id. at 2. Judge Stadtmueller disagreed, finding that because Swaffer alleged that he intended to violate the statutes at issue in the future, a credible threat of prosecution remained. Id. at 3.

Dkt. No. 83 at 32-33.

This court did not hold that the plaintiff had fabricated a quote—it stated, based on its review of the case the plaintiff had cited, that he *appeared* to have done so. Even if the court had jurisdiction to decide the sanctions motion, it would not have awarded sanctions—under its inherent authority or any other authority—for this misrepresentation without giving the plaintiff's counsel an opportunity to explain whether the drafter of the pleading mistakenly cited the wrong case or whether there was some other innocent reason for the apparently "fabrication."

The defendant asserts that the court should use its inherent authority to sanction the plaintiff and his lawyers because they "delayed the proceedings with a series of procedural errors and misrepresented the law on threshold issues of standing and pleading requirements." Dkt. No. 98 at 21-22. The court already has concluded that the procedural errors did not delay the proceedings. As for the plaintiff's legal arguments, the court disagreed with the plaintiff's interpretation of some cases he cited and found that others did not stand for the propositions he put forth. Dkt. No. 83. The court would not use its inherent authority to impose sanctions, however, without some further hearing to determine whether the plaintiff's counsel made deliberate

27

misrepresentations of the law, as opposed to errors made in the context of extensive litigation proceeding in federal and state courts around the country at the same time.

Finally, the defendant argues that the court should exercise its inherent authority to sanction the plaintiff and his lawyers because "by acting in haste, Plaintiff and his attorneys precluded Defendants' opportunity to move for sanctions under Rule 11." Dkt. No. 98 at 22. He cites Methode Electronics, Inc. v. Adam Technologies, Inc., 371 F.3d 923, 927-28 (7th Cir. 2004) for the proposition that it is appropriate for a district court to exercise its inherent power to control proceedings by imposing sanctions.[4] Id. Even if the court had jurisdiction to entertain this claim, it would not have used its inherent power to impose sanctions on this basis. The defendant is correct that the court issued its order dismissing the case on December 9, 2020 because that was the date on which the plaintiff's counsel asked the court to rule. See Dkt. No. 71 at 1 (minutes of the December 8, 2020 status conference). But it was the court's decision to issue the order by that date; the court was not required to acquiesce to the plaintiff's scheduling requests. And while it is true that the defendant did not have time between the December 1, 2020 filing of the complaint and the December 9, 2020 order dismissing the case to comply with Rule 11's twenty-one-day safe-harbor provision, he had more than twenty-one

---

[4] Methode contributes nothing to the analysis; it reiterated only what the Supreme Court had held in Chambers—that a court may invoke its inherent powers even if there is a statute or rule that would sanction the same conduct. Methode, 371 F.3d at 927.

28

days between the date of that order and the date the Seventh Circuit issued its decision.

If the court had jurisdiction, it would not impose sanctions under §1927. It would consider sanctions under its inherent authority for possible fabrication of a quote and possible misstatement of applicable law only after a hearing at which the plaintiff's counsel would have the opportunity to explain whether those were innocent errors.

**III. Plaintiff's Motion to Strike Defendant's Motion for Sanctions (Dkt. No. 105); Defendant Governor Tony Evers's Motion for Leave to File Supplemental Brief (Dkt. No. 112)**

Just as the court does not have jurisdiction to decide the motion for an award of attorney's fees, it also does not have jurisdiction to decide the plaintiff's motion to strike or the defendant's motion for leave to file a supplemental brief. Given the fact that the court is denying the motion for sanctions, these motions also are moot.

**IV. Conclusion**

The court **DENIES** for lack of jurisdiction defendant Evers's motion to recover attorney fees. Dkt. No. 97.

The court **DENIES** for lack of jurisdiction and as moot the plaintiff's motion to strike the defendant's motion to recover attorney fees. Dkt. No. 105.

The court **DENIES** for lack of jurisdiction and as moot the defendant's

motion for leave to file supplemental brief. Dkt. No. 112.

Dated in Milwaukee, Wisconsin this 24th day of August, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**