IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

WILLIAM FEEHAN,

    Plaintiff,

v.

Case No. 20-CV-1771

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS, MARK
L. THOMSEN, MARGE BOSTELMAN,
JOSEPH J. CZARNEZKI,[1] DON M.
MILLIS[2], ROBERT F. SPINDELL, JR., in
their official capacities, GOVERNOR TONY
EVERS, in his official capacity,

    Defendants.

## OBJECTION TO BILL OF COSTS
## BY WISCONSIN ELECTIONS COMMISSION DEFENDANTS

Defendants Wisconsin Elections Commission, Ann S. Jacob, Mark L. Thomsen, Marge Bostelman, Julie M. Glancey, Don Millis, and Robert F. Spindell, Jr., (collectively "Wisconsin Elections Commission"), by their

---

[1] Joseph Czarnezki has become a commissioner since this case was filed, replacing former Commissioner Julie Glancey, and therefore is automatically substituted for the official capacity claims in this case.

[2] Don Millis has become a commissioner since this case was filed, replacing former Commissioner Dean Knudson, and therefore is automatically substituted for the official capacity claims in this case.

attorneys, hereby object to the Bill of Costs filed by Plaintiff William Feehan on August 14, 2023.

Certain costs are available to "the prevailing party." Fed. R. Civ. P. 54(d). Here, Plaintiff Feehan has prevailed on nothing as to the Wisconsin Elections Commission. He is entitled to no costs from the Wisconsin Elections Commission, and the Bill of Costs should not be entered as to the Wisconsin Elections Commission.

The Bill of Costs claims that Feehan prevailed in a judgement entered August 24, 2022. That date corresponds to an order denying co-Defendant Evers's motion for attorney fees. (Dkt. 113.) The Wisconsin Elections Commission was not a party to Evers's request for fees. Even assuming that the August 24, 2022, order could implicate costs under Rule 54(d), the Wisconsin Elections Commission is not a party to that issue and cannot be liable for costs.

As brief background, this case was filed on December 1, 2020. (Dkt. 1.) Plaintiff Feehan sued the Wisconsin Elections Commission and Governor Tony Evers. (Dkt. 1.) The case asked that the results of the 2020 presidential election be de-certified. (Dkt. 1:48–49.)

The Wisconsin Elections Commission moved to dismiss the case on December 7, 2020. (Dkt. 53–54.) Defendant Evers also moved for dismissal. (Dkt. 51, 59.) On December 9, 2020, this Court granted the motions to dismiss

and entered judgment dismissing the case. (Dkt. 83, 85.) Feehan appealed, but the Seventh Circuit dismissed the appeal as moot and ordered that this district court case be dismissed. (Dkt. 94, 96.) The Wisconsin Elections Commission therefore prevailed entirely is this case. Feehan is not a "prevailing party" under Rule 54.

After that, Defendant Evers, but not the Wisconsin Elections Commission, moved for an award of attorney fees. (Dkt. 97, 98.) This Court denied Evers's request for fees on August 24, 2022. (Dkt. 113.) Defendant Evers appealed that decision, but the Wisconsin Elections Commission is not a party to that appeal. (7th Cir. Case No. 22-2704.)

On August 2, 2022, the Seventh Circuit affirmed this Court's order denying Evers's request for attorney fees. (7th Cir. Case No. 22-2704 Dkt. 55.) The time to file a petition for rehearing in the Circuit Court has not expired. (7th Cir. Case No. 22-2704 Dkt. 56, 57.) Again, the Wisconsin Elections Commission is not a party to those attorney-fee proceedings.

Feehan appears to take the position that the Court's denial of Governor Evers's attorney fees motion entitles him to costs. That is questionable as to Defendant Evers, but impossible as to the Wisconsin Elections Commission, because the Wisconsin Elections Commission completely prevailed on every aspect of this case that it was involved with. "A party prevails for purposes of Rule 54(d) when a final judgment awards it substantial relief." *Smart v. Local*

*702 Int'l Bhd. of Elec. Workers*, 573 F.3d 523, 525 (7th Cir. 2009) (per curiam). Feehan is not a "prevailing party" as to the Wisconsin Elections Commission under any reading of Rule 54(d).

The Bill of Costs should be denied as to the Wisconsin Elections Commission.

Dated this 29th day of August 2023.

        Respectfully submitted,

        JOSHUA L. KAUL
        Attorney General of Wisconsin

        Electronically signed by:

        <u>s/S. Michael Murphy</u>
        S. MICHAEL MURPHY
        Assistant Attorney General
        State Bar #1078149

        JODY J. SCHMELZER
        Assistant Attorney General
        State Bar #1027796

        Attorneys for WEC Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-5457 (SMM)
(608) 266-3094 (JJS)
(608) 294-2907 (Fax)
murphysm@doj.state.wi.us
schmelzerjj@doj.state.wi.us