UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

WILLIAM FEEHAN,

      Plaintiffs,

   v.

WISCONSIN ELECTIONS COMMISSION,
and its members ANN S. JACOBS, MARK
L. THOMSEN, MARGE BOSTELMANN,
JULIE M. GLANCEY, DEAN HUDSON,
ROBERT F. SPINDELL, JR., in their official
capacities, GOVERNOR TONY EVERS,
in his official capacity,

      Defendants.

Case No.: 20CV1771

## GOVERNOR EVERS'S MEMORANDUM
## OPPOSING TAXING APPEAL COSTS IN THE DISTRICT COURT

Plaintiff improperly filed his appellate bill of costs in the District Court. Both the federal rule governing appeal costs and Seventh Circuit guidance confirm that appellate costs must be addressed by the Seventh Circuit in the first instance and may only be awarded in the District Court consistent with the Seventh Circuit's mandate, which has not yet issued. Therefore, this Court cannot grant his request.

## ARGUMENT

1. **Plaintiff Cannot Recover Appellate Costs Because He Improperly Filed His Bill of Costs with the District Court.**

Plaintiff's bill of costs seeks exclusively costs incurred on appeal for printing and shipping briefs. (Dkt. 118) The Federal Rules of Appellate Procedure, however, prohibit Plaintiff from recovering his appeal costs at the District Court.

If successful on appeal, "[a] party who wants costs taxed must—within 14 days after entry of judgment—**file with the circuit clerk** and serve an itemized and verified bill of costs." Fed. R. App. P. 39(d)(1) (emphasis added). This rule unambiguously requires Plaintiff to file his costs with the Circuit Court, **not** the District Court. This Court must therefore deny Plaintiff's request because he filed it in the wrong court.

Besides the unambiguous requirement to file a bill of costs with the Circuit Court clerk, other portions of Rule 39 and Seventh Circuit guidance further establish that Plaintiff's request is improper. **First,** the federal appellate rule requires that the taxed costs are included in the mandate:

> The clerk must prepare and certify an itemized statement of costs for insertion in the mandate, but issuance of the mandate must not be delayed for taxing costs. If the mandate issues before costs are finally determined, the district clerk must— upon the circuit clerk's request—add the statement of costs, or any amendment of it, to the mandate.

Fed. R. App. P. 39(d)(3).

Including costs in the Seventh Circuit mandate necessarily requires the Circuit Court, not the District Court, to make the determination to tax costs. The Seventh Circuit Practitioner's Handbook further confirms this process: "Although taxable in the court of appeals, the costs are actually recoverable only in the district court *after* issuance of the mandate with its attached 'bill of costs.'" *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit*, 2020 Ed., p. 211 (emphasis added). Here, however, the Seventh Circuit has not issued its mandate attaching a bill of costs.

**Second**, only select appeal costs, inapplicable here, are taxed at the district court level:

> Various costs incidental to appeal must be settled at the district court level. Among such items are: (1) the cost of the reporter's transcript; (2) the fee for filing the notice of appeal; and (3) the premiums paid for any required appeal bond. Fed. R. App. P. 39(e). **Application for recovery of these expenses by the successful party on appeal must be made in the district court after the mandate issues.**

2

*Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit*, 2020 Ed., p. 211 (emphasis added). Even these costs, however, are unavailable if the Seventh Circuit elects not to award costs. *Atwater v. Menne*, 2023 WL 3260621, at \*1-2 (E.D. Wis. May 4, 2023) (Pepper, J.) (citing *City of San Antonio, Tex. v. Hotels.com, L.P.*, 141 S. Ct. 1628 (2021)).

As this Court has recognized, Rule 39 vests the Seventh Circuit with "sole 'discretion over the allocation of appellate costs'" and prohibits the District Court from "'exercis[ing] a second layer of discretion.'" *Id.* at \*2 (quoting *City of San Antonio*, 141 S. Ct. at 1634). Accordingly, this Court must await the Seventh Circuit's mandate before awarding costs to any party.

### 2. Plaintiff's Costs are Excessive.

Even if Plaintiff had properly filed the bill of costs, the costs are excessive. Plaintiff asserts he has $426.27 in printing costs and an additional $208.16 for private express shipping.

The costs of private express shipping are not authorized. *See Winniczek v. Nagelberg*, 400 F.3d 503, 504 (7th Cir. 2005) (holding that only costs taxable under 28 U.S.C. § 1920 are taxable as appellate costs).

The reproduction costs vastly exceed costs allowed by the Seventh Circuit. *See* Fed. R. App. P. 39(c) (requiring each court of appeals to fix maximum costs of reproduction). The Seventh Circuit made clear that:

> Reproduction costs are taxed at the following rates or the actual cost, whichever is lower…

| | |
|---|---|
| Cover | $2 |
| Binding | $2 |
| Per Page | $.10 per page |

*Seventh Circuit Costs of Copies per Fed. R. App. P. 39 and Cir. R. 39* available at https://www.ca7.uscourts.gov/forms/Rule_39.pdf (last accessed August 23, 2023). Using these numbers, Plaintiff's total printing costs would be as follows:

| Number of Briefs | Costs for Cover Pages | Costs for Binding | Costs for Printing (58 pages per brief) | Total |
|---|---|---|---|---|
| 15 | $30 | $30 | $87 | $147 |

And, the Seventh Circuit rule makes clear that "The cost of printing or otherwise producing copies of briefs and appendices shall not exceed the maximum rate per page as established by the clerk of the court of appeals." Cir. R. 39. Accordingly, Plaintiff could only be entitled to $147.00 of the costs sought, if he had sought them properly.

## CONCLUSION

For the reasons stated above, the District Court must deny Plaintiff's request for costs.

Respectfully submitted this 29th day of August 2023.

/s/ Jeffrey A. Mandell
Jeffrey A. Mandell
Rachel E. Snyder
Richard A. Manthe
STAFFORD ROSENBAUM LLP
222 W. Washington Ave., Suite 900
Madison, WI 53701-1784
Telephone: 608-256-0226
Email: jmandell@staffordlaw.com
Email: rsnyder@staffordlaw.com
Email: rmanthe@staffordlaw.com
*Attorneys for Defendant, Governor Tony Evers*

4